1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  DANIELLE VALLONE (CA SBN 302497)
   DVallone@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone:  415.268.7000
5  Facsimile:  415.268.7522

6  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
7  WHITNEY O'BYRNE (CA SBN 325698)
   WOByrne@mofo.com
8  ERIK MANUKYAN (CA SBN 340307)
   EManukyan@mofo.com
9  EMMA BURGOON (CA SBN 348097)
   EBurgoon@mofo.com
10 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
11 Los Angeles, California 90017
   Telephone:  213.892.5200
12 Facsimile:  213.892.5454

13 Attorneys for Defendant
   ORACLE AMERICA, INC.

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18

19
   Michael Katz-Lacabe and Dr. Jennifer Golbeck,      Case No.    3:22-cv-04792-RS
20 on behalf of themselves and all others similarly
   situated,                                          **DEFENDANT ORACLE
21                                                     AMERICA, INC.'S OPPOSITION
                     Plaintiffs,                       TO PLAINTIFFS'
22                                                     ADMINISTRATIVE MOTION
          vs.                                          TO FILE UNDER SEAL**
23
   ORACLE AMERICA, INC., a corporation                 Judge:    Hon. Richard Seeborg
24 organized under the laws of the State of Delaware,
                                                       Date Action Filed:  August 19, 2022
25                   Defendant.                        Trial Date:         Not set

26

27

28

## I.       INTRODUCTION

Pursuant to Civil Local Rule 7-11(b), Oracle America, Inc. opposes in part Plaintiffs Michael Katz-Lacabe and Jennifer Golbeck's Administrative Motion to file portions of Plaintiffs' First Amended Complaint ("FAC") under seal.  (*See* ECF No. 55.)

Specifically, Oracle opposes Plaintiffs' request to seal portions of the FAC that identify the domain names of exemplar websites that Plaintiffs visited, such as the domain names for common news outlets.  (*Id*. at 3.)  Oracle opposes Plaintiffs' motion to seal the exemplar domain names because Plaintiffs fail to provide any compelling reason why they have a legitimate privacy interest in the information or identify any compelling reason as to how the disclosure of this information will cause them harm.[1]

## II.      LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "A party seeking to seal a judicial record … must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure …."  *Id*. at 1178-79 (citations omitted) (alteration in original).  The "public interest in access is especially great" when a party seeks to seal portions of a complaint because complaints "form[] the very basis for a suit." *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-cv-04312-BLF, 2020 WL 1245352, at *1-2 (N.D. Cal. Mar. 16, 2020) (applying "compelling reasons" standard).  The sealing party must also "demonstrate specific prejudice or harm flowing from the disclosure" of the material they seek to seal.  *Al Otro Lado, Inc. v. McAleenan*, No. 17-cv-02366-BAS-KSC, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019) (citation omitted). Courts may also deny sealing requests where the information the party seeks to seal is central to key issues, such that granting the request may require redactions throughout future filings and orders by the court, to the detriment of both judicial efficiency and the public's right to know the basis for the Court's decisions.  *See Williams v. Apple, Inc.*, No. 19- CV-04700-LHK, 2021 WL

---

[1] Oracle does not oppose Plaintiffs' motion to file Exhibits A and B under seal.

1   2476916, at *4 (N.D. Cal. June 17, 2021) (rejecting motion to seal that would "prevent the public

2   from understanding why" the court reached its decision); *Ramirez v. Trans Union, LLC*, No. 12-

3   cv-00632-JSC, 2017 WL 1549330, at *6 (N.D. Cal. May 1, 2017) (declining to seal information

4   relevant to "a key issue in this action").

5   **III.    ARGUMENT**

6           Plaintiffs have not and cannot identify any compelling reason that outweighs the

7   presumption favoring public access to court records.  *See Williams*, 2021 WL 2476916, at *4.

8   Additionally, the information Plaintiffs seek to seal is key to Plaintiffs' allegations around the

9   types of information they allege Oracle collected, which weighs against sealing.  *See Trans*

10  *Union*, 2017 WL 1549330, at *6.  Knowing exactly which domain names Plaintiffs allegedly

11  accessed and contend contain information that is so private that it warrants constitutional,

12  statutory, and common law protection is critical to the public's understanding of their allegations,

13  Oracle's corresponding defenses, and the Court's decisions in this case.  *See id.*  Plaintiffs'

14  request to seal the domain names should be denied.

15                      **A.      Plaintiffs Do Not Have a Legitimate Privacy Interest in Highly**
                                **Trafficked, Publicly Available Domains**
16

17          Plaintiffs have no privacy interest in the sixteen domain names they seek to seal, all of

18  which are publicly available, and many of which are popular and commonly shared.  *See Apple*

19  *Inc. v. Psystar Corp.*, No. C 08-03251 WHA, 2012 WL 10852, at *2 (N.D. Cal. Jan. 3, 2012)

20  ("There is no compelling reason to justify sealing the documents if the information is already

21  available to the public.").  Plaintiffs contend that these domain names "contain information

22  regarding Plaintiffs' private web browsing history, including medical and financial websites."

23  (ECF No. 55 at 4.)  In reality, these are domain names for commonly accessed websites that

24  divulge none of Plaintiffs' private or personal information.  They do not disclose any of

25  Plaintiffs' "political views, finances, and health concerns" (*Id.* at 3), and reveal nothing beyond

26  the fact that Plaintiffs, at some point in time, visited some of the internet's most popular websites.

27  This alone is not a compelling reason to withhold access from the public.

28

Oracle's Opposition to Plaintiffs'
Motion to File Under Seal
sf-5563660                                                    2                              Case No. 3:22-cv-04792-RS

1    For example, the single financial website that Plaintiffs identify references the name of a

2   large financial institution.  (ECF No. 55-4 ¶ 6.)  It does not indicate that Plaintiff Katz-Lacabe is a

3   customer or in what capacity he visited that domain name, much less reveal any personal

4   financial information.  Similarly, domains identified by Plaintiff Golbeck allegedly related to the

5   medical field do not disclose any medical records or any health condition or treatment that could

6   be connected to her, or even that she was inquiring about or interested in any particular health

7   topic.  Rather, they are landing pages where one might search for various types of medical articles

8   and general health and wellness information.  And the domain names Plaintiff Katz-Lacabe

9   alleges are related to his "political views" are the home pages for ubiquitous news organizations.

10    The domain names Plaintiffs seek to seal are a far cry from the website browsing history

11   at issue in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), which

12   Plaintiffs cite in support of their claimed privacy interest.  (ECF No. 55 at 4.)  The website

13   browsing history at issue there offered a complete picture of a user's internet activity, and the

14   detailed domain names comprising that history included "the identity of the individual internet

15   user and the web server, as well as the name of the web page and the search terms that the user

16   used to find it."  *Facebook*, 956 F.3d at 596.  Nor can Plaintiffs find support for their sealing

17   request in the California Consumer Privacy Act.  *See* Cal. Civ. Code § 1798.140(v)(1)(F)

18   (defining personal information to include "browsing history").  "Browsing history" (i.e., a

19   complete account of a singular, continuous browsing session) is not the same as an exemplar

20   listing of self-selected domain names, reflecting individual landing pages each Plaintiff may have

21   visited at any point in time.[2]

22    Plaintiffs therefore have no legitimate basis to claim that any private information is

23   revealed through disclosure of the limited sample of domain names they include in their FAC.

24   *See Cleveland v. Behemoth*, No. 3:19-cv-00672-RBM-BGS, 2022 WL 5313598, at *3 (S.D. Cal.

25   Oct. 6, 2022) (denying motion to seal URLs and publicly available tweets).

26

27    [2] Plaintiffs also state that the Act protects "account names" and "email addresses" (ECF
     No. 55 at 4), but neither is implicated in the domains Plaintiffs seek to seal.

28

**B.      Plaintiffs Have Made No Showing of Harm**

Plaintiffs also fail to articulate a compelling reason as to how they would be harmed by the disclosure of the domain names at issue, let alone one supported by specific factual findings as required. *See Kamakana*, 447 F.3d at 1178-79. Plaintiffs merely conclude, without any support, that denying their motion would place "their financial and health website browsing history" on the "public docket and thus in the public domain." (ECF No. 55 at 4.) As discussed above, the disclosure of a limited sample of popular, public domain names reveals nothing personal or sensitive about Plaintiffs, and Plaintiffs have failed to identify how such disclosures would harm them personally. None of their personal financial account information, political views, or medical conditions would be revealed should the domain names be accessible to the public. Plaintiffs' counsel's declaration further reinforces the inadequacy of their argument—it fails to mention a ***single*** fact supporting their claim that they would be harmed through this disclosure. (*See* ECF No. 55-1.)

It is telling that Plaintiffs' cited case law does not hold that disclosure of a limited sample of websites visited by individuals poses any risk. (ECF No. 55 at 4-5.) The three cases cited deal solely with individuals' personally identifiable information and do not discuss harms from disclosure of general domain names. *See Am. Automobile Ass'n of N. Cal., Nev. & Utah*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal names, addresses, phone numbers, and email addresses), *In re Uber Text Messaging*, No. 18-cv-02931-HSG, 2019 WL 8200602, at *2 (N.D. Cal. May 30, 2019) (granting motion to seal phone numbers, email addresses and payment card information), and *Benedict v. Hewlett-Packard Co.*, No.: 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal home address, phone number, and email address). This is not the type of information that Plaintiffs seek to seal. And, again, Plaintiffs' reliance on *In re Facebook, Inc. Internet Tracking Litigation* is inappropriate; the domains at issue here are not akin to the browsing history in that case, which also did not address how knowledge of a limited selection of popular websites that an individual visited could possibly cause that individual harm. None of Plaintiffs' proffered

1    reasons can be considered "compelling" enough to overcome the strong presumption in favor of

2    public access to a complaint that forms the basis of Plaintiffs' claims.

3    **IV.    CONCLUSION**

4         Plaintiffs' request to file portions of the FAC under seal that identify publicly available,

5    commonly accessed domain names should be denied.

6

7    Dated:  May 26, 2023                    MORRISON & FOERSTER LLP

8

9                                  By:   */s/ Purvi G. Patel*
                                        _____
10                                        Purvi G. Patel

11                                        ***Attorneys for Defendant***
                                          ***Oracle America, Inc.***
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28