UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KATZ-LACABE, et al., | Case No. 22-cv-04792-RS |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| ORACLE AMERICA, INC., | |
| Defendant. | |

Plaintiffs filed an Administrative Motion to File Under Seal Portions of Plaintiffs' First

Amended Class Action Complaint pursuant to Civil Local Rules 7-11 and 79-5, seeking to seal the

names of 16 websites that Plaintiffs allegedly visited (as detailed in the Complaint), along with the

entirety of two exhibits (the Offline Access Request Response Reports (OARRRs) that Plaintiffs

received from Oracle). Defendant opposes the request to redact the website names in the

Complaint, but not the exhibits.

With respect to the website names, Defendant is correct that they are "commonly accessed

websites that divulge none of Plaintiffs' private or personal information," such as finances,

political views, or health concerns, and they "reveal nothing beyond the fact that Plaintiffs, at

some point in time, visited some of the internet's most popular websites." Dkt. 57 at 2.[1] Other than

---

[1] The fact that the domains are "top-level," Dkt. 55 at 3, renders *In re Facebook, Inc. Internet Tracking Litigation* distinguishable, as the URLs in *Facebook* included the specific name of the webpage, as well as search terms the user entered in order to get to that page. 956 F.3d 589, 596 (9th Cir. 2020).

United States District Court
Northern District of California

1    Plaintiffs' conclusory generalization that they have a privacy interest in their financial and health

2    website browsing history, they do not sufficiently establish what injury would flow from the

3    publication of the URLs. As a result, this showing fails to overcome the strong presumption in

4    favor of public access, and the motion is denied as to the proposed redactions to the Complaint.

5    With respect to the exhibits, it is clear that personally identifiable information ("PII") is

6    sensitive and should be redacted. That concern, however, does not attach to all of the information

7    contained in the 50-page OARRRs, which include information such as the likelihood that the

8    person has a computer and is an online shopper (Dkt. 55-2 at 5), that they may buy or like pasta

9    sauce and salad dressings (*id.* at 11), and that they are interested in a number of sports. (*Id.* at 29.)

10   Even though Defendant does not oppose this request, Plaintiffs do not explain what injury would

11   result from the publication of these generalized categories or associations, and therefore fail to

12   overcome the presumption in favor of access. The motion to seal as to all non-PII contained in the

13   OARRRs is therefore denied. Should Plaintiffs wish to propose a far more limited set of

14   redactions and argue why publication of that information would be detrimental, they have leave to

15   refile within two weeks of the date of this order. Otherwise, Plaintiffs are directed to refile their

16   Complaint according to this order.

17   In light of the above, it is hereby ordered that the only items subject to sealing will be the

18   PII contained in the "Your Data" column of the first chart in each OARRR (on page 2). The

19   corresponding "Data Element Description" column—First and Last Name, Physical Address, All

20   Email Addresses and All Phone Numbers—shall remain visible.

21

22   **IT IS SO ORDERED**.

23

24   Dated: August 15, 2023

25   _____

26   RICHARD SEEBORG
     Chief United States District Judge

27

28                                                      ORDER GRANTING IN PART MOTION TO SEAL
                                                        CASE NO.  22-cv-04792-RS

2