1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10   MICHAEL KATZ-LACABE, et al.,          Case No.  22-cv-04792-RS

             Plaintiffs,

11

12        v.                               **ORDER DENYING PLAINTIFFS'**
                                           **ADMINISTRATIVE MOTION TO FILE**
13   ORACLE AMERICA, INC.,                 **UNDER SEAL**

             Defendant.

14

15        Plaintiffs filed an Administrative Motion to File Under Seal Portions of Plaintiffs' First

16   Amended Class Action Complaint pursuant to Civil Local Rules 7-11 and 79-5 and in response to

17   this Court's order on Plaintiffs' previous motion to seal. See Dkt. 68 ("9/15 Order"). This new

18   motion essentially re-raises Plaintiffs' previously denied request to seal the vast majority of two

19   exhibits—the Offline Access Request Response Reports (OARRRs) that Plaintiffs received from

20   Defendant Oracle.[1] For the reasons set forth below, Plaintiffs' motion is denied. Plaintiffs' request

21   for oral argument is also denied.

22        Plaintiffs were requested "to propose a far more limited set of redactions" to the OARRRs.

23   9/15 Order. Despite this request, Plaintiffs once again seek to redact both OARRRs (which span

24   49 and 32 pages, respectively) nearly entirely. This revised submission makes little effort to

25   comply with this Court's previous order. Plaintiffs' sole concession to this Court's request was,

26

27   _____

     [1] Oracle, in a previous filing, did not object to these documents being filed under seal. *See* Dkt. 57,
28   at 1 n.1.

United States District Court
Northern District of California

1   apparently, to remove redactions from several column headers and footnotes. *See, e.g.*, Dkt. 72-1,

2   at 3. Granted, Plaintiffs offer a more fulsome argument for why redactions of seemingly trivial

3   pieces of information about an individual's life might implicate privacy concerns and warrant

4   protection. They explain how the OARRRs reveal information concerning Plaintiffs' "financial

5   accounts and transactional activity," "interests, habits, and activities," and other details. Dkt. 71, at

6   5. That said, Plaintiffs' privacy arguments do not explain why publication of certain "generalized

7   categories or associations" appearing throughout the OARRRs would injure Plaintiffs. 9/15 Order,

8   at 2.

9           For instance, the OARRRs are replete with generic terms referring to the types of

10  information Oracle produces about individuals. Plaintiffs do not explain how publication of these

11  repetitive, generic terms—for instance, "Household" or "Ad Occurrence"—implicates a privacy

12  concern unique to Plaintiffs (or to anyone). *See, e.g.*, Dkt. 71-2, at 3, 6. These generic terms do not

13  reveal the "seemingly ordinary preferences" Plaintiffs argue implicate privacy concerns. Dkt. 71,

14  at 4. Nor do they, contrary to Plaintiffs' argument, reveal "personal interests, queries, and habits."

15  *Id.* at 3 (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 604 (9th Cir. 2020)).

16  Similarly, Plaintiffs offer no explanation for how the mere mention of the names of demographic

17  categories—such as "Gender," "Ethnicity," or "Language Preference"—produces privacy

18  concerns. *See, e.g.*, Dkt. 71-2, at 3. While the "Values" associated with those demographic

19  categories or details may indeed constitute private information meriting protection, lists of

20  category names indicative of the types of information Defendant collects but not of the

21  information *actually collected* do not. Plaintiffs' representation that they have "tailored the

22  proposed redactions to seal only their personal information," Dkt. 71, at 5, does not withstand

23  scrutiny.

24          Accordingly, Plaintiffs' motion to seal the OARRRs is denied. Plaintiffs are requested—

25  once again—to propose a more limited set of redactions for information revealing private details

26  of Plaintiffs' lives. Plaintiffs have leave to refile their more limited set of redactions within two

27  weeks of the date of this order. Otherwise, Plaintiffs are directed to refile their Complaint with

28

United States District Court
Northern District of California

1    redactions according to the terms specified in this Court's 9/15 Order.

2

3    **IT IS SO ORDERED**.

4

5    Dated: September 5, 2023

6                                                    _____

7                                                    RICHARD SEEBORG
                                                     Chief United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California