Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, <br><br> Defendant. | Case No. 3:22-cv-04792-RS <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge: Hon. Richard Seeborg <br><br> Date Action Filed: August 19, 2022 <br> Trial Date: None set |

Plaintiffs move pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Order Denying Plaintiffs' Administrative Motion To File Under Seal (Dkt. 73, herein "Order"), to seal portions of the Offline Access Request Response Reports ("OARRRs") obtained by Plaintiffs from Defendant Oracle America Inc. ("Oracle") through the California Consumer Privacy Act ("CCPA"). Plaintiffs are mindful that this is the third motion on this issue, and thank the Court for its continued patience in allowing Plaintiffs to further explain their position on this central issue. *See, e.g.,* First Amended Complaint (Dkt. 72) ¶¶ 4, 6–9, 12, 14–18, 57, 64, and 74–76 (discussing Oracle's privacy-invasive uses of inferences and segments).

## I. ARGUMENT

Plaintiffs attempt herein to directly answer the Court's inquiry as to the basis for asserting that the content in the columns of the OARRRs warrant protection from public disclosure. As requested, Plaintiffs also propose a more limited set of redactions, and, alternatively, a second, even more limited set of redactions in the event the Court disagrees with Plaintiffs' first proposed set of redactions. The OARRRs contain two primary sections: "demographic attributes" (Exs.[1] A & B at pp. 3–5) and "interest-based segments" (Ex. A at pp. 6–48; Ex. B pp. at 6–32).

### A.   Portions of the "Demographic Attributes" Should Be Sealed

The demographic attributes section has three columns: "Demographic Category," "Demographic Detail," and "Value." The "Demographic Category" column states only "Individual" or "Household," which pertains to all people, and thus need not be filed under seal. The "Demographic Detail" column, on the other hand, at times conveys specific information about the individual. The Maher declaration filed herewith delineates Plaintiffs' position with respect to each entry on that column. For illustrative purposes, Plaintiffs propose unsealing "Age," "Age Code," and "Age Category," but sealing the Segment Detail at Exhibit A, Line 51[2] as the former are categories applying to everyone, while the latter is not (and in fact the latter is present in Mr. Katz-Lacabe's OARRR but not Dr. Golbeck's). That is, certain ostensibly generic Demographic Detail appear to only be present if their underlying value applies to the individual or household

---

[1] Exhibits herein, unless otherwise indicated, refer to those attached to the Declaration of John Maher filed herewith ("Maher Decl.").

[2] In order to avoid referring to sealable material in this motion, Plaintiffs have added line numbers to Exhibits A and B, and refer to those instead of directly reciting sealable material.

such that its mere appearance conveys and constitutes protectable personal information.[3] *See* Cal. Civ. Code § 1798.140(o)(1) (defining personal information as "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household").

The "Value" column by its nature conveys demographic information about the individual and thus should be redacted in its entirety, as it discloses significant detail about the composition of each household, including information about ethnicity, finances, and census-related information from which demographic detail could be inferred. *See* Order at 2; Exs. A & B at 3–5.

### B.     The "Interest-Based Segments" Should Be Sealed

The "interest-based segment" sections of the OARRRs have two columns: "Segment Category" and a corresponding "Segment Detail." The occurrence and frequency of the data in these columns for any individuals are a function of their personal information Oracle has collected.

#### 1.     The "Segment Category" Columns Should Be Sealed

"Segment Category" entries appear to be generic terms if viewed in isolation, but in the context of the OARRRs, these entries in and of themselves convey Oracle's attributions of qualities or characteristics about individuals. The mere appearance, absence, and/or frequency of these segments thus constitutes "inferences" Oracle makes based on the personal information that it has gathered about an individual. Such an "inference," when based on personal information, itself becomes personal information. 105 Ops. Cal. Att'y Gen. 26 (2022), 2022 WL 815641, at * 2 ("inferences" such as segments constitute personal information).

In short, these (left column) "Segment Categor[ies]" are *assigned attributes*. Some Segment Category names convey obvious personal attributes, such as those at Exhibit A, Lines 313 or 1185. The appearance of such a segment category means that it applies to the individual—it is not some general category appearing in all reports where some adjacent value (e.g., "yes/no") is required to convey personal information about the individual.[4] Instead, the appearance of that segment is itself

---

[3] For example, the Katz-Lacabe OARRR includes the Demographic Categories found at Ex. A, Lines 51, 62, 63 and 74. None of these Categories appear in the Golbeck OARRR. Plaintiffs note too that these Demographic Categories can form the basis of intrusive inferences. Even omitting the corresponding "Values," the Demographic Categories permit the inference that Mr. Katz-Lacabe is married to a woman in a specific enumerated age bracket who was born abroad.

[4] That the OARRRs have an additional (right column) attribution, called "Segment Detail"

1  a *descriptive* inference warranting protection. *See* Cal. Civ. Code § 1798.140(o)(1); 105 Ops. Cal.
2  Att'y Gen. 26 (2022), 2022 WL 815641, at * 2. Indeed, the named Plaintiffs' respective OARRRs
3  reveal very different, incompletely overlapping categories of segments attributed to them. *Compare*
4  Ex. A *with* Ex. B. The totality of the segments categories attributed are unique to the individual
5  simply because that totality is based on their unique personal information. Recent reporting
6  indicates that Oracle offers over 200,000 such advertising segments.[5] This enormous figure
7  strongly suggests that no two individuals' OARRRs will ever contain the same segment categories
8  with the same frequency, and thus the categories themselves present a personalized digital
9  fingerprint capable of being associated with an individual. For example, the segment category at
10 Exhibit A, Line 362 appears in both named Plaintiffs' OARRRs. Yet it appears just once for Ms.
11 Golbeck, but many times for Mr. Katz-Lacabe. Hence, unredacting this category risks suggesting
12 to the public that Mr. Katz-Lacabe regularly purchases and possesses these items.[6]

13 This holds true even for other Segment Categories with seemingly more generic terms.
14 Thus, for example, the occurrence or absence of "Ad Occurrence," referenced by the Court in its
15 prior Order, may not seem to reveal any information, but in fact does. Ex. A at 6–7. "Ad
16 Occurrence" appears to be a segment category provided by ComScore, which reflects specific
17 advertisements shown to viewers on Network Television.[7] The fact that the "Ad Occurrence"
18 segment category appears in Mr. Katz-Lacabe's OARRR suggests that he (and his family[8]) spend

---

(discussed below) corresponding to the "Segment Category" does not render the "Segment Category" non-descriptive. Instead, both the "Segment Category" and the "Segment Detail" are independently and together assigned attributions of some characteristic of the individual based on their personal information. Indeed, in combination they are the product of sophisticated algorithms making predictive inferences based on personal data that may be profoundly revealing.

[5] Jon Keegan and Joel Eastwood, *From "Heavy Purchasers" of Pregnancy Tests to the Depression-Prone: We Found 650,000 Ways Advertisers Label You*, The Markup (June 8, 2023), https://themarkup.org/privacy/2023/06/08/from-heavy-purchasers-of-pregnancy-tests-to-the-depression-prone-we-found-650000-ways-advertisers-label-you; *see* Ingo Dachwitz, *The adtech industry tracks most of what you do on the Internet. This file shows just how much*, Netzpolitik.org (June 7, 2023), https://netzpolitik.org/2023/surveillance-advertising-in-europe-the-adtech-industry-tracks-most-of-what-you-do-on-the-internet-this-file-shows-just-how-much/.

[6] Frequent use of these products is associated fraud and other criminal activity, and thus the frequent occurrence of that category may (incorrectly) suggest that Mr. Katz-Lacabe is involved in those types of activities.

[7] *See, e.g., 2019 Data Directory*, Oracle (2019),[https://perma.cc/EV8L-PG7V], at 37-38 (noting that ComScore provides, through Oracle, "TV Viewing Insights" in the form of "Custom Segments based . . . ad occurrence.").

[8] Katz-Lacabe Decl. (Dkt 71-9), ¶ 5 (OARRR reflects a composite of his family's activities).

1  time watching television, and the relative frequency with which it appears may also reveal
2  comparative information about the amount of time they do so. This is precisely the type of
3  revealing information about "an individual's likes, dislikes, interests and habits" that California
4  law recognizes a privacy interest in. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589,
5  598 (9th Cir. 2020); 105 Ops. Cal. Att'y Gen. 26 (2022), 2022 WL 815641 at * 2. Finally, the
6  *absence* of specific Segment Categories also reveals personal information. Given Oracle offers
7  over 200,000 detailed segments in thousands of segment categories,[9] outside observers can draw
8  inferences simply by noting a segment category's absence. *See* Dkt. 71–7, ¶¶7–11 (Declaration of
9  Dr. Jennifer Golbeck explaining how certain inferences may risk further harassment).

10  Plaintiffs recognize that with respect to these latter "generic" Segment Category names, the
11  implication of a personal attribute may be opaque to persons outside the world of data commerce,
12  but the value in these generic-sounding segment categories—in fact, the reason Oracle can derive
13  value from them—is that they actually do convey personal information. As another example, the
14  categories at Exhibit A, Lines 119–21, 430–34, and 972–78 which appear in both OARRRs, may,
15  at first glance, seem divorced from any specific subject matter. *See* Ex. B, Lines 61–66, 155–57,
16  516–54 (same categories). But they are in fact specific segment categories provided through Oracle
17  related to a certain class of products,[10] and publishing these categories is a *de facto* statement that
18  Mr. Katz-Lacabe and Ms. Golbeck own or are in the market for these products. While the public
19  may not perceive personal nature of the appearance and frequency of these segment categories, the
20  world of data commerce does. *See* 105 Ops. Cal. Att'y Gen. 26 (2022), 2022 WL 815641 at * 5
21  ("seemingly innocuous data points, when combined with other data points across masses of data,
22  may be exploited to deduce startlingly personal characteristics").

23  Should the Court disagree that the Segment Categories should remain fully sealed at this
24  time, in the Maher Declaration Plaintiffs provide in tabular form an alternative, line-by-line
25  redaction of the Segment Categories based on an intuitive, facially apparent determination (given

---

[9] Not only are Oracle segments accessible via Oracle's popular Data Marketplace and analytics services, but they are also freely available for download after an investigative outlet posted them online in June 2023. *See* fn. 5, *supra*.

[10] See *Oracle Activation Playbook*, Oracle (2020), https://www.oracle.com/a/ocom/docs/cx-activation-vertical-playbook-2020.pdf, describing these (and other) segment categories.

the current lack of discovery, *see* Section C, *infra*).

### 2. The "Segment Detail" Should Be Sealed

The "Segment Detail" column reflects even further fine-grained personal information also based on "information *actually collected*" about Plaintiffs. Order at 2. These highly detailed portions of the segments Oracle assigns to Plaintiffs reveal specific businesses and restaurants frequented, specific products purchased, specific television shows watched, and financial accounts and transactional activity. *E.g.* Ex A, Lines 280, 747, 963, 979, 1028, 1074, 1112; *see* Dkt. 71 at 4. As articulated in the prior sealing motion, the "Segment Detail" column thus reveals "seemingly ordinary preferences" implicating privacy concerns, as well as "personal interests, queries, and habits," and should be sealed in its entirety. Dkt. 71 at 3 (quoting *Facebook*, 956 F.3d at 604).

### C. Alternatively, the Court Should Defer Ruling Pending Discovery Further Explicating the Nature of the OARRRs

The full degree to which the OARRRs reveal personal information cannot be known by Plaintiffs at this time. Oracle's public disclosures in this area are extraordinarily sparse as to what its OARRRs actually reflect.[11] Though Plaintiffs respectfully submit they have presently carried their burden to show that sealing the OARRRs is proper, it would be prudent to at least allow the material to remain sealed while Plaintiffs continue to pursue discovery regarding the compilation, organization, and implications of the OARRRs. As articulated in Plaintiffs' prior motion, Plaintiffs risk serious harm if this information becomes public. Dkt. 71 at 4–5. However, Plaintiffs respectfully request that, in the event the Court is inclined to deny the full scope of sealing sought herein, that it defer ruling on sealing pending further discovery.

## II. CONCLUSION

For these reasons, the Court should grant this Administrative Motion To File Under Seal and grant Plaintiffs leave to file the OARRRs as redacted in Maher Declaration Exhibits A and B. Alternatively, in the event the Court determines the full scope of information proposed therein is not sealable, Plaintiffs request that Court allow the OARRRs to be filed with the category-by-category redactions in Maher Declaration Exhibits E & F.

---

[11] Oracle's production of only 2,161 documents thus far, more than year into this litigation, has not ameliorated this opacity.

| | | |
|---|---|---|
| 1 | Dated: September 19, 2023 | */s/ Michael W. Sobol* |
| 2 | | Michael W. Sobol (SBN 194857) |
| | | msobol@lchb.com |
| 3 | | David T. Rudolph (SBN 233457) |
| | | drudolph@lchb.com |
| 4 | | Jallé H. Dafa (SBN 290637) |
| | | jdafa@lchb.com |
| 5 | | John D. Maher (SBN 316157) |
| | | jmaher@lchb.com |
| 6 | | Nabila Abdallah (SBN 347764) |
| | | nabdallah@lchb.com |
| | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 7 | | 275 Battery Street, 29th Floor |
| | | San Francisco, CA 94111-3339 |
| 8 | | Telephone: 415.956.1000 |
| | | Facsimile: 415.956.1008 |
| 9 | | *Attorneys for Plaintiffs and the Class* |

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. On September 19, 2023, I caused to be served by electronic mail copies of the following documents:

1. **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL;**
2. **DECLARATION OF JOHN D. MAHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL;**
3. **[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL;**
4. **[PROPOSED ALTERNATIVE] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL.**

on Defendant through its counsel of record, at the following addresses:

| | |
|---|---|
| Tiffany Cheung | Whitney Rose O'Byrne |
| Michael Burshteyn | Purvi G. Patel |
| Danielle Vallone | Erik Manukyan |
| MORRISON & FOERSTER LLP | Emma Burgoon |
| 425 Market Street | MORRISON & FOERSTER LLP |
| San Francisco, California 94105 | 707 Wilshire Boulevard, Suite 6000 |
| TCheung@mofo.com | Los Angeles, California 90017 |
| MBurshteyn@mofo.com | WOByrne@mofo.com |
| DVallone@mofo.com | PPatel@mofo.com |
| | EManukyan@mofo.com |
| | Eburgoon@mofo.com |

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 19th day of September, 2023, at Oakland, California.

*/s/ Nabila Abdallah*
Nabila Abdallah

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories above have concurred in the filing of this document.

Dated: September 19, 2023          By:   */s/ Michael W. Sobol*
                                                       Michael. W. Sobol