1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  DANIELLE VALLONE (CA SBN 302497)
   DVallone@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
7  WHITNEY O'BYRNE (CA SBN 325698)
   WOByrne@mofo.com
8  ERIK MANUKYAN (CA SBN 340307)
   EManukyan@mofo.com
9  EMMA BURGOON (CA SBN 348097)
   EBurgoon@mofo.com
10 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
11 Los Angeles, California 90017
   Telephone: 213.892.5200
12 Facsimile: 213.892.5454

13 Attorneys for Defendant
   ORACLE AMERICA, INC.
14
   *Additional counsel on next page*

15

16                    **UNITED STATES DISTRICT COURT**
17
                    **NORTHERN DISTRICT OF CALIFORNIA**
18
                          **SAN FRANCISCO DIVISION**
19

20  | | |
    |---|---|
21  | Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated, | Case No.   3:22-cv-04792-RS |
22  | | **DEFENDANT ORACLE AMERICA, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
23  | Plaintiffs, | |
    | vs. | |
24  | | Judge:   Hon. Richard Seeborg |
25  | ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, | Date Action Filed:   August 19, 2022 |
26  | | Trial Date:   Not set |
    | Defendant. | |
27
28

1  KYLE ZIPES (CA SBN 251814)
   Kyle.Zipes@oracle.com
2  NARGUES M. EDER (CA SBN 260289)
   Nargues.M.Eder@oracle.com
3  ORACLE AMERICA, INC.
   500 Oracle Parkway
4  Redwood Shores, CA 94065
   Telephone:  650.506.7000
5
   Attorneys for Defendant
6  ORACLE AMERICA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiffs have failed to comply with the Court's now twice-repeated mandate to "propose a far more limited set of redactions" to the "generalized categories or associations" contained within the OARRRs.[1]  Instead, in both of their proposals, they seek to seal virtually all of the OARRRs and absolutely *all* of the information in the "Values" and "Segment Details" columns. Their proposals are based on an unsupported argument that *any* information associated with an individual—such as the fact that a person may "buy or like pasta sauce and salad dressings"[2]—is sensitive enough to overcome the strong presumption in favor of public access.  Plaintiffs go even further, seeking to seal large portions of the "Demographic Detail" and "Segment Category" columns, which reflect only "generic terms referring to the types of information Oracle produces about individuals" or "names of demographic categories."[3]  Even in their "more limited" proposal,[4] they seek to seal admittedly "generic-sounding" terms on the basis that they could be used to infer a personal characteristic—such as the fact that, like most Americans, Plaintiffs (or someone in their household) may "spend time watching television."[5]  Plaintiffs' request runs counter to the standard for sealing and common sense.

While Oracle did not initially oppose Plaintiffs' request to seal the OARRRs, it does so now in light of the Court's Orders, as well as to respond to new arguments Plaintiffs raise.[6]

---

[1] (ECF No. 68 ("8/15 Ord.") at 2; *see also* ECF No. 73 ("9/5 Ord.") at 2.)
[2] (8/15 Ord. at 2.)
[3] (9/5 Ord. at 2.)
[4] (ECF No. 75 ("Mot.") at 1.)
[5] (Mot. at 3-4.)
[6] Plaintiffs impermissibly attempt to expand the 5-page limit for their motion (L.R. 7-11(a)) in two ways.  **First**, they incorporate their previously-denied second motion to seal and accompanying declarations by reference. (*See, e.g.*, Mot. at 4 (citing to previously-filed declaration), 5 (incorporating arguments "in the prior sealing motion").)  **Second**, they provide their purported line-by-line justifications for sealing, which are, in fact, legal arguments, only in a declaration by counsel. (*See, e.g.*, ECF 75-1 ("Maher Decl.") ¶¶ 15(a), 20(a)-(e).)  Neither of these tactics is proper. *See United States ex rel. Ginger v. Ensign Grp., Inc.*, 2022 WL 4110166, at *11, n.91 (C.D. Cal. Mar. 10, 2022) (admonishing counsel for "incorporating past briefs as a way to circumvent page limitations"); *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 252045, at *10 (N.D. Cal. Jan. 21, 2014) (finding improper attempt "to sidestep the summary judgment page limitations by incorporating legal arguments in a separate declaration").  If the Court is inclined to consider arguments outside of Plaintiffs' current motion, including their claim that they "risk serious harm if this information becomes public" (Mot. at 5), Oracle respectfully requests additional briefing to respond fully to those arguments.

1  Plaintiffs have had three opportunities to identify the subset of information within the OARRRs
2  that is so sensitive it justifies sealing.  That they have failed to do so each time illustrates that they
3  cannot, because none of the information clears that high bar.

## II.   LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to court records. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). "A party seeking to seal a judicial record … must 'articulate[] compelling reasons supported by specific factual findings' that outweigh the general history of access and the public policies favoring disclosure …." *Id*. At 1178-79 (citations omitted) (alteration in original).  These "compelling reasons" typically exist when the record at issue could be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* At 1179. The sealing party must also "demonstrate specific prejudice or harm flowing from the disclosure" of the material they seek to seal. *Al Otro Lado, Inc. v. McAleenan*, 2019 WL 6220898, at *3 (S.D. Cal. Nov. 21, 2019) (citation omitted).

## III.   ARGUMENT

Plaintiffs' core argument is that *any* personal information, and *any* information that could be used to *infer* personal information, should be sealed. (Mot. at 2-4.)  They offer no support for this novel position and ignore the Court's prior orders as well as a Northern District of California case declining to seal similar information. *See Hadley v. Kellogg Sales Co.*, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018) (declining to seal, *e.g.*, information about "shopping and eating habits").  Only *sensitive* personal information, which if disclosed is likely to cause harm, can provide a "compelling reason" sufficient to necessitate sealing. *See Kamakana*, 447 F.3d at 1184. Plaintiffs fail to make this threshold showing and their failure to do so three times now should be seen as a tacit admission that none of the information is particularly sensitive.

### A.   Plaintiffs Do Not Establish that the OARRRs Contain Sensitive Personal Information

Plaintiffs offer five "justifications" for sealing nearly all the information in their OARRRs:

    (1)  Demographic Values and most Demographic Details reveal some "demographic detail" about an individual or household;

    (2)  Segment Details and some Segment Categories "inherently reveal[] personal information";

    (3)  some "vague" Segment Categories reveal personal information when tied to Segment Details;

    (4)  all Segment Categories are revealing when they include "physical location or routines"; and

    (5)  all Segment Categories are revealing when they imply a "specific purchase".

(*See* Maher Decl. ¶¶ 15(a), 20(a)-(e).)  None of these purported justifications establishes, however, that all of the information Plaintiffs seek to seal is sensitive, and the Court has already rejected this position.  (8/15 Ord. at 2 (finding that a concern about sensitivity of personal information "does not attach to all of the information contained in the 50-page OARRRs"); *see also* 9/5 Ord. at 2 (declining to seal "generalized categories or associations" absent a showing that they were sensitive enough that disclosure might injure Plaintiffs).)  Plaintiffs' implied argument that the information is sensitive enough to seal fails for two reasons.

      ***First***, Plaintiffs are wrong that the existence of a privacy interest provides a "compelling reason" to seal information.  The *only* case they cite on this point is distinguishable.  *Facebook Tracking* found that plaintiffs had sufficiently pled a right of privacy in their detailed browsing histories at the pleading stage while noting that "there remain material questions of fact as to whether a reasonable individual would find the information … 'sensitive and confidential.'"  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 603 (9th Cir. 2020) (citation omitted).  Nor can Plaintiffs rely on a non-binding opinion issued by the California Attorney General, which answers the question of whether the California Consumer Privacy Act's ("CCPA") "right to know" applies to "internally generated inferences" affirmatively.  This is an entirely different inquiry from the issue here and the relevant standard for sealing—that only *sensitive* personal information provides a "compelling reason" sufficient to require sealing.[7]

      Plaintiffs make no credible argument that any of the information in the OARRR

---

[7] Nor can Plaintiffs claim the OARRRs reveal their *individualized* information when they admit that the reports present composite household data.  (*See* Mot. at 3 (claiming OARRR reveals "family" activities).)

constitutes sensitive information. They suggest that information such as the inference that someone is "married to a woman in a specific enumerated age bracket who was born abroad" (Mot. at 2 n.3) and that someone "spend[s] time watching television … [and] the amount of time they do so" (*id.* at 3-4) merits protection, but provide no supporting rationale or authority. Nor do they have any support for their outlandish claim that frequent use of the item listed at Exhibit A, Line 362 "may (incorrectly) suggest that Mr. Katz-Lacabe is involved" in "fraud and other criminal activity." (*Id.* at 3 n.6.) Moreover, in *Hadley*, the court declined to seal information about the plaintiff's "drug and alcohol use, romantic relationships, and shopping and eating habits" on the basis it was not "sensitive personal information."[8] 2018 WL 7814785, at *3.

*Second*, Plaintiffs argue that even "generic" terms like "Ad Occurrence" should be sealed because those in "the world of data commerce" can draw inferences from them that convey personal information. (*See* Mot. at 4.) These inferences purportedly show, for example, whether Plaintiffs are interested in purchasing a certain class of ubiquitous products. (*See id.* (citing Ex. B, Lines 61-66, 155-57, 516-54).) Aside from once again failing to demonstrate how information of that nature is sensitive, Plaintiffs admit that only data commerce businesses would be able to draw any purportedly useful inference from this language. Their argument amounts to a speculative claim that a sophisticated operator might obtain this information from the court docket and use it for nefarious ends. This is too far-fetched to constitute a compelling reason.

**B.   Plaintiffs Cannot Establish that They Risk Injury if Sealing is Denied**

Despite the Court's directive, Plaintiffs fail to plausibly "explain why publication of certain 'generalized categories or associations' appearing throughout the OARRRs would injure [them]." (9/5 Ord. at 2.) For example, Plaintiffs argue that the OARRRs reveal "specific businesses and restaurants frequented, specific products purchased, specific television shows watched, and financial accounts and transactional activity." (Mot. at 5.) But they fail to include

---

[8] Plaintiffs also cannot credibly assert that the OARRRs contain sensitive personal information because the OARRRs are comprised of information Plaintiffs shared with third parties (e.g., website owners) in the first instance. Plaintiffs, who describe themselves as privacy advocates, are not strangers to ways they could have chosen not to share this information at all, including by blocking cookies/pixels at the browser or website level.

any argument as to how disclosure of that information could possibly lead to harm, aside from a conclusory statement that that they "risk serious harm if this information becomes public." (*Id.*)[9] Moreover, Plaintiffs have publicly revealed information either analogous to, or arguably more sensitive than, the information contained in the OARRRs, including:

> (1) political views (*see* Ex. A at 7 (tweeting about being on the left while owning guns); *see also* Ex. B at 1-2 (tweeting against the Trump administration and expressing political opinions));[10]
>
> (2) precise location data (*see* Ex. A at 13 (Instagram post describing a stay at the Ritz Carlton in Montreal); *see also* Ex. B at 3-4 (tweets sharing locations at restaurants); and
>
> (3) demographic characteristics, medical information, and religious affiliations (*see* Ex. A at 2-3, 12 (posting about engagement, Catholic upbringing, and parental status); *see id.* at 4 (tweeting about medical procedures, including in responsive comments).)

Meanwhile, the OARRRs contain nothing approaching this level of detail, negating any suggestion that OARRRs could be used to stalk or harass Plaintiffs.[11]

Finally, the Court should deny Plaintiffs' request to defer a ruling on the motion pending further discovery into the "compilation, organization, and implications of the OARRRs." (Mot. at 5.) The sensitivity of the information Plaintiffs propose sealing should be judged on its face, as that is how the public necessarily would view it. Hypothetical additional discovery exchanged between the parties would not impact how the public would view the information in the OARRRs standing alone.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion to seal should be denied.

Dated: September 22, 2023            MORRISON & FOERSTER LLP

By: */s/ Purvi G. Patel*
Purvi G. Patel

**Attorneys for Defendant**
**Oracle America, Inc.**

---

[9] Plaintiffs also misrepresent the nature of the information contained within the OARRRs. For example, the content cited to support the statement that information on "financial accounts" is collected is nothing more than the name of one of the largest banks in the world.
[10] All exhibits cited are attached to the Declaration of Purvi G. Patel filed herewith.
[11] Plaintiffs' position also does not square with the CCPA's (as amended by the California Privacy Rights Act) definition of personal information, which excludes information "lawfully made available to the general public by the consumer or from a widely distributed media." *See* Cal. Civ. Code § 1798.140(v)(2).