Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorney for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Richard Seeborg<br><br>Date Action Filed: August 19, 2022<br>Trial Date: None set |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiffs hereby respectfully move under Civil Local Rule 7-9(b) for leave to file a motion for partial reconsideration of the Court's October 3, 2023 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 77, "Order"), solely with respect to the Court's ruling which dismisses with prejudice Plaintiffs' intrusion upon seclusion claim under California law to the extent it is brought on behalf of the United States Class.

This motion is based on references cited for the first time by Defendant in its *reply* brief in support of the motion to dismiss, this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; all papers and records on file in this case; and such other matters as the Court may consider. The basis for this Motion to Reconsider, and the grounds for the relief Plaintiffs seek, are essentially one and the same. Therefore, should the Court grant reconsideration, Plaintiffs respectfully request that the Court consider the arguments within this accompanying memorandum and deny Defendants' motion to dismiss Plaintiffs' intrusion upon seclusion claim under California law brought on behalf of the United States Class, without prejudice to raising choice of law at class certification.

Dated:  October 20, 2023

Respectfully Submitted,

*/s Michael W. Sobol*

Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Plaintiffs and the Class*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs respectfully request leave pursuant to Civil Local Rule 7-9(b) to file a motion for reconsideration of the Court's October 3, 2023 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 77, "Order"), solely with respect to whether California law on intrusion upon seclusion may apply to the proposed United States Class.

In its choice of law analysis, the Order cited, and appears to have relied on, a reference that Oracle first made on reply, in holding that the "last act" creating liability for the tort of intrusion upon seclusion is Oracle's *interception* of Plaintiffs' data on their devices rather than, as Plaintiffs alleged and argued, Oracle's *compilation, analysis and subsequent use* of that data in its capacity as a California-registered data broker.  *See* Order at 5 citing Dkt. 70 ("Reply") at 2, in turn citing First Amended Complaint ("FAC") ¶ 145; *cf.* FAC ¶¶ 28, 152; Dkt. 67 at 18-19. Reconsideration is appropriate because, as this Court has explained, "[m]otions for reconsideration are designed to bring to the Court's attention clear instances of missed arguments, not simply to make the very same points but more loudly."  *Sheet Metal Workers Nat'l Pension Fund v. Bayer Aktiengesellschaft*, No. 20-CV-04737-RS, 2021 WL 5302525, at *1 (N.D. Cal. Nov. 15, 2021).

The issue upon which Plaintiffs seek reconsideration goes to the heart of how they chose to plead their claim for intrusion upon seclusion—it is centered on Oracle's "***review, analysis, dissemination and subsequent uses***" of personal data.  FAC ¶ 152 (emphasis added).  While Plaintiffs' ECPA and CIPA claims rely specifically on Oracle's *interception* of personal data, with respect to the intrusion upon seclusion claim, interception is but one of several ways Oracle amasses and aggregates data for use in its data brokering business.  *See* April 6, 2023 Order on Motion to Dismiss (Dkt. 49) at 12 (this Court noting that the compiling of online *and* offline activity may contravene the reasonable expectation of privacy).  Reading Plaintiffs' allegations in a light most favorable to them as the non-moving party, it cannot be that the "last act" of Oracle's dossier-building surveillance occurred on Plaintiffs' devices, but rather in California, the place it is registered to conduct its data brokering. This proper reading corrects Oracle's misdirection and

- 1 -

materially alters the choice of law analysis:  as the alleged last acts occur in California, California has the greater interest in applying its laws.  Therefore, respectfully, reconsideration is appropriate.

## II.    LEGAL STANDARD

Local Rule 7-9(b)(3) allows leave to file a motion for reconsideration based upon "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Further, "[a] district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *In re Intuitive Surgical Sec. Litig.*, No. No. 5:13-CV-01920-EJD, 2014 WL 7146215, at \*2 (N.D. Cal. Dec. 15, 2014)(quoting *Abada v. Charles Schwab & Co., Inc.,* 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000)).

## III.    ARGUMENT

### A.    Plaintiffs Allege the Compilation, Analysis, and Use of Plaintiffs' Data as the Basis for the Intrusion Upon Seclusion Claim

In dismissing Plaintiffs' intrusion upon seclusion claim on behalf of the United States Class, the Court stated that the "last act" making Oracle allegedly liable to Plaintiff Golbeck took place in Florida.  The Court reasoned:

> Plaintiffs argue the "last acts" necessary to make Oracle liable on an intrusion upon seclusion claim occurred in California because it was in California that Oracle compiled, analyzed, and sold their data. Dkt. 67, at 19–20. *Defendant persuasively points out, however, that Plaintiffs' own allegations identify the last act necessary for liability to attach to be Oracle's interception of Plaintiffs' data. See* Dkt. 70 [citing Oracle's Reply], at 2; FAC ¶ 145. Plaintiffs' theory of liability for intrusion upon seclusion would make Oracle liable when it intercepted Plaintiffs' data, and Plaintiffs do not offer any reason to doubt that this interception of data, for non-California residents, occurs in those residents' home States.. . . *Since the last act at which liability attaches—here, interception of Plaintiff Golbeck's data—occurred in Florida, this factor weighs against applying California law nationwide*.

Order at 5-6 (emphasis added); *id.* at 6 ("California considers the 'place of the wrong' to be the state where the last event necessary to make the actor liable occurred" quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 593 (9th Cir. 2012)). On that basis, the Court determined that Florida has a greater interest applying its law than does California, and dismissed, with prejudice,

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS

Plaintiffs' claim for intrusion upon seclusion under California law on behalf of the United States Class (Second Cause of Action, FAC ¶¶ 140-159).  *Id.*

Plaintiffs respectfully submit that this determination of the location of the "last act" occurring in Florida is legally and factually incorrect, and misses a central argument made by Plaintiffs.  In reaching its conclusion, the Court cites, and appears to rely on, Oracle's citation in its Reply to Plaintiffs' allegations in paragraphs 145 and 166-167 of the FAC.  Order at 5 (citing Reply at 2).  Those paragraphs *do* allege that Plaintiffs have a reasonable expectation of privacy that is breached by Oracle's interception of personal data, and that is *part* of Plaintiffs' case.[1] However, the crux of Plaintiffs' intrusion upon seclusion claim is Oracle's compilation, analysis, and use of personal data into individual-specific profiles for commercial exploitation.

Oracle's selective citation to paragraphs "145, 166-167," first appearing in its Reply, directs the Court's attention away from the allegations made in between those paragraphs, for example at paragraph 152, concerning Oracle's "review, analysis, dissemination and subsequent uses of Plaintiffs' and Class members' private and other browsing activity through Oracle's Data Cloud, ID Graph, and Data Marketplace."  FAC ¶ 152. Plaintiffs specifically argued in their opposition to the motion to dismiss that:

> Oracle makes the factual assertion that the "last act" attaching liability to Oracle was in Florida because Oracle used its tracking technologies to intrude on Dr. Golbeck's device in Florida. Mot. at 6. Oracle's argument elides the central gravamen of Plaintiffs' FAC, which challenges Oracle's "compiling of profiles on Plaintiffs" which "took place in California" as did "the provision of those profiles to third parties." FAC ¶ 28.
>
> . . . Oracle is wrong both as a matter of law and as a matter of fact: it conflates the "last act" with respect to Plaintiffs *wiretap* allegations with the "last act" that makes Oracle liable for Plaintiffs' *intrusion and unjust enrichment* claims. *See* Mot. at 6. **Plaintiffs' common law claims are not based solely on the interception of their communications, but also upon the extensive compilation, analysis, and sale of Plaintiffs' information within California**.

---

[1] Moreover, Oracle's interception of some personal data occurs outside of Plaintiff Golbeck' device and thus not in Florida, but in California.  The "Offline Access Request Response Reports" ("OARRRs") attached to the FAC include data collected by Oracle from sources other than Dr. Golbeck's computer, such as third party data broker PlaceIQ, and this third-party data contained in the OARRRs was allegedly purchased and compiled by Oracle in California.  *See* FAC ¶¶ 4-20; Dkt. 49 at 8-9 (finding that OARRRs supported Plaintiffs' Article III standing).

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS

FAC ¶ 28. As such, the "last act" cannot be activity that takes place solely on Dr. Golbeck's computer.

Dkt. 67 at 19-20 (emphasis added).

As the Court's Order itself recognized, Plaintiffs allege that "Oracle collects as many types of personal information from internet users as possible. ***Then***, Oracle *synchronizes that data to create individual profiles*, analyzes the data, and monetizes the data by selling it on its Data Marketplace." Order at 2-3 (emphasis added). In paragraph 28 of the FAC, Plaintiffs allege that:

> Upon information and belief, the processes used to intercept, analyze, compile, store and sell Plaintiffs' data are or were performed in California . . . ***With respect to Plaintiffs' intrusion upon seclusion and unjust enrichment claims, the last acts to make Oracle liable, including the creation, maintenance, and provision to third parties of these profiles, took place in California.***

FAC ¶ 28 (emphasis added). As such, Oracle becomes liable for the tort of intrusion upon seclusion when it "synchronizes that data to create individual profiles, analyzes the data, and monetizes the data by selling it on its Data Marketplace." Order at 2-3.

Earlier in these proceedings, the Court and Oracle recognized that the gravamen of Plaintiffs' intrusion upon seclusion claim is the intrusive nature of the compilation and analysis of the data Oracle has collected: "Plaintiffs' strongest argument lies in its allegation that Oracle's accumulation of a 'vast repository of personal data' . . . . from **compiling** Plaintiffs' browsing activity, online communications, ***and* offline activity**—is what contravenes the reasonable expectation of privacy". Dkt. 49 at 12 (emphasis added in bold) (holding that these allegations were "in line with the analysis provided in" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ("*Facebook Tracking*")). In coming to this conclusion, the Court observed that in *Facebook Tracking*, "the Ninth Circuit found a reasonable expectation of privacy from 'allegations that Facebook allegedly *compiled highly personalized profiles* from sensitive browsing histories and habits.'" *Id.* (emphasis added); *see also Facebook Tracking*, 956 F.3d at 598–99 (Plaintiffs adequately alleged that Facebook's practices "would cause harm or a material risk of harm to their interest in controlling their personal information" where Facebook used data it collected to subsequently compile "user profiles" that "reveal an individual's likes, dislikes, interests, and habits over a significant amount of time, without affording users a meaningful

opportunity to control or prevent the unauthorized exploration of their private lives."). Likewise, Oracle itself (in a different portion of its Reply brief) recognized that "Plaintiffs' core theory remains unchanged: [Oracle] purportedly violates consumers' privacy by *compiling and selling 'dossiers'* of their personal information."  Dkt. 63 at 1 (emphasis added).[2]

Accordingly, Plaintiffs respectfully submit that there is no reasonable interpretation of Plaintiffs' allegations—particularly one drawn in a light most favorable to Plaintiffs—that holds that Plaintiffs *must* show that the interception of data is unlawful to prove the tort of intrusion upon seclusion.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (when evaluating a motion to dismiss, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party").  While Plaintiffs separately allege that certain interceptions of personal data violate privacy interests, including those protected by specific wiretap statutes (*see* FAC ¶¶ 178-231), the intrusion claim rises or falls on proof of Oracle's dossier-building surveillance, and such a claim can be proven without also proving that the interception itself is unlawful.

Indeed, Plaintiffs' United States Class definition, which applies to the intrusion upon seclusion claim, *requires* post-interception processing of class members' data within Oracle's systems as a condition for membership.[3]  In other words, pursuant to Plaintiffs' allegations, one can pursue a claim for intrusion upon seclusion as a United States Class member only if their data was "used to create a profile and made available for sale or use through Oracle's ID Graph or Data Marketplace."  FAC ¶ 119.  As such, the *profiling* occurring in California, and not the

---

[2] Even the FAC paragraph referenced by Oracle in its Reply and then cited by the Court, paragraph 145, states—in the conjunctive—that "Oracle, in violation of Plaintiffs' and Class members' reasonable expectation of privacy, intercepts, collects, tracks*, and compiles* their web browsing activity and communications."  Further, Paragraph 166 states that "Oracle, in violation of Dr. Golbeck and Class members' reasonable expectation of privacy, intercepts, collects, tracks *and compiles* their web browsing activity and communications.  Paragraph 167 states that "[t]he nature and volume of the web browsing data collected is such that *Oracle's practice of compiling dossiers based on the data it collects* violates Dr. Golbeck and Class members' reasonable expectation of privacy."

[3] The United States intrusion upon seclusion class is defined as "All natural persons located in the United States whose personal information or data derived from their personal information*, was used to create a profile and made available for sale or use* through Oracle's ID Graph or Data Marketplace."  FAC ¶ 119 (emphasis added).

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS

interception, is at the center of the claim.

**B.    California Law Should Be Applied to Dr. Golbeck's and the United States Class's Intrusion Upon Seclusion Claim**

In its April 6, 2023 Order, the Court analyzed the choice of law question pursuant to California's "governmental interest approach," which employs:

> . . . a three-step process. The first task is to determine whether the laws of the affected jurisdictions are "the same or different." *Mazza*, 666 F.3d at 590 (quoting *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 81-82 (2010)). If the laws are different, the second step requires an examination of "each jurisdiction's interest in the application of its own law" to determine whether a true conflict exists. *Id.* If it does, then the final step involves analyzing "which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *Id.*

Order at 18.  At the first step, the Court found that the difference between California and Florida intrusion upon seclusion law is neither "trivial [n]or wholly immaterial," and therefore moved to the second and third steps of determining which state had the greater interest in applying its law.[4] Dkt. 49 at 20 (quoting *Mazza*, 666 F.3d at 591).  The Court found mistakenly that interception was the "last act" creating liability, and because under California law, the state where "the place of the wrong has the predominant interest," it held that Florida had the greater interest in applying its laws.  *Id*. (quoting *Mazza*, 666 F.3d at 593).

However, the choice of law question is entirely dependent upon Plaintiffs' theory of the case.  *Mazza,* 666 F.3d at 590-591 (only differences that are "material, that is, if they make a difference in *this* litigation," matter for purposes of a choice-of-law analysis) (emphasis added). As discussed above in Section I.A, Plaintiffs' central theory, as reflected in the proposed class definition, is that Oracle's compilation, analysis, and use of personal data provides the basis for the intrusion upon seclusion claim, and that conduct occurs, for all proposed United States class members, in California, on the same systems, regardless of where that information is collected. *See* FAC ¶¶ 28, 19-122, 141-155.

Because the relevant "last acts" actually took place in California, under California's "governmental interest approach" (*see* Dkt. 49 at 18), even assuming there is a material difference

---

[4] Plaintiffs respectfully disagree with this aspect of the Court's ruling, but do not seek reconsideration on this point.

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS

between California and Florida law, California has the greater interest applying its law to Oracle's conduct.  California's interest would be more impaired if its policies (as embodied by its consumer-protection requirement that Oracle register there as a data broker) are subordinated to the policies of Florida, for the reasons explained in Plaintiffs' Opposition brief. *See* Dkt. 67 at 19-20  (explaining why California's interest would be more impaired than Florida's if California law is not applied to Oracle's conduct, including that Oracle was headquartered in California for a substantial portion of the class period, Oracle's relevant data profiling and sales activities are in California, and Oracle has explicitly represented that the entity responsible for the processing of personal data was located in California (citing FAC ¶¶ 23-30)).  Accordingly, as the "last acts" making Oracle liable for intrusion upon seclusion take or took place in California, upon reconsideration the Court should apply California law to Dr. Golbeck's and the United States Class's claims.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a motion for reconsideration, and grant Plaintiffs' request that the Court deny Defendants' motion to dismiss Plaintiffs' intrusion upon seclusion claim under California law brought on behalf of the United States Class, without prejudice to raising choice of law at class certification. To the extent the Court declines to reconsider its dismissal of Plaintiffs' nationwide intrusion upon seclusion claim, Plaintiffs respectfully request, in the alternative, leave to amend to address in more detail the location of the "last acts" which make Oracle liable for the tort of intrusion upon seclusion.

Dated: October 20, 2023                    Respectfully Submitted,

                                                    */s Michael W. Sobol*

- 7 -

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS

Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Plaintiffs and the Class*

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION
CASE NO. 3:22-CV-04792-RS