1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  CHRISTIN HILL (CA SBN 247522)
   CHill@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone:    415.268.7000
5  Facsimile:    415.268.7522

6  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
7  WHITNEY O'BYRNE (CA SBN 325698)
   WOByrne@mofo.com
8  ERIK MANUKYAN (CA SBN 340307)
   EManukyan@mofo.com
9  EMMA BURGOON (CA SBN 348097)
   EBurgoon@mofo.com
10 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
11 Los Angeles, California 90017-3543
   Telephone:    213.892.5200
12 Facsimile:    213.892.5454

13 Attorneys for Defendant
   ORACLE AMERICA, INC.
14
   *Additional counsel on next page*
15

16              **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                   **SAN FRANCISCO DIVISION**

| 19 | MICHAEL KATZ-LACABE, et al., | Case No.    3:22-cv-04792-RS |
|---|---|---|
| 20 | Plaintiffs, | **DEFENDANT ORACLE AMERICA, INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| 21 | v. | |
| 22 | ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, | |
| 23 | Defendant. | Judge: Hon. Richard Seeborg |
| 24 | | Date: March 14, 2024 |
| 25 | | Time: 1:30 p.m. Courtroom: 3 |
| 26 | | Date Action Filed: August 19, 2022 |
| 27 | | SAC Filed:  November 17, 2023 Trial Date: Not set |
| 28 | | |

1  ZACHARY S. NEWMAN (NY SBN 5651518)
   Admitted *pro hac vice*
2  ZNewman@mofo.com
   MORRISON & FOERSTER LLP
3  250 West 55th Street
   New York, New York  10019-9601
4  Telephone:     212.468.8000
   Facsimile:     212.468.7900
5
   KYLE ZIPES (CA SBN 251814)
6  Kyle.Zipes@oracle.com
   NARGUES M. EDER (CA SBN 260289)
7  Nargues.M.Eder@oracle.com
   ORACLE AMERICA, INC.
8  500 Oracle Parkway
   Redwood Shores, CA 94065
9  Telephone:     650.506.7000

10 Attorneys for Defendant
   ORACLE AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

Defendant Oracle America, Inc. has moved to dismiss portions of Plaintiffs' Second Amended Complaint ("SAC").  In support of its motion, Oracle requests that the Court consider the following documents, attached to the Declaration of Purvi G. Patel, incorporated into the SAC by reference:

- **Exhibit A**:  A true and correct copy of Oracle Corporation's March 1, 2019 Submission to the Australian Competition and Consumer Commission Digital Platforms Inquiry (last accessed December 22, 2023), available at https://www.accc.gov.au/system/files/Oracle%20Corporation%20%28March%202019%29.PDF;

- **Exhibit B**:  A true and correct copy of a June 19, 2020 comment thread posted on news.ycombinator.com (last accessed December 22, 2023), available at https://news.ycombinator.com/item?id=23575517#23575760.

## II.  EXHIBITS A AND B ARE INCORPORATED BY REFERENCE

When ruling on a motion to dismiss, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A document may be incorporated by reference into a complaint if a plaintiff "refers extensively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002.  As the Court has previously recognized, documents are incorporated by reference where a plaintiff "clearly reference[s]" them "both by name and by link."  (*See* ECF No. 49 at 7 (incorporating by reference exhibits referred to "copious[ly]" in Plaintiffs' Complaint).)  **Exhibits A and B** meet this standard.

Plaintiffs rely on select quotations from **Exhibits A and B** repeatedly in the SAC to misleadingly allege that Oracle acted with a tortious purpose in running its ad tech business.  (*See* SAC ¶¶ 98 n.142, 123 n.159, 123 n.162, 124 n.165 (citing and linking to Exhibit A); *see also id.* ¶¶ 133 n.184-85 (citing and linking to Exhibit B).)  The Court can and should consider **Exhibits A and B**, which are complete copies of these documents, rather than Plaintiffs' select quotations and paraphrases. *Tellabs*, 551 U.S. at 322.

Oracle does not seek to incorporate these documents by reference "merely [to] create[] a defense to the well-pled allegations in the complaint." (ECF No. 49 at 7 (quoting *Khoja*, 899 F.3d

1  at 1002).)  Rather, Oracle aims to correct Plaintiffs' misleading characterizations of their contents.  *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 158 n.10 (9th Cir. 2014) (considering a document incorporated by reference where plaintiffs relied on "portions" in their complaint); *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 837-38 (N.D. Cal. 2000) (A "defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.  Thus, the court may consider the full text of a document the complaint quotes only in part." (citation omitted)).  The Court should therefore deem **Exhibits A and B** incorporated by reference.

### III.    CONCLUSION

For these reasons, Oracle respectfully requests that the Court consider **Exhibits A and B** to the Declaration of Purvi G. Patel incorporated by reference into Plaintiffs' SAC.

Dated: December 22, 2023                    MORRISON & FOERSTER LLP

By:    */s/ Purvi G. Patel*
          Purvi G. Patel

***Attorneys for Defendant***
***Oracle America, Inc.***