Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**PLAINTIFFS' OPPOSITION TO ORACLE AMERICA INC.'S REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

1  **I.    <u>INTRODUCTION</u>**

2          Oracle inappropriately invokes the doctrine of incorporation by reference in seeking to

3  insert Exhibit B to the Declaration of Purvi G. Patel, an online message board thread consisting of

4  *89 comments* from the website news.ycombinator.com, for the express purpose of controverting

5  Plaintiffs' allegations in the Second Amended Complaint ("SAC") and effectively obtaining a

6  ruling on disputed issues of fact.[1] Plaintiffs in their SAC quote two brief comments made by a

7  former Oracle employee on an online discussion board: (1) that the employee previously worked

8  on the BlueKai product, and (2) that Oracle's opt-out tool for the collection of online data is

9  "purposefully never updated and knowingly inaccurate." SAC ¶133. Plaintiffs cite these

10  comments in support of their ECPA allegations that Oracle has been aware of the tortious nature

11  of its conduct, in particular that Oracle knew its privacy practices were problematic because it

12  deliberately frustrated Class members' ability to opt-out of Oracle's tracking and profiling

13  activities, thereby intentionally invading Class members' privacy. *Id*. ¶¶ 132–133.

14          In an attempt to present its own counter-narrative to the facts as alleged in the SAC,

15  Oracle requests the Court incorporate by reference *all 89 comments* made within the comment

16  thread because, Oracle argues, rather than highlighting Oracle's broken privacy practices, another

17  comment in the thread reflects Oracle's "efforts to safeguard sensitive data and prevent its use for

18  prohibited applications." Dkt. No. 88 ("Motion to Dismiss") at 12. Notably, the vast majority of

19  the comments in the thread are made by many other declarants beyond the sole former Oracle

20  employee Plaintiffs quote. In doing so, Oracle effectively inserts its own version of the facts at

21  the pleading stage. This improper purpose is precisely what the Ninth Circuit expressly warned

22  against in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018): "the

23  unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks

24  premature dismissals of plausible claims that may turn out to be valid after discovery . . . [i]f

25  defendants are permitted to present their own version of the facts at the pleading stage—and

26  district courts accept those facts as uncontroverted and true—it becomes near impossible for even

27  ──────────────

28  [1] Plaintiffs do not oppose Oracle's request to incorporate by reference Exhibit A to the Declaration of Purvi G. Patel.

-1-    PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST
FOR CONSIDERATION OF DOCUMENTS
CASE NO. 3:22-CV-04792

the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." As the *Khoja* Court emphasized, "[s]uch undermining of the usual pleading burdens is not the purpose of . . . the incorporation-by-reference doctrine." *Id*. at 999. The Court should reject Oracle's transparent attempt to present Oracle's own version of the facts on this motion to dismiss.

## II.   ARGUMENT

### A.   Legal Standard

Incorporation by reference is "a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. The doctrine "is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *M.O.R.E., LLC v. U.S.*, No. 12-cv-03609-JST, 2015 WL 5093621, at *3 (N.D. Cal. Aug. 28, 2015).

Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja,* 899 F.3d at 1002 (quoting *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The Ninth Circuit has warned, however, that "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id*. at 1003. Incorporation by reference is improper if used "to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id*. at 1014. If a document "merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id*. at 1002. "Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id*. Thus, while "a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)' . . . it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*. at 1003 (citation omitted).

### B.   Incorporation by Reference is Improper Because Plaintiffs Do Not Extensively Refer to Exhibit B Nor Does the Document Form the Basis Of Plaintiffs' Claims.

The Court should deny Oracle's request to incorporate by reference Exhibit B into the

SAC because Plaintiffs neither refer "extensively to the document" nor does it "form the basis" of Plaintiffs' claims. *See Khoja,* 899 F.3d at 1002. Plaintiffs reference only two of the 89 comments in the thread, and do so only once in the SAC, at paragraph 133. Courts have held that referring to a document once or twice in a complaint is insufficient to meet the incorporation by reference standard. *See Riley v. Chopra*, No. CV 18-3371 FMO (SKX), 2020 WL 5217154, at *1–2 (C.D. Cal. June 19, 2020) (denying defendant's request to incorporate certain documents by reference because plaintiffs' exhibits 7–9 and 13–15 were only cited once in the complaint and exhibit 5 only twice). As the Ninth Circuit explained in *Khoja*, the "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" 899 F.3d at 1002 (internal quotation marks omitted). This alone justifies denial of the request.

Further, it is inappropriate to incorporate a document by reference into a complaint if assumptions about the document contents "only serve to dispute facts stated in a well-pleaded complaint." *Khoja,* 899 F.3d at 1003. This is precisely what Oracle attempts here. *See* Motion to Dismiss at 11–12. Oracle seeks to introduce its own counter-narrative to Plaintiffs' well-pled allegations by suggesting that *other* comments on *other topics* show "the same anonymous commenter's endorsement of Oracle's privacy regime and practices." *Id.* First, whether or not the comment Oracle seeks to introduce says what Oracle thinks it does, Oracle is explicitly attempting to insert that comment for the purpose of disputing the facts as pled in the complaint; in Oracle's own words, "Oracle aims to correct Plaintiffs' misleading characterizations" in the SAC. Dkt. 89 at 2. This is plainly improper under *Khoja*.

Second, the comment simply does not say what Oracle suggests it does, and even parsing Oracle's interpretation of this material, which is extraneous to the SAC, requires separate analysis beyond what is relevant to this motion. In fact, this statement in no way addresses, let alone neutralizes, Plaintiff's allegations regarding Oracle's intentional foiling of class members' ability to exercise their rights under the California Consumer Privacy Act. Oracle points to a statement by the anonymous employee—in a separate part of this extensive comment thread—saying that the author of the TechCrunch article that is the subject of the thread "talks a lot about the sanitized huge anonymous audience (like in-market for cars) but then skips to user-specific data

(Steve who spent $10 gambling on 4/19.)" Dkt. 88-1, Ex. B at 8 ("Patel Dec"). Oracle nonsensically suggests this statement is somehow an "endorsement of Oracle's privacy regime and practices." Motion to Dismiss at 11–12. But the comment goes on to say that "These two things, 3rd party and 1st party data, are very different. Stored differently, different user access, different rules, etc. If Oracle accidentally made all their client's 1st party data public they'd get sued out of existence," referring to the fact that BlueKai data about class members was made public in the data breach that is the subject of the TechCrunch article. *See* Patel Dec, Ex. B at 8. The commenter further notes the likelihood of the public exposure of class members' data given the scope of Oracle's surveillance and data dissemination operations—consistent with Plaintiffs' allegations in the SAC: "Oracle sends their dataset to like 200 different partners and it's in a constant state of being updated, *so it's not surprising one of those was misconfigured*." *Id.* (emphasis added). Far from constituting any sort of "endorsement" of Oracle's practices, these comments note the near-inevitability of the exposure of class members' data online—an entirely different subject from the question of the accuracy of Oracle's opt-out tools. It has no bearing at all on the meaning or import of the single sentence by this employee that Plaintiffs rely on in the SAC, which says that Oracle's opt-out tool for the collection of online data is "purposefully never updated and knowingly inaccurate." Oracle has no response to the plain meaning of that comment; instead, it is simply trying to change the subject.

Oracle, at most, has now raised a factual dispute as to this employee's *actual* intention and understanding with respect to Oracle's privacy practices—an issue that can only be resolved through discovery, not on the pleadings. On the instant motion to dismiss, the Court must interpret the comment in the SAC that Oracle's opt-out tool is "purposefully never updated and knowingly inaccurate" in the light most favorable to Plaintiffs, i.e., that, as Plaintiffs allege, Oracle's employees understood its privacy practices to be problematic. *See Khoja,* 899 F.3d at 1014 ("The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."). Should Oracle seek to submit evidence regarding the efficacy of its privacy tools and the genuineness of its efforts, it can do so through discovery. Oracle will have the opportunity at

1   summary judgment to present these facts to rebut Plaintiffs' allegations regarding Oracle's

2   understanding of its faulty privacy practices; Oracle cannot use the doctrine of incorporation by

3   reference to do so on a motion to dismiss. The Court should follow the Ninth Circuit's

4   straightforward directive in *Khoja* and reject Oracle's attempt to insert into the SAC its

5   interpretation of the evidence as well as the inferences Oracle derives therefrom.

6   **III.    <u>CONCLUSION</u>**

7            Plaintiffs dispute Oracle's interpretation of the comment thread in Exhibit B that it seeks

8   to present to the Court as well as the further inferences it draws from the document. Oracle is

9   entitled to present its self-serving version of the facts to a factfinder at the fact-finding stage. It

10  cannot do so on a motion to dismiss. The Court should deny Oracle's request to incorporate

11  Exhibit B by reference into the SAC.

12

13

14      Dated: January 22, 2024                    Respectfully Submitted,

15                                                  */s/     Michael W. Sobol*

16                                                  Michael W. Sobol (SBN 194857)
                                                    msobol@lchb.com
17                                                  David T. Rudolph (SBN 233457)
                                                    drudolph@lchb.com
18                                                  Jallé H. Dafa (SBN 290637)
                                                    jdafa@lchb.com
19                                                  John D. Maher (SBN 316157)
                                                    jmaher@lchb.com
20                                                  Nabila Abdallah (SBN 347764)
                                                    nabdallah@lchb.com
21                                                  LIEFF CABRASER HEIMANN & BERNSTEIN,
                                                    LLP
22                                                  275 Battery Street, 29th Floor
                                                    San Francisco, CA  94111-3339
23                                                  Telephone:  415.956.1000
                                                    Facsimile:  415.956.1008

24                                                  *Attorneys for Plaintiffs and the Class*

25

26

27

28