TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
WHITNEY O'BYRNE (CA SBN 325698)
WOByrne@mofo.com
ERIK MANUKYAN (CA SBN 340307)
EManukyan@mofo.com
EMMA BURGOON (CA SBN 348097)
EBurgoon@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone:    213.892.5200
Facsimile:    213.892.5454

Attorneys for Defendant
ORACLE AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL KATZ-LACABE, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3-22-cv-04792-RS<br><br>**DEFENDANT ORACLE AMERICA, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge:  Hon. Richard Seeborg<br><br>Date:  March 14, 2024<br>Time:  1:30 p.m.<br>Courtroom:  3<br><br>Date Action Filed:  August 19, 2022<br>SAC Filed:  November 17, 2023<br>Trial Date:  Not set |

1  ZACHARY S. NEWMAN (NY SBN 5651518)
   (Admitted *pro hac vice*)
2  ZNewman@mofo.com
   MORRISON & FOERSTER LLP
3  250 West 55th Street
   New York, New York 10019-9601
4  Telephone:    212.468.8000
   Facsimile:    212.468.7900
5
   KYLE ZIPES (CA SBN 251814)
6  Kyle.Zipes@oracle.com
   NARGUES M. EDER (CA SBN 260289)
7  Nargues.M.Eder@oracle.com
   ORACLE AMERICA, INC.
8  500 Oracle Parkway
   Redwood Shores, California 94065
9  Telephone:    650.506.7000

10 Attorneys for Defendant
   ORACLE AMERICA, INC.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Contrary to Plaintiffs' characterization, Oracle does not ask the Court to consider "all 89 comments made within a comment thread" they cite in the Second Amended Complaint ("SAC") as incorporated by reference.[1] Oracle's request is tailored to the ten other comments made by a purported former Oracle employee whose cherry-picked comment serves as the basis for Plaintiffs' renewed ECPA claim.[2] Oracle makes this request because Plaintiffs' allegations of tortious intent arising from this singular comment are implausible in light of the *same user's* other comments within the same document and on the same subject. Far from presenting any "counter narrative," Oracle only asks that Plaintiffs be prevented from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

## II. ARGUMENT

Plaintiffs make three points in opposition to Oracle's request to incorporate **Exhibit B** by reference that: (1) they do not refer to **Exhibit B** "extensively" in the SAC; (2) Oracle seeks to incorporate **Exhibit B** solely to "introduce its own counter-narrative to Plaintiffs' well-pled allegations"; and (3) the comment contained within the exhibit "simply does not say what Oracle suggests it does." (Opp. to Request at 3.) None of these arguments persuade.

### A. A Single Comment in Exhibit B Forms the Basis of Plaintiffs' ECPA Claim

*Khoja*, on which Plaintiffs heavily rely, confirms that incorporation by reference is appropriate where a document is central to a plaintiff's claims, regardless of how "extensively" the document is explicitly referenced. *See Khoja*, 899 F.3d at 1006 (documents only cited twice but critical to the plaintiffs' theory of liability incorporated by reference).[3] Attempting to invoke

---

[1] (ECF No. 91 ("Opp. to Request") at 1.)

[2] **Exhibit B** to the Patel Declaration in Support of Oracle's Motion to Dismiss Portions of the SAC ("Exhibit B"). (ECF No. 88-1 at 78-85.)

[3] Plaintiffs' additional case is inapposite. In *Riley v. Chopra*, No. CV 18-3371 FMO (SKx), 2020 WL 5217154, at *1-2 (C.D. Cal. June 19, 2020), the defendants sought to incorporate by reference 16 documents that were mentioned once or twice, but not relied on as a basis for the plaintiffs' claims.

1  ECPA's crime-tort exception, Plaintiffs offer **Exhibit B**, from which they quote three times in the
2  SAC, to supposedly demonstrate that "Oracle employees were . . . aware . . . that the company's
3  privacy practices were problematic." (SAC ¶ 133.) The allegation is a verbatim recitation of the
4  Court's discussion of *Brown v. Google*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) in its prior order
5  dismissing the ECPA claim and is at the core of Plaintiffs' attempt to graft their case to *Brown*.
6  (*See* ECF No. 77 at 11 ("*Brown* had identified internal Google communications referring to the
7  company's privacy practices as problematic.").) Plaintiffs' citation to **Exhibit B** therefore
8  comprises much more than a "mere mention of the existence of a document." *Khoja*, 899 F.3d at
9  1002 (citation omitted). Rather, **Exhibit B** forms the basis of Plaintiffs' claim that Oracle acted
10 with tortious intent, which Plaintiffs must adequately plead for their ECPA claim to survive.

        **B.**    **Other Comments by the Same User in Exhibit B Show that Plaintiffs' Allegations are Implausible**

13         Plaintiffs are wrong that Oracle "seeks to introduce its own counter-narrative to Plaintiffs'
14 well-pled allegations" regarding **Exhibit B**. (Opp. to Request at 3.) Oracle asks the Court to
15 incorporate the exhibit by reference to correct Plaintiffs' misleading characterization of the
16 cherry-picked comment they rely on, and to show that their allegations of tortious intent flowing
17 from the comment are implausible. Plaintiffs have chosen one quote from *several* made by the
18 alleged Oracle ex-employee, and omitted those that would plausibly support an inference
19 different from the one they draw. Oracle simply seeks to incorporate the remaining comments
20 made by the user to prevent Plaintiffs from "surviving a Rule 12(b)(6) motion by deliberately
21 omitting references to documents upon which their claims are based." *Khoja*, 899 F.3d at 1002
22 (quoting to *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on
23 other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir.
24 2006)). It is entirely appropriate for Oracle to ask the Court to consider the user's other
25 comments on the same subject when determining whether Plaintiffs have plausibly alleged
26 tortious intent. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (the court
27 may consider "documents whose contents are alleged in a complaint and whose authenticity no
28 party questions, but which are not physically attached" to the pleading (citation omitted)); *Khoja*,

REPLY ISO ORACLE'S REQUEST FOR CONSIDERATION
OF DOCUMENTS INCORPORATED INTO SAC       2      CASE NO. 3-22-cv-04792-RS
sf-5726958

899 F.3d at 1002 (the incorporation-by-reference doctrine permits courts to treat certain documents as though they are part of the complaint itself).

### C. Plaintiffs' Arguments Interpreting Exhibit B are Immaterial

Finally, Plaintiffs devote over a page of their opposition to Oracle's request for incorporation by reference to arguing the substance of the comments Oracle relies on in moving to dismiss the ECPA claim. (Opp. to Request at 3-4 (interpreting whether other comments made by the user mean what Oracle "suggests" they mean).) The proper place for these arguments is Plaintiffs' opposition to Oracle's motion to dismiss, and the Court should disregard them as an improper end-run around the page limits imposed by the Local Rules. *See* N.D. Cal. Civ. Local R. 7-4(b) (imposing a 25-page limit). In any event, Plaintiffs' characterizations of the user's comments are wrong for the reasons discussed in Oracle's opening and reply briefs. (*See* ECF No. 88 at 11-12; ECF No. 92 ("Reply") at 11-12.)

### D. Plaintiffs Concede a Blog Post on Oracle's Website Is Incorporated by Reference

Separately, in their opposition to Oracle's motion to dismiss, Plaintiffs extensively quote from a blog post on Oracle's website, including multiple quotations not expressly included in the SAC. (*See* ECF No. 90 ("Opp.") at 10-11.) In so doing, Plaintiffs plainly treat that document as if it is incorporated by reference in its entirety.[4] In light of Plaintiffs' reliance on the document, and as a courtesy to the Court, Oracle submits the full text of the blog post as an attachment to the Reply Declaration of Purvi G. Patel:

- **Exhibit C:** A true and correct copy of the blog post titled *Google's Privacy Sandbox – We're all FLoCed* appearing on Oracle's website (last accessed Feb. 12, 2024), available at https://www.oracle.com/news/announcement/blog/google-privacy-sandbox-030721/.

As with **Exhibit B** discussed above, Plaintiffs rely on **Exhibit C** to support their ECPA claim. In the SAC, Plaintiffs block quote two full paragraphs from the exhibit in an attempt to show

---

[4] Plaintiffs' reliance on portions of **Exhibit C** not included in the SAC is inconsistent with their position with respect to **Exhibit B**. Plaintiffs contend that they are at liberty to bootstrap the allegations in the SAC with any portion of the documents they cite, but simultaneously argue that Oracle should be precluded from doing the same, particularly where those portions render Plaintiffs' claims implausible.

1   Oracle's purported tortious intent.  (*See* SAC ¶¶ 125-26.)  Implicitly recognizing that the entire
2   document is incorporated into the SAC, Plaintiffs quote four different statements from the post in
3   the opposition.  (Opp. at 10-11.)  As discussed in Oracle's reply brief, Plaintiffs' claim that the
4   post shows Oracle acted with tortious intent is implausible.  (Reply at 11-12.)  But however
5   implausible, Plaintiffs' reliance on statements throughout the blog post—including those not
6   included in the SAC—clearly reflects an understanding that the entire document is incorporated
7   into the SAC.  *See Khoja*, 899 F.3d at 1007 (incorporation by reference recognized given
8   "numerous references" to cited document).

### III.  CONCLUSION

For the foregoing reasons, Oracle respectfully submits that the Court can and should consider **Exhibits B and C** through the incorporation-by-reference doctrine.

Dated: February 12, 2024                                    MORRISON & FOERSTER LLP

                                                            By: */s/ Purvi G. Patel*
                                                                 Purvi G. Patel

                                                            ***Attorneys for Defendant***
                                                            ***Oracle America, Inc.***