Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorney for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**<br><br>[N.D. Cal. L.R. 7-11]<br><br>Judge: Hon. Richard Seeborg<br><br><br>Date Action Filed: August 19, 2022<br>Trial Date: None set |

## I.    **INTRODUCTION**

Plaintiffs move pursuant to Civil Local Rule 7-11 for Leave to File a Surreply in Opposition to Defendant's Motion to Dismiss Portions of the Second Amended Complaint in light of belatedly-produced evidence which conclusively refutes a central argument in Oracle's current Motion to Dismiss and undercuts its position that further amendment would be futile.  For nearly a year and a half, Oracle has purposely withheld production of the personal data of Plaintiffs it has collected, while at the same denying that data's existence, and making disingenuous arguments to this Court about the character of the data it possesses to portray its business conduct in a false light.  Specifically, Oracle's vast store of personal data assembled about the Plaintiffs, including data and inferences from data about sensitive health, ethnic, and political attributes, produced just days *after* briefing closed on the final motion to dismiss, shows that, in addition to unlawfully intercepting personal data in violation of the Electronic Communications Privacy Act ("ECPA"), Oracle put that data to "further use" that is tortious, making the application of the "exception to the exception" appropriate.  Although Plaintiffs assert that the Second Amended Complaint ("SAC," Dkt. No. 87), as already drafted, adequately pleads the ECPA claim and its "exception to the exception," Plaintiffs respectfully ask, in an abundance of caution, for leave to file a surreply brief to show how this information—which Oracle tactically withheld and should have been produced months ago while Plaintiffs were re-drafting their pleadings—could now be used to address any shortcomings in the pleadings should the Court determine any exist with respect to the ECPA claim.

## II.    **ARGUMENT**

Oracle filed its Motion to Dismiss on December 22, 2023 (Dkt. No 88), Plaintiffs filed their Opposition on January 22, 2024 (Dkt. No. 90), and Oracle filed its Reply brief on February 12, 2024 (Dkt. No. 92).  After Oracle produced long-withheld evidence on February 16, 2024, Plaintiffs requested that Oracle consent to the filing of a surreply to reference the evidence. Defendants did not so stipulate, thereby necessitating the instant administrative motion.  Rudolph Decl. ¶ 3.

A central issue in Oracle's Motion to Dismiss is whether the "exception to the exception" to Plaintiffs' ECPA claim applies here. The ECPA provides that "consent" to the otherwise unlawful interception of the contents of an electronic communication provides no defense where

PLAINTIFFS' ADMINISTRATIVE MOTION FOR
LEAVE TO FILE SURREPLY
CASE NO. 3:22-CV-04792-RS

"such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d). As this Court has noted, to successfully plead this so-called "exception to the exception" (i.e., the tort exception to the consent exception), Plaintiffs must allege "the primary motivation or a determining factor in the interceptor's actions has been to injure plaintiffs tortiously." *Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2021 WL 2026726, at *6 n.8 (N.D. Cal. May 21, 2021) (citations omitted).  Plaintiffs' SAC alleges that Oracle's "culpable mind" is in part demonstrated by the fact that Oracle has continued to collect, analyze, and use class members' sensitive personal information despite representing to the world (and this Court) that it does not. SAC ¶¶ 128–131.[1]  The SAC further alleges that Oracle was well aware of the invasive and harmful nature of its conduct, but chose to continue with it. SAC ¶¶ 119–133. Thus, Oracle did not act under the "mere possibility [that] Oracle's data collection activities could at some future date be deemed tortious," it acted with a "culpable mind." *See* Pls.' Opp'n Br., Dkt. No. 90 at 8.

Evincing its culpable mind, Oracle continues to offer "sensitive interest segments" for sale, including segments based on political orientation. SAC ¶¶ 128–131.  Segments are "inferences" about people's attributes drawn from their respective personal information, which are, by law, themselves personal data.  Op. No. 20-303, 2022 WL 815641, at *2 (Cal. A.G. Mar. 10, 2022) ("inferences" such as segments constitute "personal information").  In its Reply brief filed on February 12, 2024, Oracle denies it traffics in personal data about people's politics in an attempt to support its argument that Plaintiffs' allegations insufficiently demonstrate Oracle's "culpable mind." *See* Dkt. No. 92 at 12 n.12 (Oracle stating that "Plaintiffs attempt to bolster their allegations by insinuating that Oracle misrepresented its sale of these interest segments to the Court," and then quoting itself, Dkt. No. 63 at 3, stating it "does not use any data it receives from customers to create sensitive interest segments, including . . . political [] orientation.").

Yet, the very *next day*, Oracle generated records from its systems (and produced them a few

---

[1] SAC ¶ 131 ("Oracle's duplicitousness on this issue is not a product of happenstance or misunderstanding—Oracle deliberately conceals from the public that it creates profiles of them based on sensitive information such as their political orientations, and then further associates data it surreptitiously intercepts when Class members communicate with websites with those profiles. It deliberately conceals these facts because it knows the conduct it engages in is harmful and invasive of Class members' privacy and would be immediately recognized as such once publicly revealed.").

days later) showing tens of thousands of data points about Plaintiffs, collected over many years.[2] Some of these data are highly sensitive, including specific health-related purchases and inferences related to gender, race, and sexual reproductive decisions.  Also in this production are political data and inferences, some of which were created as recently as during the course of this litigation.  In other words, a day after representing in this litigation that Oracle does not create sensitive political segments concerning Plaintiffs, it produced data definitively establishing it does do so.[3]

Oracle tactically timed its production of this data.  Plaintiffs requested the Plaintiffs' personal data in Oracle's possession in November 2022.  Over the course of the last year and a half, Oracle first denied the existence this data, and then, after finally acknowledging its existence, refused to produce it. Only after Plaintiffs initiated a motion to compel, sending Oracle a draft discovery dispute letter on February 12, 2024, pursuant to this Court's Scheduling Order, did Oracle produce some responsive data.  As the metadata from this production shows, it was on the next day, February 13, 2024, that Oracle internally assembled the data, revealing that it had been sitting on it for months.[4]  Had Oracle timely produced this data, Plaintiffs could have incorporated it into the SAC to bolster allegations regarding Oracle's "culpable mind."  Among other things, this data definitively resolves "whether Oracle plausibly did collect and aggregate information to reveal" sensitive information related to health, race, and politics, the plausibility of which the Court had previously characterized as a "close question."  Dkt. No 49 at 12.

Where, as here, evidence relevant to a motion to dismiss is produced after the briefing closes,

[2] Thus far, Plaintiffs have identified the following documents produced by Oracle as containing data related to them: ORCL_KATZ000160573, ORCL_KATZ000160571, ORCL_KATZ000160572ORCL_KATZ000160578, ORCL_KATZ000160574, ORCL_KATZ000160575, ORCL_KATZ000160577, ORCL_KATZ000082493, ORCL_KATZ000090677. The metadata for these documents reflect they were created on February 13, 2024.

[3] Because this evidence was only recently produced and is voluminous (the Excel spreadsheets at issue collectively print out to over ten thousand standard pages), Plaintiffs are continuing to analyze it.  If helpful in resolving the instant Administrative Motion, Plaintiffs will lodge these documents (designated by Oracle as "Highly Confidential – Attorneys Eye's Only") with the Court.

[4] Initial analysis of the spreadsheets containing this data reveals that they are manually generated documents created for this litigation, rather than automated outputs of relevant data generated in the ordinary course of business. Central to this litigation is a fulsome understanding of the complete nature and content of the personal data the Oracle has collected. Oracle's production of data curated by counsel for purposes of litigation likely obfuscates the full scope of the data; Plaintiffs have already identified what appear to be manual errors in these documents, the rectification of which will further delay Plaintiffs' ability to full understand the data Oracle has collected on them.

the Court may properly consider that evidence. *FTC - Forward Threat Control, LLC v. Dominion Harbor Enters., LLC*, No. 19-cv-06590-EJD, 2020 WL 5545156, at *4 (N.D. Cal. Sept. 16, 2020) (denying motion to file surreply but granting administrative motion for leave to file supplemental evidence obtained through discovery after briefing on motion to dismiss had closed).  Because Oracle withheld this data until after the briefing on the motion to dismiss was complete, Plaintiffs did not have the opportunity to present this evidence to the Court, either through amendment or through the judicial notice process. *Geringer v. Strong*, No. 215CV08696CASGJSX, 2016 WL 2732134, at *1 n.1 (C.D. Cal. May 9, 2016) (noting "a sur-reply may be an appropriate vehicle to submit new authorities or evidence that were unavailable at the time an opposition was filed" and granting leave to file surreply because "plaintiff's sur-reply cites evidence obtained after the filing of plaintiff's opposition").

Accordingly, Plaintiffs respectfully request that if the Court is inclined to dismiss Plaintiffs' ECPA allegations, Plaintiffs be granted leave to file a surreply to proffer this evidence belatedly-produced by Oracle which will demonstrate that the ECPA claim is adequately pleaded, or alternatively, that leave to amend is appropriate.

## III.   **CONCLUSION**

For the reasons set out above, Plaintiffs respectfully request that the Court grant leave to file a Surreply in Opposition to Defendant's Motion to Dismiss.

Dated: March 1, 2024

*/s/ Michael W. Sobol*
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

*Attorneys for Plaintiffs and the Class*

PLAINTIFFS' ADMINISTRATIVE MOTION FOR
LEAVE TO FILE SURREPLY
CASE NO. 3:22-CV-04792-RS