Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Richard Seeborg<br><br>Date: March 28, 2024<br>Time: 1:30pm<br>Courtroom: 3<br><br>Date Action Filed: August 19, 2022<br>Trial Date: None set |

Plaintiffs move pursuant to Civil Local Rules 7-11 and 79-5 to seal portions of Plaintiffs' Surreply in Opposition to Defendant's [Third] Motion to Dismiss Portions of the Second Amended Complaint. Specifically, Plaintiffs move to seal quotations from records of the detailed personal attributes that Oracle generated about them (referred to herein as "audiences" or "segments"). This Court has recognized that "[i]t would be perverse to hold an individual entitled to no protection where a company amalgamates many pieces of information about that individual's preferences on the grounds that revealing any one preference is no big deal." Order Granting in Part and Den. in Part Pls.' Mot. to Seal at 17, ECF No. 77 (Oct. 3, 2023) ("Order"). This especially holds where Plaintiffs quote "audiences" selected to convey *particularly* sensitive information about Plaintiffs.

As required by Civil Local Rules 79-5(e)[1] and 7-11(a), Plaintiffs simultaneously submit (1) the declaration of David T. Rudolph in support of Plaintiffs' Administrative Motion to File Under Seal; (2) an unredacted version of Plaintiffs' Surreply in Opposition to Defendant's [Third] Motion to Dismiss Portions of the Second Amended Complaint, highlighted to indicate the proposed redactions; and (3) a proposed order that lists each portion of the surreply brief sought to be sealed.

## I.     ARGUMENT

On February 16, 2024, Oracle produced records of Plaintiffs' data generated from its systems, showing tens of thousands of data points and inferences about each Plaintiff, collected over many years. Pls.' Surreply Br. at 3. Plaintiffs' surreply brief provides examples of particularly sensitive information in these records, including "audiences" comprised of specific health-related purchases; data related to political leanings; and inferences related to gender, race, and sexual reproductive decisions. *Id.* Plaintiffs have narrowly tailored their sealing request and seek only to redact specific quotations from this data. In this instance, Plaintiffs have compelling reasons to seal their private material, and their interest in keeping this information private

---

[1] While Oracle marked the documents at issue "Highly Confidential—Attorneys' Eyes Only," Plaintiffs move under Civil Local Rule 79-5(e) rather than 79-5(f) because these documents contain independently sealable material, as argued herein.

outweighs the public's interest in its disclosure.

**A.**     <u>**Plaintiffs' Narrowly Tailored Redactions are Necessary to Protect Intimate Details of Their Private Lives from Becoming Public.**</u>

As the Court previously held, "the release of a detailed dossier of information about an individual that, by virtue of its comprehensiveness, implicates privacy concerns is compelling." Order at 17. Here again Plaintiffs seek to protect sensitive details of their private lives from public disclosure. The internal records that Plaintiffs seek to redact in their surreply brief are derived from two spreadsheets recently produced by Oracle: ORCL_KATZ000160571 and ORCL_KATZ000160574.[2] These spreadsheets contain the audiences that Oracle's systems assigned to each Plaintiff. Audiences are "inferences" about a person's attributes, interests, habits, beliefs, or demographics drawn from their respective personal information (*e.g.*, an individual's purchasing habits and web browsing interests), which are, by law, themselves personal data. Op. No. 20-303, 2022 WL 815641, at *2 (Cal. A.G. Mar. 10, 2022) ("inferences" such as segments constitute "personal information").

Plaintiffs request that the Court seal direct quotations from cells in the following three columns of the audience spreadsheets: one which characterizes the group; another which, if available, provides a detailed description of the type of person included in that group; and a third which indicates when the audience was last updated. The information contained in these cells is uniquely generated for each Plaintiff and reveal intimate personal information, decisions, and activities. Given the intimate nature of Oracle's "audiences," Plaintiffs have a compelling interest to keep this information private. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 604 (9th Cir. 2020) (finding Plaintiffs had a privacy interest in "highly personalized profiles from sensitive browsing histories and habits" that were collected and compiled about them).

Sealing is especially warranted here, where Plaintiffs have extracted and cited particularly sensitive "audiences" in demonstrating that Oracle had tortious intent under the Electronic

---

[2] The production also included two spreadsheets, ORCL_KATZ000160572 and ORCL_KATZ000160577, which reflect personal demographic data that Oracle collected about the Plaintiffs. Oracle designated the entirety of these spreadsheets "Highly Confidential – Attorneys' Eyes Only" under the Joint Stipulated Protective Order, ECF No. 28 (Dec. 8, 2022).

Communications Privacy Act ("ECPA"). *See generally* Pls.' Surreply Br. From a preliminary review of these documents, Plaintiffs have found that Oracle's "audiences" reveal Plaintiffs' medical conditions, health-related purchases, demographic information, reproductive health decisions, and political views. The sensitive nature of this information goes beyond the type of revealing information about an individual's "likes, dislikes, interests, and habits" that California law recognizes a privacy interest in. Order at 17 (recognizing that Plaintiffs "clearly have a privacy interest" in this information) (quoting *In re Facebook*, 956 F.3d at 599); Op. No. 20-303, 2022 WL 815641, at * 2. As such, Plaintiffs have a compelling interest to keep this information under seal. *See Nia v. Bank of Am., N.A.*, No. 21-1799, 2024 WL 171659, at *13 (S.D. Cal. Jan. 12, 2024) (compelling reason to seal plaintiff's "sensitive personal and financial information" related to immigration status); *Doe v. City of San Diego*, No. 12-689, 2014 WL 1921742, at *2–4 (S.D. Cal. May 14, 2014) (compelling reason to seal a psychological report containing "highly personal information").

**B.      Plaintiffs Risk Injury if Sealing is Denied.**

Plaintiffs' proposed redactions prevent sensitive personal information from public disclosure, protecting both their "informational privacy" and "autonomy privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 35 (1994) (explaining that California law protects "(1) interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')."). Given the nature of the arguments made in the surreply brief, Plaintiffs have cited particularly sensitive information from the data Oracle has produced.  Plaintiffs' redactions prevent exposure not only of confidential and sensitive information, such as medical conditions, but also safeguard their autonomy by shielding particularly sensitive habits, opinions, interests, and decisions from the public. These include information related to Plaintiffs' reproductive decisions, political and religious views, and alcohol purchasing habits, which if unsealed would enter into the public domain. *See* Pls.' Surreply Br. at 4–6 nn.8–15; *In re Facebook*, 956 F.3d at 589 (privacy interest in website browsing history, including habits over time).

Disclosure of this sensitive information would negatively impact Plaintiffs. Plaintiffs take extensive measures to protect their personal information from third parties. Second Am. Class Action Compl. ¶¶ 4, 12, 269(a). It would be incongruous to require public disclosure of sensitive personal information to litigate claims brought to protect that information. It would also have a chilling effect on individuals' desire to enforce privacy rights in the future. To prevent injury, courts regularly seal personal information from public disclosure. For example, "[c]ourts have consistently found private patient health information presents a compelling reason to file under seal." *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-01305, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) (citation omitted). This Court has recognized Plaintiffs' cognizable legal interest in protecting information about their "likes, dislikes, interests, and habits," Order at 17 (quoting *In re Facebook*, 956 F.3d at 599); this data, "when combined with other data points across masses of data, may be exploited to deduce startlingly personal characteristics." Op. No. 20-303, 2022 WL 815641, at *5 (citations omitted). Placing their "startlingly personal characteristics" in the public record would harm Plaintiffs. Therefore they must be sealed.

**C.    Plaintiffs' Interest in Guarding a Small Amount of Personal Information Outweighs the Public's Interest in its Disclosure.**

In accordance with Civil Local Rule 79-5(a), Plaintiffs seek to seal portions of their surreply brief containing specific detailed personal information that Oracle collected about them. *See* Pls.' Surreply Br. at 5–6 nn.8–15; *id.* at 6 n.16; Civil L.R. 79-5(a) (requiring that parties "minimize the number of documents filed under seal").[3] While courts must balance "the competing interests of the public [against those of] the party who seeks to keep certain judicial records secret," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted), here Plaintiffs' reasons for sealing sensitive portions of their brief "outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).

As described above, Plaintiffs have a strong interest in redacting their Oracle "audiences." *See supra*; *see also* Order at 17 (sealing Plaintiffs' OARRRs due to "compelling" privacy

---

[3] Plaintiffs propose narrow redactions that only redact quotations from two spreadsheets that Oracle itself designated as "Highly Confidential – Attorneys' Eyes Only."

concerns). Indeed, the information cited in the surreply brief—explicitly referencing specific health conditions and political views—is even more sensitive than that contained in the OARRRs, which the Court has already found warrants sealing. *Id.* Meanwhile, the public has only a minimal interest in learning this information. Exposing Plaintiffs' private information neither promotes the public's understanding of the judicial process nor increases the accountability of federal courts. *See Ctr. for Auto Safety*, 809 F.3d at 1096 (presumption of public access is based on the interests of "accountability and for the public to have confidence in the administration of justice") (citations omitted). Plaintiffs' surreply brief demonstrates the highly sensitive categories that Oracle maintains and sells about individuals, categories that Oracle has withheld until now. However, revealing Plaintiffs' specific medical conditions, political views, and other sensitive information will not aid the public's "understanding [of] the judicial process," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (citations omitted). As the Court previously found, "even with redactions, [Plaintiffs' documents] still communicate to the public the types of information that are at issue in this action." Order at 17.

Accordingly, Plaintiffs' strong interest in protecting their sensitive personal information outweighs any minimal interest the public has in its disclosure. Therefore, the court is well within its discretion to seal Plaintiffs' demographic attributes, interest-based audiences, medical conditions, private choices or views, and sensitive purchases or habits.[4]

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to File Under Seal portions of Plaintiffs' Surreply in Opposition to Defendant's [Third] Motion to Dismiss Portions of the Second Amended Complaint.

---

[4] *See, e.g.*, *Andruhovics v. S.F. Sheriff's Off.*, No. 22-01178, 2023 WL 2504756, at *2 (N.D. Cal. Mar. 13, 2023) (finding compelling reason to seal because the sensitive information contained in the documents was "unrelated to the public's understanding of the judicial proceedings . . . ") (citations omitted); *Doe v. San Diego*, 2014 WL 1921742, at *4 (exhibit's disclosure of personal information compelling reason to seal the exhibit).

Dated: March 11, 2024

/s/ Michael W. Sobol
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiffs and the Class*

**PROOF OF SERVICE**

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 275 Battery Street, 29th Floor, San Francisco, California 94111-3339. On March 11, 2023, I caused to be served by electronic mail copies of the following documents:

    1.    **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL;**

    2.    **DECLARATION OF DAVID T. RUDOLPH IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL;**

    3.    **AN UNREDACTED VERISON OF PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S [THIRD] MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT; AND**

    4.    **[PROPOSED] ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL.**

on Defendant through its counsel of record, at the following addresses:

Tiffany Cheung
Michael Burshteyn
Danielle Vallone
Christin Hill
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
TCheung@mofo.com
MBurshteyn@mofo.com
DVallone@mofo.com
CHill@mofo.com

Whitney Rose O'Byrne
Purvi G. Patel
Erik Manukyan
Emma Burgoon
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017
WOByrne@mofo.com
PPatel@mofo.com
EManukyan@mofo.com
Eburgoon@mofo.com

Kyle Zipes
Nargues M. Eder
ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood Shores, California 94065
Kyle.Zipes@oracle.com
Nargues.M.Eder@oracle.com

Zachary S. Newman
MORRISON & FOERSTER LLP
250 West, 55th Street
New York, New York 10019
ZNewman@mofo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March 2024, in San Francisco, California.

                            */s/ Amelia A. Haselkorn*
                            Amelia A. Haselkorn