# EXHIBIT A

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS comprising and DOCUMENTS CONCERNING the format and schema of all databases used by ORACLE for storage of the PERSONAL DATA of the representative Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show Oracle Advertising's dataflow for storage of personal information within the applicable statute of limitations, if any exist.

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING," "ORACLE," and "PERSONAL DATA." Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents and data that are outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schema" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks all documents concerning "databases used by ORACLE for storage." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm.

Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

PERSONAL DATA about the PLAINTIFFS in this ACTION, including but not limited to PERSONAL DATA associated with identifiers that Oracle has associated with the PLAINTIFFS (including but not limited to email addresses, phone numbers, Oracle/Bluekai cookies, device identifiers IDFA/ADID/IMEI, and IP addresses).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show information regarding identifiers that Oracle Advertising has associated with Plaintiffs within the applicable statute of limitations, if any exist.

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "ORACLE" and "PERSONAL DATA." Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks data that is outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to the term "Oracle/Bluekai cookies" because it is undefined and overbroad and irrelevant to the extent that it includes cookies that are not at issue in this lawsuit.

Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS CONCERNING ORACLE'S information system architectures for the collection, storage, use, and sale of PERSONAL DATA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show Oracle Advertising's dataflow for the collection, storage, use, and sale of personal information within the applicable statute of limitations, if any exist.

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING," "ORACLE," and "PERSONAL DATA." Oracle objects to this Request as duplicative of Request No. 1 as to "storage" of personal data and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents and data that are outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "information system architectures" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks all documents concerning "information system architectures for the collection, storage, use, and sale of PERSONAL DATA." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS CONCERNING the structure, function, and operation, of BLUEKAI including but not limited to documents sufficient to show the following:

(a)   The format and schemas of databases controlled and used by ORACLE in the operation of BLUEKAI;
(b)   The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of BLUEKAI;
(c)   Any data anonymization/de-identification procedures used by ORACLE in the operation of BLUEKAI;
(d)   Any data deletion or scrubbing procedures used by ORACLE in the operation of BLUEKAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of BlueKai within the applicable statute of limitations, if any exist, including (i) the pipelines and other data sources used to populate databases controlled and used by Oracle in the operation of BlueKai and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of BlueKai. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of BLUEKAI," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of BLUEKAI," and therefore unduly

burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of BLUEKAI." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm.

Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS CONCERNING the structure, function, and operation, of the ORACLE ID GRAPH, including but not limited to documents sufficient to show the following:

(a)     The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE ID GRAPH;

(b)     The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE ID GRAPH;

(c)     Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE ID GRAPH;

(d)     Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE ID GRAPH.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle ID Graph within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle ID Graph and any data anonymization/de-identification procedures used by Oracle in the operation of Oracle ID Graph. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE ID GRAPH," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE ID GRAPH," and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE ID GRAPH." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS CONCERNING the structure, function, and operation of the ORACLE DATA MARKETPLACE, including but not limited to documents sufficient to show the following:

(e)     The format and schemas of databases controlled and used by ORACLE in the operation of the ORACLE DATA MARKETPLACE;

(f)     The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of the ORACLE DATA MARKETPLACE;

(g)     Any data anonymization/de-identification procedures used by ORACLE in the operation of the ORACLE DATA MARKETPLACE;

(h)     Any data deletion or scrubbing procedures used by ORACLE in the operation of the ORACLE DATA MARKETPLACE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Data Marketplace within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Data Marketplace and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of Oracle Data Marketplace. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE" and "ORACLE DATA MARKETPLACE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE DATA MARKETPLACE," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE DATA MARKETPLACE," and therefore unduly burdensome.

Oracle objects to Plaintiffs' Definition of ORACLE DATA MARKETPLACE as vague, ambiguous, and overbroad because it is encompassed by Plaintiffs' definition of BLUEKAI. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of the ORACLE DATA MARKETPLACE." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS CONCERNING the structure, function, and operation, of the ORACLE DATA CLOUD CORE TAG, including but not limited to documents sufficient to show the following:

(a)     The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG;

(b)     The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG;

(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Data Cloud Core Tag within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Data Cloud Core Tag and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of Oracle Data Cloud Core Tag. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING," "ORACLE," and "ORACLE DATA CLOUD CORE TAG." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG," duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG," and duplicative of Request No. 4 to the extent BlueKai covers the scope of the Oracle Data Cloud Core Tag, and therefore unduly burdensome. Oracle objects to Plaintiffs' Definition of ORACLE DATA CLOUD CORE TAG as duplicative of BLUEKAI and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE DATA CLOUD CORE TAG." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm.

Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS CONCERNING the structure, function, and operation, of ORACLE'S COOKIES, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S COOKIES;

(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S COOKIES;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE'S COOKIES;

(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S COOKIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Advertising's cookies at issue in this lawsuit within the applicable statute of limitations, if any exist, including the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Advertising's cookies and (ii) any data anonymization/de- identification procedures used by Oracle in the operation of Oracle Advertising's cookies. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available and relevant documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "COOKIES," "DOCUMENTS CONCERNING," and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S COOKIES," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S COOKIES," and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to Plaintiffs' Definition of COOKIES as overbroad and irrelevant to the extent that it includes cookies that are not at issue in this lawsuit. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S COOKIES." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS CONCERNING the structure, function, and operation, of ORACLE'S TRACKING PIXELS, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S TRACKING PIXELS;

(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S TRACKING PIXELS;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE'S TRACKING PIXELS;

(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S TRACKING PIXELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Advertising's tracking pixels at issue in this lawsuit within the statute of limitations, if any exist, including the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Advertising's tracking pixels and (ii) any data anonymization/de- identification procedures used by Oracle in the operation of Oracle Advertising's tracking pixels. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available and relevant documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING," "ORACLE," and "TRACKING PIXELS." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S TRACKING PIXELS," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S TRACKING PIXELS," and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims

asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to Plaintiffs' Definition of TRACKING PIXELS as overbroad and irrelevant to the extent that it includes tracking pixels that are not at issue in this lawsuit. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S TRACKING PIXELS." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS CONCERNING the structure, function, and operation, of ORACLE'S DEVICE IDENTIFICATION, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION;

(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION;

(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Advertising's device identification within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Advertising's device identification and (ii) any data anonymization/de- identification procedures used by Oracle in the operation of Oracle Advertising's device identification. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION," duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION," and duplicative of Request No. 5 to the extent Oracle's ID Graph covers the scope of Oracle's device identification, and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S DEVICE IDENTIFICATION." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS CONCERNING the structure, function, and operation, of ORACLE'S CROSS-DEVICE TRACKING, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING;

(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING;

(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Oracle Advertising's cross-device tracking within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Oracle Advertising's cross-device tracking and (ii) any data anonymization/de- identification procedures used by Oracle in the operation of Oracle Advertising's cross-device tracking. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING," duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING," duplicative of Request No. 4 to the extent BlueKai covers the scope of Oracle's cross-device tracking, and duplicative of Request No. 5 to the extent Oracle's ID Graph covers the scope of Oracle's cross-device tracking, and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle.

Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ORACLE'S CROSS-DEVICE TRACKING." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS CONCERNING the structure, function, and operation of ADDTHIS, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of ADDTHIS;

(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ADDTHIS;

(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of ADDTHIS;
(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of ADDTHIS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of AddThis within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of AddThis and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of AddThis. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of ADDTHIS," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of ADDTHIS," and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of ADDTHIS." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm.

Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS CONCERNING the structure, function, and operation, of DATALOGIX, including but not limited to documents sufficient to show the following:

(a) The format and schemas of databases controlled and used by ORACLE in the operation of DATALOGIX;
(b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of DATALOGIX;
(c) Any data anonymization/de-identification procedures used by ORACLE in the operation of DATALOGIX;
(d) Any data deletion or scrubbing procedures used by ORACLE in the operation of DATALOGIX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Oracle will produce non-privileged documents located after a reasonable and diligent search that are sufficient to show the structure, function, and operation of Datalogix within the applicable statute of limitations, if any exist, including (i) the pipelines and other data source used to populate databases controlled and used by Oracle in the operation of Datalogix and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of Datalogix within the applicable statute of limitations. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of the documents sought by subsection (d).

Oracle otherwise objects to this Request for the following reasons. Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS CONCERNING" and "ORACLE." Oracle objects to this Request as duplicative of Request No. 1 as to "format and schemas of databases controlled and used by ORACLE in the operation of DATALOGIX," and duplicative of Request No. 2 as to "pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of DATALOGIX," and therefore unduly burdensome. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents that are outside of the scope of the claims asserted in this action, and to the extent it refers to entities other than Oracle. Oracle objects to the phrase "format and schemas" as vague, overbroad, and seeking information that is neither relevant nor proportional to the needs of the case. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks "[a]ny data deletion or scrubbing procedures used by ORACLE in the operation of DATALOGIX." Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATED TO ORACLE'S acquisition of BLUEKAI to the extent such documents RELATE TO the use, purchase, or sale of PERSONAL DATA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS," "ORACLE," and "PERSONAL DATA." Oracle objects to this Request as duplicative of Request No. 4 to the extent the information is responsive to the structure, function, and operation of BlueKai. Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents and data that are outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to this Request as outside the scope of the relevant time period. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATED TO ORACLE'S acquisition of ADDTHIS to the extent such documents RELATE TO the use, purchase, or sale of PERSONAL DATA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS," "ORACLE," and "PERSONAL DATA." Oracle objects to this Request as duplicative of Request No. 12 to the extent the information is responsive to the structure, function, and operation of AddThis. Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents and data that are outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to this Request as outside the scope of the relevant time period. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle

harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATED TO ORACLE'S acquisition of DATALOGIX to the extent such documents RELATE TO the use, purchase, or sale of PERSONAL DATA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS," "ORACLE," and "PERSONAL DATA." Oracle objects to this Request as duplicative of Request No. 13 to the extent the information is responsive to the structure, function, and operation of Datalogix. Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome because it seeks documents and data that are outside of the scope of the claims asserted in this action and that Oracle does not collect, and to the extent it refers to entities other than Oracle. Oracle objects to this Request as outside the scope of the relevant time period. Oracle objects to this Request to the extent it seeks disclosure of confidential, commercially sensitive, proprietary business, financial, or trade secret information, which has not been disclosed publicly and if disclosed, would cause Oracle harm. Confidential information will be disclosed subject to the Stipulated Protective Order. (ECF No. 28). Oracle objects to this Request because, as drafted, it potentially encompasses documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS RELATING TO ORACLE'S corporate organizational structure sufficient to show Oracle's board of directors, parent companies, subsidiaries, affiliates, departments, and divisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "DOCUMENTS" and "ORACLE." Oracle asserts its objections to the definitions, relevant time period, and instructions as stated above. Oracle otherwise objects to this Request for the following reasons. Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome to the extent it refers to entities other than Oracle. Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents relating to Oracle's "corporate organizational structure sufficient to show Oracle's board of directors, parent companies, subsidiaries, affiliates, departments, and divisions" without limitation on time or scope. Oracle objects to this Request because the burden and expense of collecting and compiling the requested information would be substantially the same for Oracle as for Plaintiffs.

**REQUEST FOR PRODUCTION NO. 18:**

DOCUMENTS sufficient to identify ORACLE's current and former officers, directors, managers, employees and consultants with knowledge of ORACLE's conduct, business practices, products, platforms, and technologies as described in paragraphs 26 through 73 of the Complaint, including but not limited to ADDTHIS, BLUEKAI, COOKIES, CROSS-DEVICE TRACKING, DATALOGIX, DEVICE IDENTIFICATION, ORACLE DATA CLOUD CORE TAG, ORACLE DATA MARKETPLACE, ORACLE ID GRAPH, and TRACKING PIXELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "COOKIES," "DOCUMENTS," "ORACLE," "ORACLE DATA CLOUD CORE TAG," "ORACLE DATA MARKETPLACE," "PERSONAL DATA," "TRACKING PIXELS." Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome to the extent it refers to entities other than Oracle. Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle otherwise objects to Plaintiffs' Definitions of COOKIES and TRACKING PIXELS as overbroad and irrelevant to the extent that they respectively include cookies and tracking pixels that are not at issue in this lawsuit. Oracle objects to Plaintiffs' Definition of ORACLE DATA CLOUD CORE TAG as duplicative of BLUEKAI and therefore unduly burdensome. Oracle objects to Plaintiffs' Definition of ORACLE DATA MARKETPLACE as vague, ambiguous, and overbroad because it is encompassed by Plaintiffs' definition of BLUEKAI. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents "sufficient to identify Oracle's current and former officers, directors, managers, employees and consultants with knowledge of Oracle's conduct, business practices, products, platforms, and technologies" without limitation on time or scope.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to show the roles and responsibilities of and supervisory relationship between ORACLE's current and former officers, directors, managers, employees and consultants with knowledge of ORACLE's conduct, business practices, products, platforms, and technologies as described in paragraphs 26 through 73 of the Complaint, including but not limited to ADDTHIS, BLUEKAI, COOKIES, CROSS-DEVICE TRACKING, DATALOGIX, DEVICE IDENTIFICATION, ORACLE DATA CLOUD CORE TAG, ORACLE DATA MARKETPLACE, ORACLE ID GRAPH, and TRACKING PIXELS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Oracle asserts its objections to the Definitions and Instructions as stated above, including as to "COOKIES," "DOCUMENTS," "ORACLE," "ORACLE DATA CLOUD CORE TAG," "ORACLE DATA MARKETPLACE," "PERSONAL DATA," "TRACKING PIXELS." Oracle objects to Plaintiffs' Definition of DOCUMENT(S) to the extent it seeks to impose upon Oracle any obligations that are inconsistent with or in addition to the parties' separately negotiated ESI Protocol. Oracle objects to this Request as overbroad in scope, irrelevant, disproportionate to the needs of this case, and unduly burdensome to the extent it refers to entities other than Oracle. Oracle objects to this Request because it is vague and overbroad as to time, and therefore unduly burdensome. Oracle objects to Plaintiffs' Definitions of COOKIES and TRACKING PIXELS as overbroad and irrelevant to the extent that they respectively include cookies and tracking pixels that are not at issue in this lawsuit. Oracle objects to Plaintiffs' Definition of ORACLE DATA CLOUD CORE TAG as duplicative of BLUEKAI and therefore unduly burdensome. Oracle objects to Plaintiffs' Definition of ORACLE DATA MARKETPLACE as vague, ambiguous, and overbroad because it is encompassed by Plaintiffs' definition of BLUEKAI. Oracle objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents "sufficient to show the roles and responsibilities of and supervisory relationship between Oracle's current and former officers, directors, managers, employees and consultants with knowledge of Oracle's conduct, business practices, products, platforms, and technologies" without limitation on time or scope.