TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
WHITNEY O'BYRNE (CA SBN 325698)
WOByrne@mofo.com
ERIK MANUKYAN (CA SBN 340307)
EManukyan@mofo.com
EMMA BURGOON (CA SBN 348097)
EBurgoon@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454

Attorneys for Defendant
ORACLE AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL KATZ-LACABE, ET AL., <br><br>    Plaintiffs, <br><br>    v. <br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, <br><br>    Defendant. | Case No. 3-22-cv-04792-RS <br><br>**DECLARATION OF CHRISTIN HILL IN SUPPORT OF DEFENDANT ORACLE AMERICA, INC.'S POSITION ON PLAINTIFFS' MOTION TO COMPEL** <br><br>Judge:  Hon. Richard Seeborg <br><br>Date Action Filed:  August 19, 2022 <br>Trial Date:  Not set |

1  ZACHARY S. NEWMAN (NY SBN 5651518)
   (Admitted *pro hac vice*)
2  ZNewman@mofo.com
   MORRISON & FOERSTER LLP
3  250 West 55th Street
   New York, New York 10019-9601
4  Telephone:   212.468.8000
   Facsimile:   212.468.7900
5
   KYLE ZIPES (CA SBN 251814)
6  Kyle.Zipes@oracle.com
   NARGUES M. EDER (CA SBN 260289)
7  Nargues.M.Eder@oracle.com
   ORACLE AMERICA, INC.
8  500 Oracle Parkway
   Redwood Shores, California 94065
9  Telephone:   650.506.7000

10 Attorneys for Defendant
   ORACLE AMERICA, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL DECL. ISO ORACLE'S POSITION ON
PLAINTIFFS' MOTION TO COMPEL                                          CASE NO. 3-22-cv-04792-RS

I, Christin Hill, declare as follows:

1. I am a partner in the law firm Morrison & Foerster LLP and counsel of record for Defendant Oracle America, Inc. in this matter. I am a member of good standing in the Bar of the State of California, and I am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, I would testify competently to them.

2. On November 22, 2022, Plaintiffs served their First Set of Requests for Production of Documents ("Set One RFPs") on Oracle. The Set One RFPs included ten RFPs (Nos. 4 – 13) requesting the same information (verbatim) for the following Oracle products and capabilities:

- BlueKai
- Oracle ID Graph
- Oracle Data Marketplace
- Oracle Data Cloud Core Tag
- Oracle's Cookies
- Oracle's Tracking Pixels
- Oracle's Device Identification
- Oracle's Cross-Device Tracking
- AddThis
- Datalogix

The RFPs requested:

> DOCUMENTS CONCERNING the structure, function, and operation, of [Oracle product or capability], including but not limited to documents sufficient to show the following:
>
> (a) The format and schemas of databases controlled and used by ORACLE in the operation of [Oracle product or capability];
>
> (b) The pipelines and other data sources used to populate databases controlled and used by ORACLE in the operation of [Oracle product or capability];
>
> (c) Any data anonymization/de-identification procedures used by ORACLE in the operation of [Oracle product or capability];
>
> (d) Any data deletion or scrubbing procedures used by ORACLE in the operation of [Oracle product or capability].

3. On January 17, 2023, Oracle served its responses and objections to the Set One RFPs. For RFP Nos. 4 – 13, Oracle agreed to:

> "produce non-privileged documents located after a reasonable and diligent search that are

    sufficient to show the structure, function, and operation of [Oracle product or capability] within the applicable statute of limitations, if any exist, including (i) the pipelines and other data sources used to populate databases controlled and used by Oracle in the operation of [Oracle product or capability] and (ii) any data anonymization/de-identification procedures used by Oracle in the operation of [Oracle product or capability]. Oracle's investigation is ongoing. Once Oracle's investigation is complete, it will meet and confer with Plaintiffs regarding the available documents and in particular, the scope and relevance of documents of the documents sought by subsection (d)."[1]

4. The parties met and conferred on Plaintiffs' discovery requests in January 2023. Oracle committed to investigate whether responsive documents could be produced through a targeted search. After completing its investigation, Oracle determined that a targeted search could not locate the full scope of responsive documents and indicated that it intended to apply search terms to locate responsive documents across custodial and non-custodial sources.

5. Thereafter, pursuant to the ESI Order, Oracle proposed search terms "to be applied to [the] universe of documents" collected from custodial and non-custodial sources and "provide[d] hit reports for proposed search terms before using the search terms to narrow the universe of documents to be searched." (ECF No. 48, Section VI.2.) The parties exchanged several revisions to that initial set of search terms between March and May 2023.

6. On May 17, 2023, the parties agreed to a final set of search terms. Oracle ran the agreed-upon search terms against identified custodial and non-custodial sources and began its relevance review. At no point did Plaintiffs raise any objection to conducting a review for relevance.

7. Oracle reviewed the documents that hit on the agreed-upon search terms for responsiveness to the Set One RFPs, privilege, and confidentiality. Oracle's responses and objections to each RFP formed the basis of Oracle's review for relevance.

8. Oracle substantially completed its production of documents responsive to the Set One RFPs on October 18, 2023.

9. On December 7, 2023, Plaintiffs sent Oracle a letter claiming that Oracle's production of documents responsive to the Set One RFPs was "deficient." Plaintiffs claimed that

---

[1] I have not attached the documents referenced in this declaration because the Court's Case Management Scheduling Order limits attachments to discovery joint letter briefs to 12 pages, but I am prepared to submit them if necessary. (*See* ECF No. 34 at 2.)

HILL DECL. ISO ORACLE'S POSITION ON PLAINTIFFS' MOTION TO COMPEL     2     CASE NO. 3-22-cv-04792-RS

1  it was "implausible that Oracle has in fact produced all the relevant documents responsive to
2  Plaintiffs' Set One RFPs" because they "had expected . . . a far more robust production." On
3  February 7, 2024, Plaintiffs sent Oracle a subsequent letter outlining purported "deficiencies" in
4  Oracle's document production based on the "paucity" of documents produced.

5        10.    On February 13, 2024, the parties met and conferred on the issues raised in
6  Plaintiffs' letters. Oracle directed Plaintiffs to its responses and objections to each RFP, which
7  formed the basis of Oracle's review. Oracle further explained that that the relatively low
8  responsiveness rate was a result of the fact that the agreed-upon search terms were over-inclusive
9  and that documents concerning the "structure, function, and operation" of relevant products were
10 not likely to be found in custodial collections. Oracle re-iterated this position in a letter sent to
11 Plaintiffs on March 6, 2024.

12       I declare under penalty of perjury under the laws of the United States of America that the
13 foregoing is true and correct.

14       Executed on March 21, 2024, in San Francisco, California.

                                    */s/ Christin Hill*
                                    Christin Hill