Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**PLAINTIFFS' STATEMENT REGARDING DEFENDANT ORACLE AMERICA, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER PLAINTIFFS' MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. Richard Seeborg<br><br>Date: March 28, 2024<br>Time: 1:30pm<br>Courtroom: 3<br><br>Date Action Filed: August 19, 2022<br>Trial Date: None set |

As required by Civil Local Rules 7-11 and 79-5(f), Plaintiffs file this statement regarding Oracle's Administrative Motion To Consider Whether Plaintiffs' Material Should Be Sealed. Plaintiffs incorporate their Administrative Motion to File Under Seal and the related declaration of David T. Rudolph by reference (Dkts. 98, 98-1), and submit a proposed order that identifies the portion of Oracle's Surreply Response sought to be sealed.

As an initial matter, Oracle improperly filed its sealing request under the incorrect rule (the correct rule for this motion is Civil Local Rule 79-5(c)). Oracle *itself* produced and designated the documents quoted in the Surreply and Surreply Response as "Highly Confidential-Attorneys' Eyes Only"[1] under the Protective Order in this matter. It has not modified those designations, nor did it object to or otherwise respond to Plaintiffs' Administrative Motion to Seal this same material (Dkt. 98). Apparently now unwilling to stand by its designation of this material as warranting sealing, by filing the present motion as a motion to consider whether "Plaintiffs' Material"—rather than its own—should be sealed, Oracle misrepresents the nature of these documents (which it, and not Plaintiffs, produced) to the Court, and sidesteps its obligations to defend its own confidentiality designations.

Nevertheless, adequate independent grounds exist for sealing the material quoted in Oracle's Surreply Response.

The text sought to be sealed in Oracle's Surreply Response is a sensitive political segment Oracle takes from Plaintiffs' Surreply Brief. *See* Surreply, Dkt. 98-2 at 5 n.13. Plaintiffs have already moved to seal that interest segment through their own motion and declaration. *See* Dkt. 98; Rudolph Decl., Dkt. 98-1 at 6. As Plaintiffs explain in their own sealing motion, while courts must balance "the competing interests of the public [against those of] the party who seeks to keep certain judicial records secret," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted), Plaintiffs' reasons for sealing a sensitive portion of Oracle's surreply response "outweigh the general history of access and the public policies favoring

---

[1] The Protective Order in this matter requires that only "extremely sensitive 'CONFIDENTIAL Information or Items,' disclosure of which . . . would create a substantial risk of serious harm that could not be avoided by less restrictive means" qualifies for the designation of "Highly Confidential-Attorneys' Eyes Only." Dkt. 28 at 2.

disclosure," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). This Court has recognized that "[i]t would be perverse to hold an individual entitled to no protection where a company amalgamates many pieces of information about that individual's preferences on the grounds that revealing any one preference is no big deal." Order Granting in Part and Den. in Part Pls.' Mot. to Seal at 17, ECF No. 77 (Oct. 3, 2023) ("Order"). This especially holds where the parties quote "audiences" selected to convey particularly sensitive information about Plaintiffs.

Oracle's audiences and segments are uniquely generated for each Plaintiff and reveal intimate personal information, decisions, and activities that should be kept private. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 604 (9th Cir. 2020) (finding Plaintiffs had a privacy interest in "highly personalized profiles from sensitive browsing histories and habits" that were collected and compiled about them). It would be incongruous to require public disclosure of sensitive personal information to litigate claims brought to protect that information. This Court has recognized Plaintiffs' cognizable legal interest in protecting information about their "likes, dislikes, interests, and habits," Order at 17 (quoting *In re Facebook*, 956 F.3d at 599); this data, "when combined with other data points across masses of data, may be exploited to deduce startlingly personal characteristics," 105 Cal. Op. Att'y Gen. 26 (2022) (available at 2022 WL 815641, at *5) (citations omitted). Placing their "startlingly personal characteristics" in the public record would harm Plaintiffs.

By contrast, the public has only a minimal interest in learning sensitive details about Plaintiffs' lives. *See Ctr. for Auto Safety*, 809 F.3d at 1096 (presumption of public access is based on the interests of "accountability and for the public to have confidence in the administration of justice,") (citations omitted). Plaintiffs' Surreply Brief demonstrates the highly sensitive categories that Oracle maintains and sells about individuals. However, revealing Plaintiffs' political activities and other sensitive information will not aid the public's "understanding [of] the judicial process." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (citations omitted). As the Court previously found, "even with redactions, [Plaintiffs' documents] still communicate to the public the types of information that are at issue in this action." Order at 17.

In this instance, Plaintiffs have compelling reasons to seal their private material that outweigh the public's interest in its disclosure. Plaintiffs respectfully request that the Court Seal a Portion of Defendant's Surreply Response in Support of Defendant's [Third] Motion to Dismiss Portions of the Second Amended Complaint.

Dated: March 22, 2024

/s/ Michael W. Sobol
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

*Attorneys for Plaintiffs and the Class*