UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KATZ-LACABE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant. | Case No. 3:22-cv-04792-RS (KAW)<br><br>**ORDER REGARDING 3/22/24 JOINT DISCOVERY LETTER RE PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>[Discovery Letter #1]<br><br>Re: Dkt. No. 102 |

On March 22, 2024, the parties filed a joint discovery letter concerning the sufficiency of Defendant's document production. (Joint Letter, Dkt. No. 102.) On March 25, 2024, discovery in this case was referred to the undersigned. (Dkt. No. 104.)

In sum, Plaintiffs contend that Defendant Oracle America, Inc.'s document production in response to their First Set of Requests for Production was deficient based largely on the fact that the agreed upon ESI search terms returned over 285,000 documents, and Oracle only produced 19,316. (Joint Letter at 1-2.) Now, Plaintiffs seek to compel the production of the remainder of the 285,000 documents, because they contend that Oracle's relevance review is withholding responsive documents. *Id.* at 2-3.

In opposition, Oracle argues that they are entitled to undertake a relevance review before producing documents. (Joint Letter at 3.) Oracle further contends that it has fully satisfied its discovery obligations with respect to these requests for production because it "ran the agreed search terms against the agreed data sources, reviewed the results for responsiveness to Plaintiffs' RFPs and for privilege, and produced the non-privileged, responsive documents." *Id.* at 4.

As Oracle argues, "a party's suspicion that all responsive documents have not been

produced, without more, is generally insufficient to warrant an order compelling production." *Swanson v. ALZA Corp.*, No. 12-cv-04579-PJH-KAW, 2013 WL 5538908, at *3 (N.D. Cal. Oct. 7, 2013) (citation omitted). While true, the Plaintiff's concern is warranted, given the fact that only 6.8% of the documents that hit on the agreed upon search terms have been produced. Moreover, while Oracle is entitled to undertake a review for relevance and privilege, Oracle has not produced a privilege log regarding those otherwise relevant documents that have been withheld on privilege grounds. (Joint Letter at 2 n. 4.) While the Court will not compel the production of the remaining documents, Oracle must explain which documents have been withheld based on privilege.

Accordingly, the Court DENIES Plaintiffs' request to compel the production of the remainder of the 285,000 documents, but Defendant is ordered to produce a privilege log within 21 days of this order.

IT IS SO ORDERED.

Dated: April 19, 2024

KANDIS A. WESTMORE
United States Magistrate Judge

2