**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>Honorable Richard Seeborg<br><br>**[PROPOSED] ORDER GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |

This matter comes before the Court upon motion by Plaintiffs to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b) this Court's April 3, 2024 Order Granting Oracle's Motion to Dismiss, Dkt. 114 (the "Order"). Having reviewed the motion, opposition, and related papers, and after due deliberation, the Court finds that Plaintiffs' motion should be **GRANTED**.

The Court hereby **AMENDS** the Order to include a certification that the Order involves a controlling question of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011) (setting out standards for Section 1292(b) certification). The question is:

Whether the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq ("ECPA") crime-tort exception to a defendant's suggested affirmative defense of consent, 18 U.S.C. § 2511(2)(d), is adequately pled where a plaintiff has plausibly alleged that (1) the defendant obtained personal data by intentionally intercepting the contents of an electronic communication while in transit in violation of the ECPA, and (2) the defendant took the fruits of its interception for "the purpose of committing [a] tortious act" by putting those fruits to "further uses" which are themselves intentionally tortious, or whether the ECPA

crime-tort exception additionally requires a plaintiff to allege the defendant had a particular *mens rea* amounting to an insidious motive to do harm to the plaintiff.

**IT IS SO ORDERED.**

_____
Hon. Richard Seeborg
United States District Judge

-2-

[PROPOSED] ORDER GRANTING MOTION TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL
UNDER 28 U.S.C. § 1292(B)
CASE NO. 3:22-CV-04792