UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KATZ-LACABE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant. | Case No. 3:22-cv-04792-RS   (KAW)<br><br>**ORDER REGARDING 3/27/24 JOINT DISCOVERY LETTER**<br><br>[Discover Letter #2]<br><br>Re: Dkt. No. 110 |

Oracle previously propounded several requests for production seeking information necessary to analyze Plaintiffs' relevant "Internet activity" and to defend against the allegation that Plaintiffs' "Internet activity" was collected without their consent. (Joint Letter, Dkt. No. 110 at 1.) The parties have extensively met and conferred, and they agreed to have a neutral forensic expert perform a targeted inspection of Plaintiffs' devices pursuant to a negotiated protocol. *Id.* at 3.

The parties have come to an impasse, as Oracle insists on a "Spoliation Provision," which will permit the neutral to notify the parties if they discover evidence that Plaintiffs deleted data in violation of their preservation obligations. (Joint Letter at 3.) Oracle contends that this is necessary, because "questionable data gaps in Plaintiffs' June 29 production raise concerns about the completeness of Plaintiffs' data." *Id.*

In opposition, Plaintiffs argue that Oracle is requesting that "the Court allow the forensic expert to forage for spoliation of data in a manner untethered to the parties' search terms." *Id.* Plaintiffs contend that Oracle has no reasonable basis to suspect spoliation, and that if the "searches properly conducted pursuant to the proposed protocol show evidence of spoliation, then the forensic neutral will so report." *Id.* (citing Pls.' Latest Revisions to the Forensic Inspection

Protocol, Joint Letter, Ex. B. at ¶ 2.5(a).)

The Court finds that the Spoliation Provision is unnecessary and that Oracle's concerns are adequately addressed in the Plaintiffs' Latest Revisions to the Forensic Inspection Protocol (Exhibit B). The parties are ordered to have the inspection take place in accordance with Plaintiffs' latest version of the protocol (Exhibit B).

To the extent that Oracle requests that the Court order Plaintiffs to provide complete responses to Requests for Production Nos. 1-7 and 10-16, that request is denied, because the parties did not address those requests in the format required by the Court's standing order.

This disposes of Dkt. No. 110.

IT IS SO ORDERED.

Dated: April 29, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge