# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Agreement") is made and entered into by and between Plaintiffs Michael Katz-Lacabe and Jennifer Golbeck (collectively, "Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, and Defendant Oracle America, Inc. ("Oracle").  Plaintiffs and Oracle collectively are referred to herein as the "Parties," or, respectively, as a "Party."

## DEFINITIONS

As used herein, the following terms have the meanings set forth below:

A.    "Action" means the litigation entitled *Katz-Lacabe, et al. v. Oracle America, Inc.*, No. 3:22-cv-04792-RS, filed in the United States District Court for the Northern District of California (the "Court").

B.    "Attorneys' Fee and Expense Payment" means the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

C.    "Claim Form(s)" means the form(s) for Settlement Class Members to make a claim, substantially in the form of Exhibit A.  The Claim Form will require Settlement Class Members to provide the following information with a personal attestation under the penalty of perjury that the information they have provided is true to the best of their knowledge: (i) full legal name and any aliases or nicknames; (ii) current mailing address, email address, and phone number associated with the individual submitting the form; (iii) the Settlement Class Member resided in the United States during the relevant time period; (iv) the Settlement Class Member has not submitted more than one claim; (v) any acquisition, capture, or collection of their personal information by Oracle was without their consent; and (v) information specified by the Settlement Administrator sufficient to make a distribution by the electronic means described in the Notice Plan (unless the Settlement Class Member opts for an alternative form of payment).

D.    "Claimant" means any individual who submits a Claim Form.

E.    "Class Counsel" means Michael W. Sobol and David T. Rudolph of the law firm of Lieff Cabraser Heimann & Bernstein, LLP.

F.    "Eligible Organization(s)" means an organization approved by the Court to receive cy pres funds from non-distributable residual funds in the Settlement Fund escrow account.

G.    "Oracle's Counsel" means the law firm Morrison & Foerster LLP.

H.    "Net Settlement Fund" means the Settlement Fund, less any Attorneys' Fee and Expense Payment, Service Awards, Settlement Administrator expenses, and taxes (as described in Section 3.2.8 of this Agreement).

I.      "Notice" means the method of communication of this Settlement to the Settlement Class via the Notice Plan, as contemplated in Section 7 of this Agreement, and approved by the Court.  The Notice shall be substantially in the forms attached as Exhibits B ("Email Notice"), and C ("Detailed Notice").

J.      "Notice Date" means the first date on which notice is emailed to members of the Settlement Class, provided, however, that any re-emailing of such notice shall not affect or extend the Notice Date.  The "Notice Date" shall be twenty-one (21) days after the Court issues the Preliminary Approval Order.

K.      "Notice Plan" means the plan for disseminating notice of the Settlement to the Settlement Class, described in Section 7.2 of this Agreement.

L.      "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement, Notice, and Notice Plan, substantially in the form of Exhibit D.

M.      "Released Parties" means Oracle, its respective current and former owners, parents, wholly or majority-owned subsidiaries, divisions, affiliated and related entities of any nature whatsoever, whether direct or indirect, as well as each of Oracle's respective predecessors, successors and assigns, licensees, representatives, assigns, trustees, transferees, and all other persons, entities, and corporations acting on their behalf, including any of its current and former directors, officers, employees, principals, agents, advisors, consultants, contractors, insurers, reinsurers, and subrogees, shareholders and attorneys and including, without limitation, any person related to any such entity or person who is, was, or could have been named as a defendant in the Action.

N.      "Releasing Parties" means Plaintiffs and the Settlement Class Members, including any and all of their respective heirs, executors, administrators, representatives, agents, partners, successors, or assigns.

O.      "Service Awards" means the amounts awarded to the Class Representatives by the Court from the Settlement Fund solely for their services, time, and effort on behalf of the Settlement Class Members.  Service Awards shall not be a measure of damages.

P.      "Settlement Administrator" means an independent settlement administrator to be agreed upon by the Parties and approved by the Court.

Q.      "Settlement Amount" means the amount of one hundred and fifteen million dollars ($115,000,000.00) to be deposited by Oracle in the Settlement Fund.

R.      "Settlement Class" means all natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action.  Excluded from the Settlement Class are (i) Oracle; (ii) Oracle's parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Oracle has a controlling interest; (iv) any individual who would otherwise be included in the Settlement Class, but has agreed,

in another proceeding, to release claims covered by this Settlement prior to the Claim Form deadline identified in Section 3.6; and (v) any judge presiding over this Action, their staff, and the members of the judge's immediate family.  Oracle stipulates to this Settlement Class for settlement purposes only.

S.     "Settlement Class Members" means all members of the Settlement Class other than those persons who validly request exclusion from the Settlement Class as set forth in Section 6 this Agreement.

T.     "Settlement Fund" means the non-reversionary settlement fund described in Section 3.2 of this Agreement to be distributed in accordance with the terms of this Agreement.

U.     "Settlement Website" means a publicly-accessible website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class with notice of and information about the Settlement, as well as providing Claim Forms for Settlement Class Members to view and submit.

V.     "Valid Claim" means a claim made upon an accurate, valid, and timely-submitted Claim Form that includes a completed penalty of perjury attestation regarding the accuracy of the information provided in the Claim Form.

W.     "Valid Claimant" means any Settlement Class Member who submits a Valid Claim.

## RECITALS

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, on August 19, 2022, Plaintiffs filed a Class Action Complaint against Oracle America, Inc. in the U.S. District Court for the Northern District of California, (*Katz-Lacabe, et al. v. Oracle America, Inc.*, No. 3:22-cv-04792-RS (N.D. Cal.)), individually and on behalf of a proposed worldwide class, alleging common law privacy, statutory, and consumer protection claims arising out of the purported capture, compilation, and sale of individuals' online and offline data.

WHEREAS, following the Court's April 6, 2023 Order partially granting and partially denying Oracle's motion to dismiss, (ECF No. 49), Plaintiffs filed an Amended Class Action Complaint on May 22, 2023, individually and on behalf of a proposed nationwide class, which alleged, in the alternative, California and Florida subclasses for putative class members' common law privacy claims.

WHEREAS, following the Court's October 3, 2023 Order again partially granting and partially denying Oracle's motion to dismiss, (ECF No. 77), Plaintiffs filed a Second Amended Class Action Complaint on November 17, 2023, which alleged a nationwide class for Plaintiffs' Electronic Communications Privacy Act ("ECPA") claim, and California and Florida classes for Plaintiffs' remaining claims.

WHEREAS, on April 3, 2024, the Court granted Oracle's Motion to Dismiss Portions of Plaintiffs' Second Amended Complaint and dismissed Plaintiffs' ECPA claim with prejudice, (ECF No. 114).

WHEREAS, on April 22, 2024, Plaintiffs moved to certify a question underpinning the dismissal of their ECPA claim for interlocutory appeal (ECF No. 120).

WHEREAS, the Parties desire to resolve all claims asserted or that could have been asserted in the Action relating to the allegations made against Oracle.

WHEREAS, the Parties and their respective counsel participated in extensive mediated negotiations from late April to May 2024, including a full-day, in-person mediation on April 24 in San Francisco, California, facilitated by Eric D. Green and Fouad Kurdi, which ultimately resulted in the Parties reaching an agreement in principle on May 8, 2024 to settle the Action on the terms and conditions embodied in this Settlement Agreement.

WHEREAS, Plaintiffs have conducted extensive discovery relating to the Action, have thoroughly analyzed the factual and legal issues in the Action, have engaged in motion practice, have considered the risks associated with the continued prosecution of this complex and time-consuming litigation and the likelihood of ultimate success on the merits, and have concluded that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class and that this Settlement Agreement should be approved by the Court under Rule 23(e) of the Federal Rules of Civil Procedure.

WHEREAS, Oracle denies all of the allegations made in the Action and denies that it did anything unlawful or improper and its agreement to this Settlement is not an admission of guilt or wrongdoing of any kind, and is entering into this Settlement Agreement solely to avoid the further burden and expense of continued litigation of the Lawsuit.

WHEREAS, the Parties desire to settle the Action in its entirety as to Plaintiffs, the Settlement Class Members, and Oracle with respect to all Released Claims, and intend this Agreement to bind Plaintiffs (both as the Class Representatives and individually), Oracle, and Settlement Class Members.

NOW THEREFORE, in light of the foregoing, for good and valuable consideration, the Parties, and each of them, hereby warrant, represent, acknowledge, covenant, and agree, subject to approval by the Court, as follows:

## 1.   SETTLEMENT CLASS

1.1   **Certification of the Settlement Class.**  For purposes of settlement and the proceedings contemplated by this Agreement only, the Parties stipulate and agree that a Settlement Class shall be provisionally certified pursuant to Federal Rule of Civil Procedure 23 as defined herein, that Plaintiffs Michael Katz-Lacabe and Jennifer Golbeck shall be appointed Class Representatives and shall represent the Settlement Class for settlement purposes, and that Michael W. Sobol and David T. Rudolph of the law firm of Lieff Cabraser Heimann & Bernstein, LLP shall be appointed Class Counsel for the Settlement Class.

1.2     **Decertification of the Settlement Class if Settlement Not Approved.**  Oracle does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement.  If the Court does not enter an order granting final approval of the Settlement, or if for any other reason the Effective Date does not occur, this Agreement and any certification of any Settlement Class will be vacated, and the Parties will be returned to their positions with respect to the Action as if the Parties had not entered into the Agreement. Specifically: (a) the Parties shall jointly request that any Court order preliminarily or finally approving the certification of any Settlement Class contemplated by this Agreement be vacated, and agree that such order shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Oracle did not oppose the certification of a Settlement Class under this Agreement, or that the Court preliminarily or finally approved the certification of a Settlement Class, shall not be used or cited thereafter by any person in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class.  In the event the terms and conditions of this Agreement are substantially modified by the Court, Oracle reserves the right to declare this Agreement null and void, in its sole discretion, within fourteen (14) days after such modification.  For purposes of this Paragraph, "substantially modified" means material changes including but not limited to (a) the definition of the Settlement Class, Settlement Class Members, Released Parties, or Released Claims; and/or (b) the terms of the Non-Monetary Relief; and/or (c) the size of the Settlement Fund; and/or (d) the Notice Plan, including methods of distributing notice, to the Settlement Class.  Notwithstanding the above, in the event the Settlement is not approved, the Parties will meet and confer in good faith, to the extent possible, to address the Court's concerns.

2.      **CONFIDENTIALITY AND COMMUNICATIONS REGARDING THE SETTLEMENT**

2.1     The Parties, Class Counsel, and Oracle's Counsel agree that the negotiations leading to the execution of the Agreement and all submissions, documents, communications, and arguments related to the mediation shall not be disclosed by the Parties, Class Counsel, and Oracle's Counsel other than as necessary to finalize the Settlement and Notice Plan and obtain necessary approvals to effectuate the Settlement and Notice Plan.

2.2     The Parties, Class Counsel, and Oracle's Counsel agree that after the Agreement is submitted to the Court, each Party may respond in neutral terms to inquiries, including from the press, to communicate that the Action has been resolved by the Parties. Any response shall not contain inflammatory language about the Parties or their perceived conduct in the Action, and shall be limited to accurately describing the terms of the Settlement as reflected in the Agreement.

3.      **SETTLEMENT RELIEF**

3.1     **Class Benefit.**  Each Settlement Class Member who timely submits a Valid Claim shall receive a pro rata portion of the Net Settlement Fund.

3.1.1   Settlement Class Members may each submit one claim to receive a payment from the Settlement Fund. Settlement Class Members will be required to prove eligibility by means reasonably resistant to fraud, including through identifying information, such as full legal name, mailing addresses, telephone numbers, and email address required in the Claim Form; and information specified by the Settlement Administrator sufficient to make a distribution by the electronic means described in the Notice Plan, unless the member of the Settlement Class requests a paper check.

3.1.2   **Dissemination of Class Benefit.**  The Settlement Administrator shall distribute the class benefit to Valid Claimants within forty (40) days after the Effective Date.

3.2   **Settlement Fund.**

3.2.1   The Settlement Administrator shall establish and maintain the Settlement Fund in the amount of $115,000,000.  The Settlement Fund shall be a non-reversionary common fund, no part of which shall revert to Oracle.  The Settlement Administrator will hold the Settlement Fund in escrow until such time as the Settlement Administrator is authorized to disseminate the funds pursuant to this Agreement, the Final Approval Order, or other order of the Court.

3.2.2   The Settlement Fund is intended to be treated as a Qualified Settlement Fund ("QSF") for U.S. federal income tax purposes, with Oracle treated as the "transferors" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Oracle shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

3.2.3   The Settlement Administrator shall open an escrow account for the Settlement Fund at an escrow bank following the Parties' mutual agreement as to the appropriate bank and account. The Settlement Fund escrow bank shall invest the Settlement Fund exclusively in an interest-bearing account.

3.2.4   Other than the Settlement Fund, Oracle will have no financial obligations to Class Representatives, Settlement Class Members, Class Counsel, any other attorney representing any Settlement Class Member, or the Settlement Administrator with respect to the Released Claims. The Settlement Fund

represents the total extent of Oracle's monetary obligations under this Agreement. In no event shall Oracle's total monetary obligations with respect to this Agreement exceed the amount stated above.

3.2.5   Subject to Section 3.2.15, the Settlement Administrator will draw from the Settlement Fund to cover all obligations with respect to costs related to this Agreement, including the expenses of the Settlement Administrator, the Notice Plan, payments to Settlement Class Members, any Service Awards, any Attorneys' Fee and Expense Payment, and any other administrative fees and expenses in connection with this Agreement; provided, however, that the Parties must approve any payments to the Settlement Administrator prior to the Settlement Administrator incurring such expenses and prior to any withdrawals from the Settlement Fund. The Parties intend that, after the foregoing payments and disbursements are made, there will be no funds remaining.

3.2.6   If this Agreement is terminated, the Settlement Administrator will return all funds to Oracle within ten (10) days of the termination date; provided, however, that the Settlement Administrator need not return any funds already spent on notice and on reasonable Settlement Administrator expenses before the termination date. Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or is terminated for any reason, or the Settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Settlement Class Members, Class Representatives, and Class Counsel shall not in any way be responsible or liable for any administration expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Oracle's future payment obligations shall cease.

3.2.7   The Released Parties, Oracle's Counsel, the Releasing Parties and Settlement Class Members shall have no liability, obligation, or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund and shall have no liability, obligation, or responsibility with respect to any liability, obligation, or responsibility of the Settlement Administrator.

3.2.8   All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by or in connection with the Settlement Fund escrow account, including any taxes or tax detriments that may be imposed upon Class Counsel or Oracle with respect to income earned by the Settlement Fund escrow account for any period during which the Settlement Fund escrow account does not qualify as a QSF for purposes of federal or state income taxes or otherwise, shall be paid out of the Settlement Fund escrow account. Plaintiffs, Class Counsel, and Oracle shall have no liability or responsibility for any taxes arising with respect to the Settlement Fund escrow account.

3.2.9   For avoidance of doubt, neither Oracle nor any of the Released Parties shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to any Settlement Class Member based on the activities and income of the QSF. In addition, neither Oracle nor any of the Released Parties shall have any liability, obligation, or responsibility whatsoever for tax obligations arising from payments to Class Counsel. The QSF will be solely responsible for its tax obligations. Each Settlement Class Member will be solely responsible for their tax obligations. Each Class Counsel or other attorney or firm receiving a distribution from the Settlement Fund will be solely responsible for their tax obligations.  The Parties acknowledge that amounts paid by Oracle under this Agreement are solely because of Oracle's desire to move forward from this matter.

3.2.10  Oracle is not providing legal advice to any party or other person regarding the taxability of any amount paid hereunder and nothing contained herein shall be interpreted as constituting legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such. For the avoidance of doubt, Oracle makes no representation or warranty to any person regarding, and shall have no liability with respect to, the qualification of the Settlement Fund as a QSF.  Any tax issues raised by this Agreement may be unique as to each Party and Settlement Class Member, and each Party and Settlement Class Member is advised to obtain tax advice from their own tax advisor with respect to any payments resulting from this Agreement. Each Party and Settlement Class Member will be responsible for paying their own respective share of all applicable state, local, and federal taxes on all amounts received or paid pursuant to this Agreement.

3.2.11  Oracle shall have no liability whatsoever with respect to (i) any act, omission, or determination by Class Counsel or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iv) the determination, administration, or calculation of claims to be paid to Settlement Class Members from the Settlement Fund; or (v) the payment or withholding of taxes or related expenses, or any expenses or losses incurred in connection therewith.  The Releasing Parties and Class Counsel release Oracle from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund, or the qualification of the Settlement Fund as a QSF.  If applicable, the Settlement Administrator shall be responsible for obtaining all necessary information for any required IRS Forms 1099 or other tax forms and issuing such tax forms as necessary.

3.2.12  Within ten (10) days after entry of the Preliminary Approval Order, Oracle shall pay into the Settlement Fund the portion of the Settlement Amount sufficient to cover the reasonable costs of CAFA Notice, Notice, and settlement administration associated with Notice and claims processing, as estimated by the Settlement Administrator.

3.2.13   Oracle must pay into the Settlement Fund the portion of the Settlement Amount sufficient to cover attorneys' fee and expenses, and class representative service awards within ten (10) days after the later of (i) the entry by the Court of the Final Approval Order; (ii) the entry by the Court of an order granting Class Counsel's request for attorneys' fees and expenses; and (iii) Class Counsel's delivery to Oracle and the Settlement Administrator of an executed undertaking providing for Class Counsel's and its shareholders', members', and/or partners' joint and several liability with respect to the attorneys' fees and expenses repayment obligations set forth in Section 8 hereof.

3.2.14   Within ten (10) days after the Effective Date, Oracle shall deposit the balance of the Settlement Amount into the Settlement Fund.

3.2.15   The Settlement Fund shall be applied as follows, in accordance with the terms and conditions set forth in this Agreement:

3.2.15.1   To pay the costs of Notice and settlement administration;

3.2.15.2   To pay any Attorneys' Fee and Expense Payment and any Service Awards that may be approved by the Court; and

3.2.15.3   To distribute the Net Settlement Fund to Valid Claimants in accordance with this Agreement. Specifically, each Valid Claimant shall receive payment of their *pro rata* share, as determined by dividing the Net Settlement Fund by the number of Valid Claims.

3.2.15.4   If all Valid Claims, Notice and settlement administration costs, any Attorneys' Fee and Expense Payment, and any Service Awards total an amount less than the Settlement Fund, or to the extent that any distribution funds remain in the Settlement Fund one hundred and eighty (180) days after the Effective Date, such funds ("Residual Funds") shall be redistributed on a *pro rata* basis to Settlement Class Members who previously received payment, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair.

3.2.15.5   If the Settlement Administrator determines that any residue of the Settlement Fund cannot be distributed on a *pro rata* basis to Settlement Class Members who submitted a claim, the remaining funds shall be distributed to one or more 26 U.S.C. § 501(c)(3) non-profit Eligible Organization(s).

3.2.15.6   All costs associated with the disposition of residual funds – whether through additional distributions to Settlement Class Members and/or to the non-profit Eligible Organization(s) shall be borne solely by the Settlement Fund.

3.3 **Cy Pres Recipients.** No later than seven (7) days before the Court holds a hearing on preliminary approval of this Agreement, the Parties shall identify one or more Eligible Organization(s) to recommend to the Court for approval and shall comply with the requirements set forth in the Northern District of California guidance on cy pres awards.

3.4 **Cy Pres Reporting.** Each Eligible Organization(s) shall agree that, if approved by the Court, it shall provide a report to the Parties within one hundred eighty (180) days following first receipt of cy pres funds and on a periodic basis not to exceed one hundred eighty (180) days thereafter, describing how it has used any cy pres funds and how it intends to use any remaining funds. Class Counsel shall be responsible for ensuring that such reports are posted on the Settlement Website.

3.5 **Non-Monetary Relief.** No later than the Effective Date, Oracle will certify that, for as long as it continues to offer the products and services described in the Second Amended Complaint (ECF No. 87), it will: (i) not capture (a) user-generated information within referrer URLs (*i.e.*, the URL of the previously-visited page) associated with a website user or (b) except for Oracle's own websites, any text entered by a user in an online web form,; and (ii) implement an audit program to reasonably review customer compliance with contractual consumer privacy obligations.

3.6 **Claim Form.** To be entitled to receive any monetary benefit from the Settlement, Settlement Class Members must accurately and timely submit the Claim Form and any required documentation within forty-nine (49) days following the Notice Date.

3.7 **Determination and Processing of Claims.** The Settlement Administrator will review all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator will reject any claim that does not materially comply with the instructions on the Claim Form, is not submitted by a Settlement Class Member, or is deemed to be duplicative or fraudulent.

## 4.     OBTAINING COURT APPROVAL OF THE AGREEMENT

4.1 **Preliminary Approval.** Class Counsel will file the motion for preliminary approval within ten (10) days of the execution of this Agreement and will provide that draft to Oracle's Counsel at least five (5) business days prior to the filing of the motion, unless otherwise agreed to by the Parties. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims, while making clear that Oracle denies every allegation of wrongdoing and admit no liability. Oracle may provide comments concerning the motion, and Class Counsel will meet and confer with Oracle's Counsel in good faith regarding Oracle's comments.

4.2 **CAFA Notice.** Not later than ten (10) days after the Agreement is filed with the Court, Oracle will direct the Settlement Administrator to provide timely notice of the motion as required by the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1711 *et seq.*

4.3 **Final Approval and Judgment.** In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion for final approval of the Settlement and will provide that draft to Oracle's Counsel at least five (5) business days prior to the filing of the motion, unless otherwise agreed to by the Parties. The motion shall be written in a neutral manner that plainly states Plaintiffs' allegations and claims while making clear that Oracle denies every allegation of wrongdoing and admits no liability. Oracle may provide comments concerning the motion, and Class Counsel will meet and confer with Oracle's Counsel in good faith regarding Oracle's comments.

## 5. OBJECTIONS

5.1 Settlement Class Members may file objections to the Settlement, Class Counsel's request for Attorneys' Fee and Expense Payment and/or Class Representatives' request for Service Awards. Only Settlement Class Members shall be eligible to make an objection to this Agreement.

5.2 Any Settlement Class Member who intends to object to the Settlement must submit to the Court a written statement that includes: (i) a caption or title that identifies it as an objection to the Settlement in this Action; (ii) the Settlement Class Member's full name, mailing address, email address, and telephone number; (iii) the objector's basis for believing they are a Settlement Class Member; (iv) a statement whether the objector intends to appear at the Final Approval Hearing and, if so, whether personally or through counsel; (v) a clear and concise statement of the grounds for the objection and (vi) a statement identifying their counsel, if they are represented by counsel. To be timely, the objection must be filed with the Court or postmarked within forty-nine (49)days after the Notice Date ("Objection Deadline"). An objection may be submitted to the Court by filing electronically, filing in person at any location of the United States District Court for the Northern District of California, or by mail to the to the Class Action Clerk of the United States District Court for the Northern District of California.

5.3 Any Settlement Class Member who fails to timely file with or submit to the Court an objection in accordance with the terms of Sections 5.1 and 5.2 of this Agreement and as detailed in the Notice shall waive and forfeit any and all rights the Settlement Class Member may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of this Agreement by appeal or other means; and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Action.

5.4 Settlement Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must (i) file a notice of appearance with the Court no later than the Exclusion and Objection Deadline, and (ii) deliver a copy of the notice of appearance on Class Counsel and Oracle's counsel, no later than the Exclusion and Objection Deadline. Settlement Class Members, or their attorneys, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must deliver to Class Counsel and Oracle's

counsel, and file with the Court, no later than twenty-one (21) days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing.

5.5     Class Counsel shall file their request for the Attorneys' Fee and Expense Payment and Class Representatives shall file their request for Service Awards at least fifty (50) days prior to the Exclusion and Objection Deadline. Once filed, the request shall be posted on the Settlement Website.

5.6     Plaintiffs and Oracle shall have the right, but not the obligation, to respond to any objection no later than fourteen (14) days after the Exclusion and Objection Deadline.  The Party responding shall file a copy of the response with the Court and shall serve a copy on the objector (or counsel for the objector).

## 6.     EXCLUSIONS

6.1     **Requests for exclusion.**  The Notice will advise all members of the Settlement Class of their right to exclude themselves from the Settlement.  The Settlement will not bind any individuals who timely exclude themselves from the Settlement. Settlement Class Members may not seek to both exclude themselves from the Class and submit an objection to this Agreement. Any Settlement Class Member who both objects to this Agreement and submits a timely and valid request for exclusion will be deemed to have opted out and the objection shall be deemed null and void.

6.2     **Requesting process.**  A member of the Settlement Class may request exclusion from the Settlement up until the Exclusion Deadline.  To request exclusion, the individual must complete, personally sign, and mail to the Settlement Administrator a request for exclusion, using a form to be agreed on by the Parties (the "Request for Exclusion").  The Request for Exclusion will be available to download via the Settlement Website and must be personally signed by the member of the Settlement Class seeking exclusion under penalty of perjury.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a Request for Exclusion must be postmarked on or before the Exclusion Deadline, defined below.  Any Person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, this Agreement or any relief provided by this Agreement.  For a Request for Exclusion to be valid, it must set forth: (i) the name of the Action; (ii) the person's full name, mailing address, email address, and telephone number; (iii) a specific statement of the person's intention to be excluded from the Settlement; (iv) the identity of the person's counsel, if represented; and (v) be personally signed by the individual Settlement Class Member.  The Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion.

6.3     **Deadline.**  To be excluded from the Settlement, the Request for Exclusion must be postmarked by the Exclusion Deadline established in the Preliminary Approval Order, which shall be forty-nine (49) days after the Notice Date (the "Exclusion Deadline").

6.4     **Effect of exclusion.**  Any person who is a member of the Settlement Class and who validly and timely submits a Request for Exclusion from the Settlement shall not be

(i) a Settlement Class Member; (ii) bound by the Settlement; (iii) eligible to apply for or receive any benefit under the terms of the Settlement; or (iv) entitled to submit an objection to the Settlement.

6.5     **Exclusion list.**  No later than fifteen (15) days after the Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Oracle's Counsel with the list of persons who have timely and validly excluded themselves from the Settlement.

6.6     **Effect of exclusions.**  If fifteen thousand or more of the members of the Settlement Class validly and timely exclude themselves from the Settlement, then Oracle shall have the option to rescind this Agreement, in which case all of Oracle's obligations under this Agreement shall cease to be of any force and effect, and this Agreement shall be rescinded, cancelled, and annulled. If Oracle exercises this option, they shall provide Plaintiffs and the Court with written notice of their election within fifteen (15) days of receiving the exclusion list from the Settlement Administrator, at which point the Parties shall return to their respective positions that existed prior to the execution of this Agreement. No term of this Agreement or any draft thereof, or the negotiation, documentation, or other part of any aspect of the Parties' settlement discussions, or any filings or orders respecting the Settlement or any aspect of the Settlement, shall have any effect or be admissible as evidence for any purpose in the Action, or in any other proceeding.

## 7.     NOTICE AND SETTLEMENT ADMINISTRATION

7.1     Oracle will provide to the Settlement Administrator any names, addresses, and email addresses for all members of the Settlement Class for whom it has reasonably available records within fourteen (14) days of the date of entry of the Preliminary Approval Order. The Settlement Administrator will administer the Notice in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class confidential, using them only for purposes of administrating this Settlement.

7.2     **Notice Plan.**  The Parties agree upon and will seek Court approval of the following forms and methods of Notice to the Settlement Class. The Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law:

    7.2.1   **Settlement Website.**  The Settlement Administrator will establish and maintain a Settlement Website with the domain name www.KatzPrivacySettlement.com. The Settlement Website will include, without limitation, the Detailed Notice, the Agreement, the Complaint, the Preliminary Approval Motion and Order as entered, Plaintiffs' Motion for Attorneys' Fees and Expenses and Service Awards, Plaintiffs' Motion for Final Approval of Class Action Settlement, answers to a set of frequently asked questions, and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator. The Settlement Website will include readily accessible means for Settlement Class Members to submit a Claim Form or download a request for exclusion, as well as an address to which Claim Forms or requests for

exclusion may be mailed. The Settlement Website will be live on the Notice Date.

7.2.2   **Toll-Free Number.**  The Settlement Administrator will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, the Claim Form, and other case documents.

7.2.3   **Email Notice.**  The Settlement Administrator will email to each member of the Settlement Class for whom Oracle has an available email address a copy of the Email Notice. The email notice shall contain a hyperlink to the Settlement Website.

7.2.4   **Media Notice.** The Settlement Administrator will effect media notice as agreed to by the Parties and approved by the Court.

7.2.5   **Detailed Notice.**  The Detailed Notice shall contain a plain and concise description of the nature of the action and the proposed Settlement, including information on the definition of the Settlement Class, how the proposed Settlement would provide relief to Settlement Class Members, what claims are released under the proposed Settlement, and other relevant information. The Detailed Notice shall also inform members of the Settlement Class of their right to seek exclusion from the Settlement and to object to the Settlement, together with the Exclusion and Objection Deadlines and procedures for exercising those rights.

7.3   The Settlement Administrator has agreed to perform all Notice and administration duties required by the Settlement. The Parties agree that the Settlement Administrator may make non-material modifications to the Notice and Claim Forms described herein without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement and Preliminary Approval Order.

7.4   With approval from Class Counsel and Oracle's Counsel, the Settlement Administrator will withdraw from the Settlement Fund funds sufficient to cover all reasonable costs and expenses related to the Notice and administration functions to be performed by the Settlement Administrator, including the claims administration process.

## 8.   ATTORNEYS' FEE AND EXPENSE PAYMENT AND SERVICE AWARDS

8.1   Class Counsel may apply to the Court for an order approving the payment of reasonable attorneys' fees and expenses.  Oracle reserves the right to object or comment on Class Counsel's request for attorneys' fees and expenses in the District Court but agrees not to appeal any order of the District Court awarding attorneys' fees and expenses.

8.2   Class Counsel may apply for up to $10,000 in Service Awards to each Class Representative.  Oracle agrees not to oppose these requests up to $10,000.

8.3   The Court's award of any Attorneys' Fee and Expense Payment shall be separate from the determination of whether to approve the Settlement. Any order or proceeding relating to the Attorneys' Fee and Expense Payment or any Service

Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Settlement or affect or delay the finality of the Final Approval Order and Judgment approving the Settlement. In the event the Court approves the Settlement, but declines to award Class Counsel attorneys' fees or expenses in the amount requested by Class Counsel, or a Service Award in an amount different from that requested by Class Representatives, the Settlement will nevertheless be binding on the Parties to the extent permissible under applicable law. The Attorneys' Fee and Expense Payment shall be paid by the Settlement Administrator to an account or accounts designated by Class Counsel within five (5) days of receipt of the funds designated for payment of such award pursuant to Section 3.2.13.

8.4   Within five (5) business days after the entry of an order by any court of competent jurisdiction which vacates, reverses or alters the Final Approval Order or the order granting Class Counsel's request for attorneys' fees and expenses, Class Counsel shall repay to Oracle the full amount Class Counsel received for such award.

8.5   Any order or proceeding relating to the application for a Service Award, the pendency of the application, or any appeal from any such order, will not operate to terminate or cancel this Agreement or affect or delay the finality of the Final Approval Order and Judgment approving the Settlement. The Class Representatives' approval of this Settlement is not contingent on the filing of an application for a Service Award, or the Court approving any application for a Service Award.

**9.    DENIAL OF LIABILITY; PROHIBITION OF USE**

9.1   Oracle vigorously denies all of the allegations in the Action. Oracle enters into this Agreement without in any way acknowledging any fault, liability, or wrongdoing of any kind.  Oracle further denies the truth of any of the claims asserted in the Action, including any allegations that Plaintiffs or any member of the Settlement Class has been harmed by any conduct by Oracle, whether as alleged in the Action or otherwise. Oracle further asserts that no injury has been alleged by the Action, and Oracle's practices are lawful and proper. Oracle nonetheless has concluded that it is in its best interest that the Action be settled on the terms and conditions set forth herein in light of the expense that would be necessary to defend this litigation and the benefits of disposing of protracted and complex litigation.

9.2   To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Oracle, or to establish the truth of any of the claims or allegations alleged in the Action.

9.3   Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind; nor shall it be construed as an admission of any lack of merit of the causes of action asserted in the Action.

9.4     To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

**10.     RELEASES AND WARRANTIES**

10.1    The Parties represent that they have obtained the requisite authority to enter into this Settlement Agreement in a manner that binds all Parties to its terms.

10.2    As of the Effective Date, Releasing Parties hereby fully and irrevocably release and forever discharge Released Parties from any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action (including, without limitation, claims for attorneys' fees and expenses and costs) pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the execution date of the Settlement that have been or could have been asserted in the Action, including any such claims the Releasing Parties may have against the Released Parties arising out of, in whole or in part, the conduct of any other third party (the "Released Claims").

10.3    In consideration for this Agreement and the consideration set forth herein, Plaintiffs and the Settlement Class Members acknowledge that the release herein includes any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action (including, without limitation, claims for attorneys' fees and expenses and costs) pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the execution date of the Settlement that have been or could have been asserted in the Action, including any such claims the Releasing Parties may have against the Released Parties arising out of, in whole or in part, the conduct of any other third party.  Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Code § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived.  California Civil Code § 1542 states as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.4    When the Final Approval Order and judgment are entered, the Action will be dismissed with prejudice.

10.5    Each Party to this Agreement represents and warrants that they have not heretofore assigned or transferred, or purported to assign or transfer, any of the Released Claims to any other person and that they are fully entitled to compromise and settle the same.

10.6    No person will have any claim of any kind against the Parties or their counsel or the Settlement Administrator with respect to the Settlement and the matters set forth herein or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order and Judgment, or other order(s) of the Court.

## 11.   EFFECTIVE DATE OF THE AGREEMENT; TERMINATION

11.1    The "Effective Date" of this Agreement shall be the first day after which all of the following events and conditions of this Agreement have been met or have occurred:

11.1.1    All of the Parties and their counsel have executed this Agreement;

11.1.2    The Court has entered the Final Approval Order finally approving the Settlement and has entered Judgment; and

11.1.3    The Judgment has become final in that the time for appeal of the Judgment has expired or, if any such appeal and/or petition for review is taken and the Settlement Agreement is affirmed, the time period during which further petition for review, appeal, or writ of certiorari can be taken has expired. If the Judgment is set aside, materially modified, or overturned by any court, and is not fully reinstated on further appeal, the Judgment shall not become final.

11.2    If the Judgment does not become final and/or this Agreement is terminated pursuant to the express provisions of this Agreement or for cause or fails to become effective for any reason, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into. In the event of a termination, the Settlement Administrator shall return the monies remaining in the Settlement Fund to Oracle within fourteen (14) days of receiving notice of the termination.

## 12.   MISCELLANEOUS

12.1    **Extensions of time.**  All time periods and dates described in this Agreement are subject to the Court's approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. The time periods and dates provided for herein or in the Preliminary Approval Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Settlement Class; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website.

12.2    **Integration.**  This Agreement, including all exhibits, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

12.3    **Governing law.**  This Agreement shall be construed in accordance with, and be governed by, the laws of the state of California, without regard to the principles thereof regarding choice of law.

12.4    **Gender and plurals.**  As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

12.5    **Representative capacity.**  Each person executing this Agreement in a representative capacity represents and warrants that they are empowered to do so.

12.6    **Headings and counterparts.**  The headings or captions in this Agreement will not be deemed to have any effect and are provided for convenience only. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

12.7    **Cooperation of Parties.**  The Parties and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

12.8    **Voluntary execution.**  This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, the Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

12.9    **Notices.**  Any notice provided in connection with the Agreement or other document to be given by any Party to any other Party shall be in writing and (i) delivered personally or by registered or certified mail, postage prepaid, to the appropriate address(es) set forth immediately below, or to other contact points as the Parties may identify by notice given in accordance with this Section; and also (ii) transmitted by email to the appropriate email address(es) set forth immediately below.

| Notice to Class Counsel: | Notice to Oracle: |
|---|---|
| Michael W. Sobol<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>msobol@lchb.com | Tiffany Cheung<br>MORRISON & FOERSTER, LLP<br>425 Market Street<br>San Francisco, CA 94105<br>TCheung@mofo.com |

The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

12.10   **Modification or amendment.** Except as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

12.11   **Continuing jurisdiction.** Any and all disputes arising from or related to the Settlement must be brought by the Parties, Class Counsel, Oracle's Counsel, and/or each member of the Settlement Class, exclusively in the Court. The Parties, Class Counsel, Oracle's Counsel, and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

Date: July 8, 2024

**MICHAEL KATZ-LACABE**

By: _____

Michael Katz-Lacabe

Date: July __, 2024

**JENNIFER GOLBECK**

By: _____

Jennifer Golbeck

19

| Notice to Class Counsel: | Notice to Oracle: |
|---|---|
| Michael W. Sobol<br>LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111<br>msobol@lchb.com | Tiffany Cheung<br>MORRISON & FOERSTER, LLP<br>425 Market Street<br>San Francisco, CA 94105<br>TCheung@mofo.com |

The notice recipients and addresses designated above may be changed by written notice pursuant to this Section.

12.10 **Modification or amendment.** Except as otherwise provided herein, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel.

12.11 **Continuing jurisdiction.** Any and all disputes arising from or related to the Settlement must be brought by the Parties, Class Counsel, Oracle's Counsel, and/or each member of the Settlement Class, exclusively in the Court. The Parties, Class Counsel, Oracle's Counsel, and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement or this Agreement.

Date:  July __, 2024            **MICHAEL KATZ-LACABE**


By:_____
    Michael Katz-Lacabe


Date:  July __, 2024            **JENNIFER GOLBECK**


By:_____
    Jennifer Golbeck

19

Date:  July __, 2024        **ORACLE AMERICA, INC.**

By:_____
    Peggy E. Bruggman
    Senior Vice President, Associate General
    Counsel, Litigation

APPROVED AS TO FORM:

Date:  July _8_, 2024      By:_____
    Michael W. Sobol
    Lieff Cabraser Heimann & Bernstein, LLP
    ***Counsel for Plaintiffs and the Settlement Class***

Date:  July __, 2024      By:_____
    Tiffany Cheung
    Morrison & Foerster LLP
    ***Counsel for Defendant Oracle America, Inc.***

Date:  July 8, 2024

**ORACLE AMERICA, INC.**

By: _____        _____
     Peggy E. Bruggman
     Senior Vice President, Associate General
     Counsel, Litigation

APPROVED AS TO FORM:

Date:  July __, 2024

By: _____
     Michael W. Sobol
     Lieff Cabraser Heimann & Bernstein, LLP
     ***Counsel for Plaintiffs and the Settlement Class***

Date:  July 8, 2024

By: _____
     Tiffany Cheung
     Morrison & Foerster LLP
     ***Counsel for Defendant Oracle America, Inc.***

# EXHIBIT A

<table>
<tr><td>

**Your claim must be submitted online or postmarked by: [DATE]**

</td><td>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*KATZ-LACABE ET AL V. ORACLE AMERICA, INC., CASE NO. 3:22-CV-04792*
**[WEBSITE]**

</td><td>

**[CODE]**

</td></tr>
</table>

## CLAIM FORM INSTRUCTIONS

1. You may submit your Claim Form online at [WEBSITE] or by U.S. Mail to the following address: *Katz-Lacabe et al v. Oracle America, Inc.*, c/o Settlement Administrator, [ADDRESS].

2. You must complete the entire Claim Form. Please type or write your responses legibly.

3. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information. If you do not respond by the deadline provided by the Settlement Administrator, the Settlement Administrator will be unable to process your claim, and you will waive your right to receive money under the Settlement.

4. You may only submit one Claim Form.

5. If you have any questions, please contact the Settlement Administrator by email at Questions@[WEBSITE], by telephone at [NUMBER], or by mail at the address listed above.

6. Submission of this Claim Form does not guarantee payment. Your Claim Form must be approved by the Claims Administrator.

7. **You must notify the Settlement Administrator if your contact or payment information changes. If you do not, even if you submit a valid claim under the Settlement, you may not receive your payment.**

8. **DEADLINE:** Your claim must be submitted online by **[DATE]**. Claim Forms submitted by mail must be postmarked no later than **[DATE]**.

<table>
<tr><td>

**Your claim must be submitted online or postmarked by: [DATE]**

</td><td>

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*KATZ-LACABE ET AL V. ORACLE AMERICA, INC., CASE NO. 3:22-CV-04792*

*[WEBSITE]*

**Claim Form**

</td><td>

**[CODE]**

</td></tr>
</table>

## I. YOUR CONTACT INFORMATION AND RESIDENCY

Provide your contact information and residency status as requested below. You must notify the Settlement Administrator if your contact information changes after you submit this form.

**First Name**                        **Last Name**

**Alias or Nickname (if any)**        **Street Address**

**City**          **State**     **Zip Code**      **Phone Number**

**Email Address**                     **\*Notice ID (optional)**

\* If you received a Notice about the Settlement by email, please provide the Notice ID located above your name/address on the Notice you received. If you do not have a Notice ID, you may still be eligible to submit a claim.

| Did you reside in the United States at any point between August 19, 2018, and the present day? | Yes ☐ <br> No ☐ |
|---|---|

## II.  PAYMENT SELECTION

Please select **one** of the following payment options:

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __

☐ **Zelle -** Enter the email address or mobile number associated with your Zelle account:
_____

☐ **ACH Transfer -** [ADMINISTRATOR TO PROVIDE INSTRUCTIONS].

☐ **Virtual Prepaid Card -** Enter the email address where you will receive the Virtual Prepaid Card:
_____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## III.  ATTESTATION UNDER PENALTY OF PERJURY

By signing below and submitting this Claim Form, I hereby attest under penalty of perjury that to the best of my knowledge the information provided in this Claim Form is true and correct, that nobody has submitted another claim in connection with this Settlement on my behalf, that I have not submitted any other Claim Form in connection with this action, and that any acquisition, capture, or collection of my personal information by Oracle was without my consent.


_____          Date: _____
Your signature                                                              MM          DD          YYYY


_____
Your full name

# EXHIBIT B

**TO:**    <<Class Member Email>>
**FROM:**  Settlement Administrator <<DoNotReply@[WEBSITE]>>
**RE:**    Legal Notice of Class Action Settlement: You May Be Entitled To Compensation

Notice ID: [Notice ID Number]
Confirmation Code: [Confirmation Code Number]

United States District Court for the Northern District of California

*Katz-Lacabe et al v. Oracle America, Inc., Case No. 3:22-cv-04792-RS*

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
————————————————

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because Your Personal Data May Have Been Collected by Oracle America, Inc.**
————————————————

*A federal court authorized this notice. You are not being sued. This is not an advertisement.*

A Settlement has been proposed in class action litigation against Oracle America, Inc. ("Oracle"). This class action alleges that Oracle improperly captured, compiled, and sold individuals' online and offline data to third parties without obtaining their consent. Oracle denies all the allegations made in the lawsuit and any wrongdoing and maintains that its practices were lawful and disclosed to individuals.

**Who is included in the Settlement?** You are included if you are a Settlement Class Member, which is defined as "all natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action."

**What does the Settlement provide?** Under the Settlement, Oracle will pay $115 million to establish a Settlement Fund.

Class Counsel will ask the Court to award up to 25% of the Settlement Fund (i.e. up to $28.75 million) for attorneys' fees. In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on behalf of Settlement Class Members in an amount not exceed $225,000.  Oracle has reserved the right to object or comment on Class Counsel's request for attorneys' fees and expenses in the District Court and has also agreed not to appeal any order of the District Court awarding attorneys' fees and expenses.  Class Counsel will also ask the Court to approve Service Awards of up to $10,000 each for the two Class Representatives named in the complaint as an award for their service to the Settlement Class as Plaintiffs and Class Representatives ($20,000 in total) out of the Settlement Fund.  Class Counsel's application for attorneys' fees, expenses, and Service Awards will be made available on the Settlement Website at [WEBSITE] before the deadline for you to comment on or object to the Settlement.

After deducting any Court-approved attorneys' fees and expenses and Service Awards for the

Class Representatives, and the costs of the Settlement administration, the Settlement Fund will be distributed to Class Members on a *pro rata* basis.

Oracle will also certify that, for as long as it continues to offer the products and services described in the complaint, it will: (i) not capture (a) user-generated information within referrer URLs (*i.e.*, the URL of the previously-visited page) associated with a website user or (b) except for Oracle's own websites, any text entered by a user in an online web form,; and (ii) implement an audit program to reasonably review customer compliance with contractual consumer privacy obligations.

**How do I get a payment?** You must submit a valid Claim Form by **[DATE]**. Claim forms may be submitted online at [WEBSITE] or printed from the website and mailed to the address on the Claim Form. Claim Forms are also available by calling [NUMBER] or emailing Questions@[WEBSITE]. You are not required to submit a claim, but if you are in the Settlement Class and do not submit a claim, you will lose your right to claim compensation in connection with the Settlement.

**Your other options.** If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **[DATE]**. Unless you exclude yourself, you won't be able to sue or continue to sue Oracle for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may file an objection or other comment no later than **[DATE]**. More information about these options is available at [WEBSITE].

**Do I have a lawyer in the case?** If you are a Settlement Class Member, you have a lawyer in this case. The Court appointed as "Class Counsel" the law firm of Lieff Cabraser Heimann & Bernstein, LLP to represent Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's hearing.** The Court will hold the Final Approval Hearing at **[TIME]** on **[DATE]** in Courtroom 3 (17th Floor) of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. There is no requirement that you attend the hearing—you may submit a claim, object, comment or exclude yourself from the Settlement without attending the hearing. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, including Class Counsel's application for attorneys' fees, expenses, and for Service Awards.

**How Do I Get More Information?** For more information, including the full notice, claim form and Settlement Agreement visit [WEBSITE], or contact the Settlement Administrator by email at Questions@[WEBSITE], by phone at [NUMBER], or by mail at *Katz-Lacabe et al v. Oracle America, Inc.*, c/o Settlement Administrator, [ADDRESS].

**If you are member of the Settlement Class, you may go to the Settlement website now and make a claim by clicking [WEBSITE].**

**This notice is only a summary.**

# EXHIBIT C

United States District Court for the Northern District of California

# Notice of Proposed Class Action Settlement

## *Katz-Lacabe et al v. Oracle America, Inc.*

### Important Information – Read Carefully

### A federal court authorized this Notice. This is not an advertisement.

A Settlement has been proposed in class action litigation against Oracle America, Inc. ("Oracle"). This class action alleges that Oracle improperly captured, compiled, and sold individuals' online and offline data to third parties without obtaining their consent. Oracle denies all the allegations made in the lawsuit and any wrongdoing and maintains that its practices were lawful and disclosed to individuals.

**You are included in this Settlement, and your rights may be affected by this Settlement, if you are a Settlement Class Member**, which is defined as "all natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action."

This Notice summarizes the proposed Settlement and your legal rights. For the precise terms of the Settlement, see the Settlement Agreement available at [WEBSITE].

Under the Settlement, Oracle has agreed to certain nonmonetary relief, further described below.

In addition, the Settlement establishes a $115 million Settlement Fund, to be used for cash payments to Settlement Class Members who submit valid claims for compensation, after deducting the costs of the settlement administration, court-approved attorneys' fees and expenses, and Service Awards for two Class Representatives. The amount of monetary payments issued to Settlement Class Members will depend on the number of valid claims received. In exchange for the benefits the Settlement provides, Settlement Class Members will release any and all claims they may have (whether known or unknown) regarding the allegations in the complaint.

The Court will decide whether to approve the proposed Settlement. If approved, the Settlement will resolve the litigation entitled *Katz-Lacabe et al v. Oracle America, Inc.*, Case No. 3:22-cv-04792-RS, which is pending before Judge Richard Seeborg in the Northern District of California.

The class action settlement approval process may take several months, or more if there is an appeal.

### Please Read this Notice Carefully.

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | |
|---|---|---|
| **FILE A CLAIM FOR COMPENSATION** | You may file a Claim Form in order to receive a monetary payment from the Settlement Fund. Filing a Claim Form is the only way to receive a payment from this Settlement.<br><br>For detailed information about how to file a Claim Form, *see* Question 16. To go right to the Settlement website to file a claim, click [WEBSITE]. | Deadline: [Month] [Day], [Year] |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT** | You can exclude yourself from the Settlement by informing the Settlement Administrator that you want to "opt-out" of the Settlement by sending a Request for Exclusion. If the Settlement becomes final, this is the only option that allows you to retain your rights to individually sue for claims relating to the allegations in the complaint. You will not receive a payment from the Settlement if you exclude yourself.<br><br>For detailed information about excluding yourself from the Settlement, *see* Question 27. | Deadline: [Month] [Day], [Year] |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT** | You may object to the Settlement by writing to the Court about why you don't think the Settlement should be approved.<br><br>You can also write the Court to provide comments or reasons why you support the Settlement.<br><br>For detailed information about how to object to or comment on the Settlement, *see* Question 21. | Deadline: [Month] [Day], [Year] |
| **GO TO THE FINAL APPROVAL HEARING** | You may, but are not required to, attend the Final Approval Hearing where the Court may hear arguments concerning the approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must state your intention to do so in your written objection or comment.<br><br>For detailed information about attending the Final Approval Hearing, *see* Question 24. | Deadline: [Month] [Day], [Year] |

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

| | | |
|---|---|---|
| **DO NOTHING** | Unless you exclude yourself, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and will give up the right to sue, continue to sue, or be part of another suit against Oracle related to the legal claims resolved by this Settlement. | Deadline: N/A |

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

# What this Notice Contains

**Page**

**BACKGROUND INFORMATION** ................................................................ **1**

    1. Why is there a notice? ................................................................. 1

    2. What is this litigation about? ....................................................... 1

    3. Who is the defendant in the lawsuit? ........................................... 1

    4. Why is this a class action? .......................................................... 1

    5. Why is there a settlement? .......................................................... 2

    6. Who and what is the Settlement Administrator? .......................... 2

**CLASS MEMBERSHIP** ............................................................................ **2**

    7. Who is in the Settlement? ........................................................... 2

    8. Are there exceptions to being included? ...................................... 2

**THE LAWYERS FOR CLASS MEMBERS** ................................................ **2**

    9. Do I have a lawyer in the case? .................................................. 2

    10. How will Class Counsel be paid? ................................................ 3

**BENEFITS FOR CLASS MEMBERS** ....................................................... **3**

    11. What monetary benefits does the Settlement provide? ................. 3

    12. How is the amount of a valid claim determined? ......................... 4

    13. How will valid claims be paid? ................................................... 4

    14. What nonmonetary benefits does the Settlement provide? ........... 4

    15. Will all Settlement Class Members who file claims receive the same amount? ..... 4

**HOW TO FILE A CLAIM** ......................................................................... **5**

    16. How do I file a claim for compensation? ..................................... 5

    17. Can I submit multiple claims? .................................................... 5

    18. What happens if my claim is not accepted? ................................. 5

    19. When and how will I receive the benefits I claim from the Settlement? ............... 5

**LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT** ................ **6**

    20. What am I giving up to stay in the Settlement Class? ................... 6

**OBJECTING TO THE SETTLEMENT** ...................................................... **6**

    21. If I don't like the Settlement, how do I tell the Court? ................. 6

    22. What is the difference between objecting and excluding myself? .......... 7

    23. Do I need to attend the Final Approval Hearing if I file an objection? ................. 8

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

# What this Notice Contains
## (continued)

**Page**

**FINAL APPROVAL HEARING** ................................................................................ **8**

24. When and where will the Court decide whether to approve the Settlement? ......... 8

25. Do I have to come to the hearing? ........................................................ 8

26. May I speak at the hearing? ............................................................ 8

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................ **9**

27. How do I exclude myself from the Settlement? ..................................... 9

28. If I do not exclude myself, can I sue Oracle for the same thing later? ................ 10

29. If I exclude myself, am I still represented by Class Counsel? ............................ 10

**DOING NOTHING** ................................................................................ **10**

30. What happens if I do nothing? .......................................................... 10

**GETTING MORE INFORMATION** .................................................................. **10**

31. How do I get more information? ........................................................ 10

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

# BACKGROUND INFORMATION

## 1.      Why is there a notice?

A Court authorized this notice because you have a right to know how the proposed Settlement may affect your rights. This notice explains the nature of the litigation, the general terms of the proposed Settlement, and what it may mean to you. This notice also explains the ways you may participate in, or exclude yourself from, the Settlement.

## 2.      What is this litigation about?

The complaint in this case alleges that Oracle tracks individuals' online activity (*e.g.*, web browsing) and offline activity (*e.g.*, in-store purchases, geolocation) and combines this and other information and makes this and other derivative data available to third parties without individuals' consent. The complaint alleges that Oracle's conduct was unlawful and violated individuals' privacy rights. Oracle denies all the allegations made in the lawsuit and does not make any admission of guilt or wrongdoing by entering into the Settlement. No court or other entity has made any findings against Oracle nor any determination that the law has been violated.

The time period at issue in this suit is August 19, 2018, to the date of final judgment in this case.

The current complaint filed in this litigation, which describes the specific legal claims alleged by the Plaintiffs and the relief sought, is available on the Settlement Website, at [WEBSITE]. You can also find a copy of the Court's orders on Oracle's motions to dismiss the Plaintiffs' legal claims, which sustained some claims and dismissed others, on the Settlement Website at [WEBSITE].

## 3.      Who is the defendant in the lawsuit?

The Defendant is Oracle America, Inc., a technology corporation. Oracle is a Delaware corporation with its principal place of business in Austin, Texas.

## 4.      Why is this a class action?

In a class action, one or more people file a lawsuit to assert legal claims on behalf of themselves and other persons who have experienced the same or similar circumstances. Here, two people who are proposed Settlement Class Members filed a class action complaint and serve as named Plaintiffs and "Class Representatives" in the lawsuit. In this capacity, they represent the interests of all the Settlement Class Members.

Even if you have not filed your own lawsuit against Oracle regarding the allegations described in this notice, if you are a Settlement Class Member, this Settlement still affects you because the Settlement applies to all Settlement Class Members.

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [WEBSITE] or call [NUMBER].**

## 5.      Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Oracle on the ultimate merits of Plaintiffs' claims. Instead, both sides agreed to a Settlement. Settlements avoid the uncertainty of a trial and appeals, while providing benefits to Settlement Class Members when the Settlement becomes final. Class Representatives and the attorneys for the Class ("Class Counsel," *see* Question 9) believe that the Settlement is in the best interests of the Settlement Class Members.

## 6.      Who and what is the Settlement Administrator?

The Court has appointed Angeion Group, LLC as the Settlement Administrator. The Settlement Administrator's role is to effectuate the court-approved class notice program, receive, validate and pay (from the Settlement Fund) the Settlement Class members' valid claims, and to generally administer the Settlement as provided in the Settlement Agreement.

# CLASS MEMBERSHIP

## 7.      Who is in the Settlement?

You are part of the Settlement if you are in the Settlement Class. The Court decided that, if the Settlement is approved, the Settlement Class will encompass "All natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action."

## 8.      Are there exceptions to being included?

Yes. The Settlement Class does not include: (i) Oracle; (ii) Oracle's parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Oracle has a controlling interest; (iv) any individual who would otherwise be included in the Settlement Class, but has agreed, in another proceeding, to release claims covered by this Settlement prior to the Claim Form deadline identified in Section 3.6 of the Settlement Agreement; and (v) any judge presiding over this case, their staff, and the members of the judge's immediate family.

# THE LAWYERS FOR CLASS MEMBERS

## 9.      Do I have a lawyer in the case?

If you are a Settlement Class Member, you have a lawyer for purposes of the Settlement. The Court appointed as "Class Counsel" the law firm of Lieff Cabraser Heimann & Bernstein, LLP to represent Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

You may contact Class Counsel using the following information:

> David T. Rudolph
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor, San Francisco, CA 941113339
> drudolph@lchb.com

## 10.    How will Class Counsel be paid?

Class Counsel will apply to the Court to be paid from the Settlement Fund, and any payment will be made only in the amount that is approved by the Court.

Class Counsel will ask the Court to award up to 25% of the Settlement Fund (*i.e.* up to $28.75 million) for attorneys' fees. In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on behalf of Settlement Class Members in an amount not exceed $225,000.

Class Counsel will also ask the Court to approve Service Awards of up to $10,000 each for the two Class Representatives named in the complaint as an award for their service to the Settlement Class as Plaintiffs and Class Representatives ($20,000 in total) out of the Settlement Fund.

Class Counsel's application for attorneys' fees, expenses, and Service Awards will be made available on the Settlement Website at [WEBSITE] before the deadline for you to comment on or object to the Settlement. You can also request a copy of the application by contacting the Settlement Administrator at Questions@[WEBSITE].

The Court will decide the attorneys' fees and expenses, and Service Awards to be paid. Any attorneys' fees, expenses, or Service Awards approved by the Court will be paid from the $115 million Settlement Fund. Oracle has agreed not to oppose the request for the Service Awards. Oracle has reserved the right to object or comment on Class Counsel's request for attorneys' fees and expenses in the District Court and has also agreed not to appeal any order of the District Court awarding attorneys' fees and expenses.

## BENEFITS FOR CLASS MEMBERS

## 11.    What monetary benefits does the Settlement provide?

Under the Settlement, Oracle will pay $115 million to establish a Settlement Fund.

The Settlement Fund will be used to pay Settlement Class Members who submit a valid claim, the Settlement Administrator's costs and fees for providing class notice and administering the Settlement, any court-approved attorneys' fees and expenses, and Service Awards for the Class

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [WEBSITE] or call [NUMBER].**

Representatives. Other than the Settlement Fund, Oracle will have no financial obligations to Class Representatives, Settlement Class Members, Class Counsel, any other attorney representing any Settlement Class Member, or the Settlement Administrator with respect to the Released Claims.

## 12.    How is the amount of a valid claim determined?

After first deducting any court-approved attorneys' fees and expenses, Service Awards for the Class Representatives, and the Settlement Administrator's costs and fees, the resulting Net Settlement Fund will be distributed to Settlement Class Members who have submitted a Valid Claim on a *pro rata* basis. The amount of the payments to individual Settlement Class Members will depend on the number of Valid Claims that are filed. Because the final payment amount cannot be calculated before all claims for compensation are received and verified, it is not possible to provide the precise amount of the payment for each valid claim before the deadline to file claims.

## 13.    How will valid claims be paid?

Settlement Class Members who submit a Valid Claim will be able to choose whether to receive their payment via Zelle, Venmo, ACH Transfer, or paper check.

If any electronic transfers fail or any paper checks are uncashed, the Settlement Administrator may make a second *pro rata* payment based on the non-transferred funds to Settlement Class Members who previously received payments. However, if the remaining amount is too small to make individual distributions viable, or other reasons make further distributions infeasible or unfair, the remaining funds will be distributed to one or more nonprofit organizations approved by the Court.

## 14.    What nonmonetary benefits does the Settlement provide?

No later than the Effective Date of the Settlement Agreement, Oracle will certify that, for as long as it continues to offer the products and services described in the complaint, it will: (i) not capture (a) user-generated information within referrer URLs (*i.e.*, the URL of the previously-visited page) associated with a website user or (b) except for Oracle's own websites, any text entered by a user in an online web form,; and (ii) implement an audit program to reasonably review customer compliance with contractual consumer privacy obligations.

## 15.    Will all Settlement Class Members who file claims receive the same amount?

Yes. Each Settlement Class Member who submits a valid claim for compensation will be paid one equal *pro rata* share from the Net Settlement Fund (the $115 million Settlement Fund minus any award of attorneys' fees and expenses, settlement administration costs, and Service Awards for the Class Representatives). Each Settlement Class Member is entitled to submit only one claim for compensation from the Net Settlement Fund.

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

# HOW TO FILE A CLAIM

## 16.    How do I file a claim for compensation?

To claim a cash payment, you need to file a Claim Form. There are two options to file your claim:

(1) File Online: You may fill out and submit the Claim Form online at [WEBSITE]. This is the quickest way to file a claim.

(2) File by Mail: Alternatively, you can download a copy of the Claim Form (available at [WEBSITE]/important-documents), or ask the Settlement Administrator to mail a Claim Form to you by calling [NUMBER]. Fill out your Claim Form, and mail it (including postage) to: *Katz-Lacabe et al v. Oracle America, Inc.*, c/o Settlement Administrator, [ADDRESS].

Your Claim Form must provide the following information along with a personal attestation under the penalty of perjury that the information is true to the best of your knowledge: (i) full legal name and any aliases or nicknames; (ii) current mailing address, email address, and phone number; (iii) you resided in the United States during the Settlement Class period; (iv) you have not submitted more than one claim; (v) any acquisition, capture, or collection of your personal information by Oracle was without your consent; and (v) information specified by the Settlement Administrator sufficient to make a distribution by the provided electronic means.

The deadline to file a claim is **[MONTH] [DAY], 2024** (this is the last day to file online and postmark deadline for mailed claims).

## 17.    Can I submit multiple claims?

No. Each Settlement Class Member may submit only one claim.

## 18.    What happens if my claim is not accepted?

The Settlement Administrator may reject Claim Forms that are duplicates of another claim, are reasonably suspected to be fraudulent, or are submitted after the deadline. The Settlement Administrator may also reject claim forms submitted by individuals it reasonably determines are not members of the Settlement Class. Before rejecting a claim, the Settlement Administrator may notify the claimant to give the claimant an opportunity to correct any deficiency.

## 19.    When and how will I receive the benefits I claim from the Settlement?

Payments for Valid Claims will be made after the Settlement becomes final by the means designated on your Claim Form. The Settlement will become final only if, and after, Final

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [WEBSITE] or call [NUMBER].**

Approval is granted by the Court and any appeals to Final Approval of the Settlement are resolved. This process may take longer than one year. Please be patient.

If, after you submit a Claim Form, you change your mailing address, email address, or the electronic payment information provided on your Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may do so by contacting the Settlement Administrator using the contact information in Question 31.

## LEGAL RIGHTS RESOLVED THROUGH THE SETTLEMENT

## 20.    What am I giving up to stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will stay in the Settlement Class and you will therefore be giving up what are called "Released Claims" against the "Released Parties" as these terms are defined in paragraph 10.2 and paragraph M of the Settlement Agreement. This means that you are giving up the right to claim compensation for the claims raised in the complaint and any other claims that may arise from the facts alleged in the complaint that you may have against Oracle or the Released Parties (again, as defined in paragraph 10.2 and paragraph M of the Settlement Agreement).

All the decisions by the Court will bind you unless you exclude yourself from the Settlement (*see* Questions 27–29).

Paragraph 10.2 and paragraph M of the Settlement Agreement define the claims that will be released by Settlement Class Members who do not exclude themselves from the Settlement and the parties who will be released. You can access the Settlement Agreement and read the details of the legal claims being released at [WEBSITE]. If you have any questions about what this means, you can contact Class Counsel or the Settlement Administrator (*see* Questions 9, 31).

## OBJECTING TO THE SETTLEMENT

## 21.    If I don't like the Settlement, how do I tell the Court?

If you do not exclude yourself from the Settlement, you can ask the Court to deny approval by filing an objection. You can object to any aspect of the Settlement, to Class Counsel's request for attorneys' fees and expenses, or to the request for Service Awards.

Objecting to the Settlement means asking the Court to deny approval to the Settlement. You can't ask the Court to order a larger monetary payment from Oracle as part of the Settlement, or to change the commitments Oracle has agreed to make under the Settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, Oracle will not be required to comply with the terms of the Settlement Agreement, no Settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you may object.

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

Any objection to the proposed settlement must be in writing and contain the following:

a.   The name and case number of this lawsuit (*Katz-Lacabe et al v. Oracle America, Inc.*, the case number is 3:22-cv-04792-RS);

b.   The basis for believing you are a Settlement Class Member;

c.   Your full name and mailing address, and email address or telephone number;

d.   A clear and concise statement of all reasons for your objection;

e.   Whether you intend to appear at the Final Approval Hearing, either in person or through an attorney representing you;

f.   A statement identifying your counsel, if you are represented by counsel;

g.   Your handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

Any objection to the proposed settlement must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California, or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, and be filed or postmarked on or before **[MONTH] [DAY], 2024**.

Class Action Clerk<br>
United States District Court for the Northern District of California<br>
450 Golden Gate Avenue<br>
San Francisco, CA 941023489

## 22.   What is the difference between objecting and excluding myself?

You object to the Settlement when you disagree with some aspect of the Settlement and think the Court should not give Final Approval to the Settlement. An objection, like a comment, allows your views to be heard in Court.

Excluding yourself from the Settlement means that you are no longer a Settlement Class Member and don't want the Settlement (including monetary payments) to apply to you. Once you are excluded, you lose any right to object to any aspect of the Settlement because the case no longer affects you.

**This Settlement affects your legal rights even if you do nothing.**<br>
**Questions? Go to [WEBSITE] or call [NUMBER].**

**23.    Do I need to attend the Final Approval Hearing if I file an objection?**

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## FINAL APPROVAL HEARING

**24.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **[TIME]** on **[MONTH] [DAY]**, **2024** in Courtroom 3 (17th Floor) of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be postponed to a different date or time or location without notice. The hearing may be scheduled to occur telephonically or by videoconference. Please check **[WEBSITE]**, or Judge Richard Seeborg's Calendar (available at https://apps.cand.uscourts.gov/CEO/cfd.aspx?7141) for any updates about the Settlement or the Final Approval Hearing. If the date or time, or the format, of the Final Approval Hearing changes, an update to the Settlement Website or the Court's Calendar is the only way you will be informed of the change.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who appear at the hearing and who have provided notice of their intent to appear at the hearing (*see* Question 21). The Court may also consider Class Counsel's application for attorneys' fees, expenses and for Service Awards. At or after the hearing, the Court will decide whether to approve the Settlement and to approve Class Counsel's application for attorneys' fees, expenses and Service Awards.

**25.    Do I have to come to the hearing?**

No, you may attend at your own expense, but you do not have to. If you submit a written objection, the Court will consider it even if you do not appear at the hearing. You may also pay your own lawyer to attend, but it is not required.

**26.    May I speak at the hearing?**

At the hearing, the Court will at its discretion hear any objections and arguments concerning the fairness of the Settlement.

As described more fully above in response to Question 21, you are eligible to speak at the Final Approval Hearing if you (a) have mailed your written comment or objection to the Court on or

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [WEBSITE] or call [NUMBER].**

before the postmark deadline, and (b) identified in your comment or objection whether you intend to appear at the Final Approval Hearing.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 27.   How do I exclude myself from the Settlement?

If you want to keep the right to sue or continue to sue Oracle or the other released entities (*see* Question 20) based on claims this Settlement resolves, you must exclude yourself from the Class (sometimes called "opting out").

To exclude yourself from the Settlement, you must download a Request for Exclusion from [WEBSITE], fill it out, sign it, and mail it to the Settlement Administrator. The Request for Exclusion must include:

     a.     The name and case number of this lawsuit (*Katz-Lacabe et al v. Oracle America, Inc.*, the case number is 3:22-cv-04792-RS);

     b.     Your full name and mailing address, email address, and telephone number;

     c.     A clear statement that you want to be excluded from the Settlement; and

     d.     If you are represented by an attorney and, if you are, the attorney's name, address, and phone number;

     e.     Your handwritten or electronically imaged written (*e.g.*, "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

You must mail your Request for Exclusion, postmarked no later than **[MONTH] [DAY], 2024**, to:

*Katz-Lacabe et al v. Oracle America, Inc.*
Attn: Exclusion
**[ADDRESS]**
**[CITY]**, **[STATE]** **[ZIP CODE]**

You cannot exclude yourself by mailing a notification to any other location or after the deadline of **[MONTH] [DAY], 2024**. You cannot exclude yourself by telephone or by email. Your exclusion letter must be signed by you, personally, and not your lawyer or anyone else acting on your behalf. "Mass" or "class" opt-outs made on behalf of multiple persons or classes of persons will be deemed invalid.

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

- 9 -

**28.     If I do not exclude myself, can I sue Oracle for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Oracle and the other released entities (*see* Question 20) for the claims that this Settlement resolves.

**29.     If I exclude myself, am I still represented by Class Counsel?**

No. Class Counsel represents the members of the Settlement Class. If you exclude yourself from the Settlement Class, you are not represented by Class Counsel.

## DOING NOTHING

**30.     What happens if I do nothing?**

If you do nothing, and if the Settlement becomes final, you will be part of the Settlement Class. By doing nothing, you will have not submitted a Valid Claim and therefore will not receive any monetary compensation from the Settlement. You will also give up your rights to sue (or continue to sue) Oracle or the Released Parties (*see* Question 20) for claims arising out of or related to the allegations in the Plaintiffs' complaint.

## GETTING MORE INFORMATION

**31.     How do I get more information?**

This notice summarizes the proposed Settlement. The precise terms are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement, view other case documents, and get additional information, updates, and answers to Frequently Asked Questions, by visiting [WEBSITE].

All of the case documents that have been filed publicly in this case are also available online through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. This case is called *Katz-Lacabe et al v. Oracle America, Inc.* and the case number is 3:22-cv-04792-RS. You may obtain case documents by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Francisco Division, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also get additional information or request a copy of the Settlement Agreement by calling toll free [NUMBER] or writing to the Settlement Administrator via email to Questions@[WEBSITE] or by mail to *Katz-Lacabe et al v. Oracle America, Inc.*, c/o Settlement Administrator, [ADDRESS].

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to [WEBSITE] or call [NUMBER].**

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**This Settlement affects your legal rights even if you do nothing.**

**Questions? Go to [WEBSITE] or call [NUMBER].**

# EXHIBIT D

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,

11

Case No. 3:22-cv-04792-RS

12

Plaintiffs,

13

Honorable Richard Seeborg

vs.

14

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

15

ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,

16

17

Defendant.

18

WHEREAS, Plaintiffs Michael Katz-Lacabe and Dr. Jennifer Golbeck ("Settlement Class

19

Representatives"), on behalf of themselves and the Settlement Class as defined below, and

20

Defendant Oracle America, Inc. ("Oracle") (collectively, the "Parties") entered into a Settlement

21

Agreement (ECF No. ___) on July 8, 2024, which sets forth the terms and conditions for a proposed

22

settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth

23

therein;[1]

24

WHEREAS Plaintiffs have moved pursuant to Rule 23(e), for an order preliminarily

25

approving the settlement of this Action; and

26

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement

27

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit __ to the Plaintiffs' Motion for Preliminary Approval.

28

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-04792

Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in support thereof, and the supporting Declarations;

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

1.      <u>Jurisdiction.</u> The Court preliminarily finds that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

2.      <u>Preliminary Approval of Proposed Settlement Agreement.</u> The Court preliminarily finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described in Paragraph 28 below.

3.      The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of informed, arm's-length negotiations between experienced class action attorneys and made with the assistance of the mediation services of Professor Eric D. Green, Esq. and Fouad Kurdi, Esq.; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

4.      <u>Direction of Class Notice.</u> The Court further finds that the Settlement is within the range of reasonableness such that Class Notice shall be provided.

**II.      <u>PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS</u>**

5.      <u>Settlement Class.</u> The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement

Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph R of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action.

Excluded from the Settlement Class are (i) Oracle; (ii) Oracle's parents, subsidiaries, affiliates, officers, directors, investors, and employees; (iii) any entity in which Oracle has a controlling interest; (iv) any individual who would otherwise be included in the Settlement Class, but has agreed, in another proceeding, to release claims covered by this Settlement prior to the Claim Form deadline identified in Section 3.6 of the Settlement Agreement; and (v) any judge presiding over this Action, their staff, and the members of the judge's immediate family.

6.      The Court finds, subject to the Final Approval Hearing, that within the context of and for the purposes of settlement only, the Settlement Class satisfies the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs are adequate representatives of the Settlement Class.

7.      <u>Class Representatives and Class Counsel.</u> For purposes of settlement only (a) Michael W. Sobol and David T. Rudolph of Lieff Cabraser Heimann & Bernstein, LLP are appointed as Class Counsel for the Settlement Class; (b) Plaintiffs Michael Katz-Lacabe and Jennifer Golbeck are appointed Settlement Class Representatives for the Settlement Class; and (c) the Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Settlement Class Representatives will adequately protect the interests of the Settlement Class.

### III.      <u>NOTICE AND SETTLEMENT ADMINISTRATION</u>

8.      <u>Settlement Administrator.</u> The Court appoints   Angeion Group, LLC ("Settlement Administrator") to serve as the Settlement Administrator. The Settlement Administrator is

directed to carry out the Notice Plan in conformance with the Settlement Agreement and the below stated schedule, and to perform all other tasks that the Settlement Agreement requires of it.

9.     Qualified Settlement Fund. The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(d)(1) for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. Oracle shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Oracle shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

10.     Class Notice. The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of Plaintiffs' Motion satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. As set forth in ¶ 7.2.3 of the Settlement Agreement, the Settlement Administrator shall disseminate direct notice to each potential Settlement Class member whom Oracle has an available email address.[2] The Settlement Administrator shall also establish a digital media campaign as set forth in ¶ 7.2.4 of the Settlement Agreement. The Court approves, as to form and content, the Notice Plan, the Settlement Website, Toll-Free Number, and the forms of notice (attached as Exhibits B (Email Notice) and C (Detailed Notice) to the Settlement Agreement).

---

[2] Oracle shall provide to the Settlement Administrator any names, addresses, and email addresses for all potential members of the Settlement Class for whom it has reasonably available records within fourteen (14) days of the date of entry of this Order.

Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

11.    The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members. The Court further finds that the Notice Plan fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement under Rule 23.

12.    The Settlement Administrator shall provide notice consistent with the Notice Plan and notice shall begin to be disseminated to Settlement Class Members within twenty-one (21) days of this Order ("Notice Date"). All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator's duties shall be paid out of the Settlement Fund, as set forth in ¶¶ 3.2.5, 3.2.15.1, and 7.4 of the Settlement Agreement.

13.    CAFA Notice. The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Oracle complies with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other provisions of the Class Action Fairness Act of 2005.

14. <u>Submission of Claims.</u> To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement, Notice, and submit an Approved Claim with the Claims Administrator by the Claims Deadline of _____, which is forty-nine (49) days after the settlement Notice Date. Class Members who do not submit a claim and those who do not submit Valid Claims will not receive a cash award, but they will be bound by the Settlement.

15. <u>Processing Claims.</u> The Settlement Administrator shall review all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is a Valid Claim and shall reject any claim that does not materially comply with the instructions on the Claim Form, is not submitted by a Settlement Class Member, or is deemed to be duplicative or fraudulent.

16. <u>Class Member Data.</u> The Settlement Administrator shall act in compliance with the Joint Stipulated Protective Order (ECF No. 28), including but not limited to keeping identities and contact information of all potential members of the Settlement Class confidential, using them only for purposes of administrating this Settlement.

17. <u>Settlement Distribution.</u> As provided in paragraph H of the Settlement Agreement, the Net Settlement Fund shall be defined as the Settlement Fund less (a) the cost of settlement notice and administration, (b) the Attorneys' Fees and Expenses Award, (c) Service Awards, and (d) any Taxes.

18. <u>Allocation.</u> Subject to further consideration at the Final Approval Hearing, the Net Settlement Fund shall be distributed to Valid Claimants, who will receive payment of their *pro rata* share, as determined by dividing the Net Settlement Fund by the number of Valid Claims.

19. If the Settlement Administrator determines that any residual funds remaining in the Net Settlement Fund after the initial distribution of payments cannot be feasibly distributed in a secondary distribution on a *pro rata* basis to Settlement Class Members who submitted a Valid Claim, the remaining funds shall be distributed *cy pres* to 26 U.S.C. § 501(c)(3) non-profit Eligible Organization(s), subject to further court-approval.

## IV.    OPT-OUT AND OBJECTION PROCEDURES

20.    <u>Exclusion from the Settlement Class.</u> Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any person who desires to opt out must submit written notice of such intent via United States Mail to the designated address established by the Settlement Administrator by the Request for Exclusion (Opt-Out) Deadline, set forth in Paragraph 21, below. The written request to opt out must include: (i) the name of the Action; (ii) the person's full name, mailing address, email address, and telephone number; (iii) a specific statement of the person's intention to be excluded from the Settlement; (iv) the identity of the person's counsel, if represented; and (v) be personally signed by the individual Settlement Class Member under penalty of perjury.

21.    Requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked to the Settlement Administrator forty-nine (49) days after the Notice Date, in accordance with ¶ 6.3 of the Settlement Agreement ("Request for Exclusion (Opt-Out) Deadline"). The date of the postmark on the envelope containing the written Request for Exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three days prior to the date that the Settlement Administrator received a copy of the request for exclusion from the Settlement.

22.    Any individual in the Settlement Class who does not submit a valid and timely Request Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Request for Exclusion (Opt-Out) Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class (including the Final Approval Order and Final Judgment dismissing the Action).

23.    <u>Objections to the Settlement.</u> Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's requested Attorneys' Fees and Expenses Award or any requested Service Awards for the Settlement Class Representatives must follow the procedures set forth below.

24.     No Settlement Class Member will be heard on such matters unless they have filed an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, by the Objection Deadline, set forth in Paragraph 25 below. Any objection must include: (i) a caption or title that identifies it as an objection to the Settlement in this Action; (ii) the Settlement Class Member's full name, mailing address, email address, and telephone number; (iii) the objector's basis for believing they are a Settlement Class Member; (iv) a statement whether the objector intends to appear at the Final Approval Hearing and, if so, whether personally or through counsel; (v) a clear and concise statement of the grounds for the objection; and (vi) a statement identifying their counsel, if they are represented by counsel.

25.     Objections must be in writing and must be signed by the objector. Objections must (a) be submitted only to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them electronically or in person at any location of the United States District Court for the Northern District of California, and (b) be filed or postmarked within forty-nine (49) days after the Notice Date ("Objection Deadline").

26.     No Settlement Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, the request for an Attorneys' Fees and Expenses Award, or the request for Service Awards, except by filing and serving a written objection in accordance with the provisions set forth above. Any Settlement Class Member who fails to object to the Settlement in the manner prescribed above, or who fails to do so by the Objection Deadline, shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

27.     Settlement Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Settlement Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Settlement Class Members who submit a valid and timely Objection,

but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Settlement and their objection will be void and invalid.

## V.     FAIRNESS HEARING

28.     A hearing will be held by this Court in the Courtroom of The Honorable Richard Seeborg, United States District Court for the Northern District of California, United States Courthouse, Courtroom 3 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, at __:___ __.m. on _____, 2024 [estimate 7 days after submission of Plaintiffs' Motion for Final Approval, or as soon thereafter as is convenient for the Court] ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate; (b) whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice except as to such Settlement Class Members who timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Class Notice; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Settlement Class Representatives and an Attorneys' Fees and Expenses Award to Class Counsel; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

29.     Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

30.     Reasonable Procedures. Class Counsel and defense counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement

that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

31.     Extensions of Time. The time periods and dates provided in this Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the Settlement Class; provided, however, that any such changes in the schedule of Settlement proceedings will be posted on the Settlement Website (www.KatzPrivacySettlement.com).

32.     Termination of the Settlement and Use of this Order. If the Judgment does not become final, the Parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement and this Order shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity.

33.     The following chart summarizes the dates and deadlines set by this Order.

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Deadline for Class Counsel's Motions for Attorneys' Fees, Expenses, and Service Awards | | Per ¶ 5.5 of the Settlement Agreement, at least 50 days *prior to* Exclusion and Objection Deadline |
| Notice Date | | Per Definitions, § 1, ¶ J of the Settlement Agreement, no later than 21 days after issuance of Preliminary Approval Order |
| Request for Exclusion (Opt-Out) or Objection Deadline | | Per ¶¶ 5.2, 6.3 of the Settlement Agreement, 49 days after Notice Date |
| Responses to Objections | | Per ¶ 5.6 of the Settlement Agreement, 14 days after Objection Deadline |

| Deadline to Submit Claim Form | | Per ¶ 3.6 of the Settlement Agreement, 49 days after <u>Notice Date</u> |
|---|---|---|
| Deadline for Motion for Final Approval | | (estimate of 14 days after <u>Claim Form Deadline</u>) |
| Fairness Hearing | | (estimate 7 days after submission of Plaintiffs' Motion for Final Approval, or as soon thereafter as is convenient for the Court) |

**IT IS SO ORDERED.**

_____
Hon. Richard Seeborg
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-04792