**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>Honorable Richard Seeborg<br><br>**DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP RE: SETTLEMENT ADMINISTRATION PROTOCOL & PROPOSED NOTICE PLAN** |

I, Steven Weisbrot, declare and state as follows:

1. I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

2. I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3. I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the ethics of legal notification in class action settlements, using digital media in due process notice programs, as well as claims administration, generally. I am the author of multiple articles on class action notice, claims administration, and notice design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4. I am certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB"). I am also a co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and George Washington Law School's soon-to-be published *Best Practices Guide to Class Action Litigation*.

5. I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication in effecting due process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6. Prior to joining Angeion's executive team, I was employed as Director of Class Action Services at Kurtzman Carson Consultants, an experienced notice and settlement

administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7. My notice work comprises a wide range of class actions that include product defects, false advertising, data breach, mass disasters, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8. My practice is a nationwide leader in implementing digital media into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9. By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at www.angeiongroup.com.

10. As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11. Angeion has extensive experience administering landmark settlements involving some of the world's most prominent companies, including:

**In re: Facebook, Inc Consumer Privacy User Profile Litigation**
Case No. 3:18-md-02843-VC (N.D. Cal.)
Meta agreed to pay $725 million to settle allegations that the social media company allowed third parties, including Cambridge Analytica, to access personal information. Angeion undertook an integrated in-app notification and media campaign to a class in the hundreds of millions of individuals and processed over 17.7 million claims (after fraud review and deduplication), the most claims filed in the history of class action. In fact, during the September 7, 2023 Final Approval Hearing, U.S. District Judge Chhabria acknowledged the record number of claims filed, stating, "I was kind of blown away by how many people made claims."

**In re Apple Inc. Device Performance Litigation**
Case No. 5:18-cv-02827-EJD (N.D. Cal.)

Apple agreed to pay $310 million to settle allegations of diminished performance in iPhone 6's and 7's. Angeion's direct notification efforts were recognized as reaching 99%+ of the current and former owners of 129 million class devices. Angeion processed millions of claims.

**City of Long Beach, et al. v. Monsanto, et al.**
Case No. 2:16-cv-03493-FMO-AS (C.D. Cal.)
Bayer agreed to pay $650 million to settle allegations relating to waterbodies purportedly impaired by PCBs. Angeion's notice administration was extraordinarily successful. The claims administration included complex claims filing workflows.

**Beckett v. Aetna Inc.**
Case No. 2:17-cv-03864-JS (E.D. Pa.)
A consolidated data breach class action that arose from the alleged improper disclosure of protected health information by a health insurer and previous claims administrator, including confidential HIV-related information. Angeion provided specialized training to our support team concerning the sensitive nature of the case and underlying health information. Angeion implemented robust privacy protocols to communicate with and verify the claims of the affected class members.

12. Angeion has extensive experience administering privacy settlements, notably:

| Case Citation | Case No. | Court |
|---|---|---|
| Beckett v Aetna Inc. | 2:17-cv-3864 | E.D. Pa. |
| Vela, et al. v. AMC Networks Inc. | 1:23-cv-02524 | S.D.N.Y. |
| In re: Ashley Madison Customer Data Security Breach Litigation | 4:15-md-02669 | E.D. Mo. |
| In re: Blackhawk Network Data Breach Litigation | 3:22-cv-07084 | N.D. Cal. |
| In re: Facebook Inc. Consumer Privacy User Profile Litigation | 3:18-md-02843 | N.D. Cal. |
| Salinas, et al. v. Block Inc., et al. | 3:22-cv-04823 | N.D. Cal. |
| Culbertson v. Deloitte Consulting LLP | 1:20-cv-03962 | S.D.N.Y. |
| Adkins v. Facebook Inc. | 3:18-cv-05982 | N.D. Cal. |
| Lundy, et al. v. Meta Platforms Inc. | 3:18-cv-06793 | N.D. Cal. |
| In re: Facebook Internet Tracking Litigation | 5:12-md-02314 | N.D. Cal. |
| Monegato v. Fertility Centers of Illinois PLLC | 2022CH00810 | Ill. Cir. Ct. |
| In re: Google Plus Profile Litigation | 5:18-cv-06164 | N.D. Cal. |
| In re: Herff Jones Data Breach Litigation | 1:21-cv-01329 | S.D. Ind. |
| Parris, et al. v. Meta Platforms Inc. | 2023LA000672 | Ill. Cir. Ct. |
| Heath, et al. v. Insurance Technologies Corp. and Zywave Inc. | 3:21-cv-01444 | N.D. Tex. |
| McDonald, et al. v. Kiloo A/S, et al.;<br>Rushing, et al. v. The Walt Disney Co., et al.;<br>Rushing, et al. v. ViacomCBS Inc., et al. | 3:17-cv-04344;<br>3:17-cv-04419;<br>3:17-cv-04492 | N.D. Cal. |
| Rushing, et al. v. Kochava Inc. | 2:21-cv-00322 | D. Idaho |
| Doe, et al. v. Partners Healthcare System Inc., et al. | 1984cv01651 | Mass. Super. Ct. |
| Braun, et al. v. Philadelphia Inquirer LLC (*Proposed Administrator*) | 2:22-cv-04185 | E.D. Pa. |
| In re: Plaid Inc. Privacy Litigation | 4:20-cv-03056 | N.D. Cal. |
| Mehta v. Robinhood Financial Services LLC | 5:21-cv-01013 | N.D. Cal. |

| | | |
|---|---|---|
| In re: Hanna Andersson and Salesforce.com Data Breach Litigation | 3:20-cv-00812 | N.D. Cal. |
| T.K. et al. v. Bytedance Technology Co. Ltd., et al. | 1:19-cv-07915 | N.D. Ill. |
| In re: TikTok Inc., Consumer Privacy Litigation | 1:20-cv-04699 | N.D. Ill. |
| In re: US Fertility LLC Data Security Litigation | 8:21-cv-00299 | D. Md. |

## DATA SECURITY & INSURANCE

13. Angeion recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to administrator for many important matters. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

14. Angeion's privacy practices are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion imposes additional data security measures for the protection of Personally Identifiable Information (PII) and Personal Health Information (PHI), including redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

15. Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. We maintain an offline, air-gapped backup copy of all data, ensuring that projects can be administered without interruption.

16. Further, our team conscientiously monitors the latest compliance requirements, such as GDPR, HIPAA, PCI DSS, and others, to ensure that our organization is meeting all necessary regulatory obligations as well as aligning to industry best practices and standards set forth by frameworks like CIS and NIST. Angeion is cognizant of the ever-evolving digital landscape and

continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

17. Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

**SUMMARY OF THE NOTICE PLAN**

18. This declaration will describe the proposed Notice Plan for the Settlement Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why we believe it will provide due process to Settlement Class Members. In my professional opinion, the proposed Notice Plan described herein is the best notice practicable under the circumstances, fulfilling all due process requirements, fully comporting with Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements.

19. The Notice Plan provides for direct notice via email to all reasonably identifiable potential members of the Settlement Class, a comprehensive state-of-the-art media campaign designed to independently deliver an approximate 80.10% reach, two national press releases, and the implementation of a dedicated Settlement Website and toll-free telephone line where Settlement Class members can learn more about their rights and options pursuant to the terms of the Settlement.

**Settlement Class Member Data**

20. Angeion will receive, review, and analyze the data for potential Settlement Class members provided by the Defendant. Angeion has been informed that this list may contain over 800 million records.

21. Angeion will perform a thorough analysis to identify duplicative records, as well as missing/incomplete data fields. Angeion will then assign identification numbers to each unique record, which will comprise the final list of potential Settlement Class members ("Class List").

**Email Notice**

22. As part of the Notice Plan, Angeion will send direct email notice to potential Settlement Class members who have valid email addresses.

23. Angeion follows best practices to both validate emails and increase deliverability. Specifically, prior to distributing the email notice, Angeion subjects the email addresses on the Class List to a cleansing and validation process. The email cleansing process removes extra spaces, fixes common typographical errors in domain names, and corrects insufficient domain suffixes (*e.g.*, gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). The email addresses will then be subjected to an email validation process whereby each email address will be compared to known bad email addresses.[1] Email addresses that are not designated as a known bad address will then be further verified by contacting the Internet Service Provider ("ISP") to determine if the email address exists.

24. Further, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause an email recipient's spam filter to block or identify the email notice as spam. For example, Angeion does not include attachments like the Long Form Notice or Claim Form to the email notice, because attachments are often interpreted by various Internet Service Providers ("ISP") as spam. Instead, the email notice will contain a secure link that will take the recipient directly to the online Claim Form.

25. Angeion has significant experience disseminating email notices to voluminous class sizes.[2] Angeion strategically staggers the release of emails, starting with a smaller number of emails and gradually increasing the volume of emails sent to a given domain. In our experience, this form of "priming" or "warming up" minimizes the probability of ISPs blocking email notices.

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a hard bounce, from prior campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a known bad email address.

[2] *See In re: Google Plus Profile Litigation*, No. 5:18-cv-06164 (N.D. Cal.) (over 161M emails sent); *In re: Facebook Internet Tracking Litigation*, No. 5:12-md-02314 (N.D. Cal.) (over 124M emails sent); and the following cases which had between 59M and 91M emails sent: *Esposito v. Cellco Partnership d/b/a Verizon Wireless*, No. MID-L-6360-23 (N.J. Super. Ct.); *Kukorinis v. Walmart Inc.*, No. 8:22-cv-02402 (M.D. Fla.); *In re: Plaid Inc. Privacy Litigation*, No. 4:20-cv-03056 (N.D. Cal.); *In re: Apple Inc. Device Performance Litigation*, No. 5:18-md-02827 (N.D. Cal.) *In re: TikTok Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.).

26. Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. After an approximate 24- to 72-hour rest period following completion of the initial notice campaign (which allows any temporary block at the ISP level to expire), Angeion causes a second round of email notice to continue to any email addresses that were previously identified as soft bounces and not delivered. In our experience, this minimizes erroneously failed deliveries due to sensitive servers and optimizes delivery.

27. At the completion of the email campaign, Angeion will report to the Court concerning the rate of delivered emails accounting for any emails that are blocked at the ISP level. This will provide the Court with a detailed, verified account of the success rate of the entire direct email notice campaign.

## MEDIA NOTICE

28. The robust media campaign is independently designed to deliver an approximate 80.10% reach with an average frequency of 3.02 times each by delivering over 619 million impressions and will run for twenty-eight (28) days in duration. The media campaign consists of state-of-the-art internet notice ("Programmatic Display Advertising"), social media notice via Facebook, Instagram, and X, and a paid search campaign via Google. The 80.10% designed reach is separate and apart from the direct notice efforts described above, and does not include the press releases, social media active listening, or media monitoring efforts, nor the does it include the Settlement Website or toll-free telephone support line.

**Programmatic Display Advertising**

29. Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States.[3] In laymen's terms, programmatic advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the Target Audience are most likely to visit (these websites are accessible

[3] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It is estimated that the U.S. programmatic digital display ad spend will total $157.35 billion in 2024. *See* https://www.emarketer.com/insights/programmatic-digital-display-ad-spending/ (Last visited July 9, 2024).

on computers, mobile phones, and tablets). The media notice outlined below is strategically designed to provide notice of the Settlement to these individuals by driving them to the dedicated Settlement Website where they can learn more about the Settlement, including their rights and options. The approach described below is particularly effective given that members of the Target Audience are likely to be heavy internet users, spending an average of 29.7 hours per week on the internet.

30. To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2024 comScore Multi-Platform/MRI Simmons USA Fusion[4] to profile the potential Settlement Class members and arrive at an appropriate Target Audience based on criteria pertinent to this Action. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members: **Adults 18+**.

31. Based on the Target Audience definition used, the size of the Target Audience is approximately 256.4 million individuals. It is important to note that the Target Audience is distinct from the Class definition, as is commonplace in class action notice plans. Using proxy audiences is also commonplace in both class action litigation and advertising generally.[5]

32. Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach.[6] Objective syndicated data tools guarantee that advertising placements can be measured against an objective basis and are ubiquitous tools in a media planner's arsenal. Here, the Target Audience has been reported to have the following

---

[4] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[5] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[6] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *Id.* at 56.

characteristics:

- 66.62% are ages 25-64, with a median age of 47.8 years old;
- 51.50% are female;
- 51.60% are married;
- 33.95% have children;
- 34.88% have received a bachelor's or post-graduate degree;
- 48.72% are currently employed full time;
- The median household income is $85,000; and
- 84.34% have used social media in the last 30 days.

33. Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users.

**Social Media Advertising**

34. The social media campaign component of the proposed Notice Plan will utilize several of the leading social media platforms in the United States: Facebook, Instagram, and X (formerly Twitter). The social media campaign capitalizes on the Target Audience's propensity to engage in social media (84.34% of the Target Audience have used social media in the last 30 days) and will run simultaneously with the programmatic internet advertising portion of the media campaign.

35. The social media campaign will utilize specific tactics to further qualify and deliver impressions to the Target Audience via the social media platforms' desktop sites, mobile sites, and mobile apps. For example, the Facebook Marketing platform and its technology will be used to serve ads on both Facebook and Instagram against the Target Audience. Based on these characteristics, we can build a consumer profile segment specific to adults 18+ to ensure the Notice Plan messaging is delivered to the proper audience on the social media platforms. The social media ads will be targeted nationwide.

**Search Engine Marketing**

36. The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class members who are actively searching for information about the Settlement to the Settlement Website. Paid search advertisements will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person

typing in the URL of the website they are searching for. Search terms would relate to not only the class action itself but also the subject-matter of the litigation and the Settlement. In other words, the paid search advertisements are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the lawsuit or other terms related to the Settlement, that individual could be served with an advertisement directing them to the dedicated Settlement Website, where they can find more information about the Settlement.

**PRESS RELEASES**

37. Angeion will also cause two (2) press releases to be distributed over PR Newswire (or a similar press release distribution service) to further spread news of the settlement. The press releases will help garner "earned media" (*i.e.*, other media outlets and/or publications will report the story), separate and apart from the comprehensive notice efforts outlined herein, which will lead to increased awareness and participation amongst potential members of the Settlement Class. Specifically, the press releases will be strategically issued during the commencement of the claim filing period, and then prior to the claim filing deadline to serve as a reminder of the upcoming deadline.

**SOCIAL MEDIA MONITORING**

38. Angeion will also monitor conversations about the Settlement taking place on Facebook, Instagram, and X. Our methodology includes an "active listening" component wherein we monitor traffic on these social media platforms for discussion of the Settlement, and actively provide notice and/or answers to frequently asked questions as appropriate.

**MEDIA MONITORING**

39. Angeion will also aggregate data across multiple platforms and systems to quantify the output of print, online, and broadcast coverage of the Settlement. Before the Final Approval Hearing, Angeion will submit a supplemental declaration that details the total press and social media coverage the Settlement has garnered.

**SETTLEMENT WEBSITE**

40. The Notice Plan provides for the creation of a case-specific Settlement Website, www.KatzPrivacySettlement.com, where Settlement Class Members can easily submit a Claim Form

via a customized secure online portal. The Settlement Website will also provide Settlement Class Members with general information about this Settlement, including important dates and deadlines, and answers to frequently asked questions. Settlement Class Members can also review or download relevant Court documents, including the Detailed Notice[7], the Claim Form, Request for Exclusion Form, the Court's Order Preliminarily Approving the Settlement, the Settlement Agreement and Release, the operative Complaint filed in this Action, and any other materials agreed upon by the Parties and/or required by the Court.

41. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address and will be able to utilize a scripted chatbot option to streamline responses to frequently asked questions.

42. The Settlement Website will be designed to be ADA-compliant and optimized for mobile visitors so that information loads quickly on mobile devices. Additionally, the Settlement Website will be designed to maximize search engine optimization through Google and other search engines. Keywords and natural language search terms will be included in the Settlement Website's metadata to maximize search engine rankings.

**TOLL-FREE TELEPHONE SUPPORT**

43. A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide potential Settlement Class members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week.

44. Additionally, potential Settlement Class members will be able to leave a voicemail with their name and address if they want the Detailed Notice and/or Claim Form mailed to them.

**NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

45. Within ten (10) days of the filing of the Settlement Agreement and Release with this Court, Angeion will cause notice to be disseminated to the appropriate state and federal officials

---

[7] Available in English and Spanish.

pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

**PLAIN LANGUAGE NOTICE DESIGN**

46. The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The Notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

47. Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class members in plain language.

**CLAIMS RATE ANALYSIS**

48. Angeion analyzed seven (7) past privacy and consumer settlements with class sizes in the tens or hundreds of millions. The claims rates ranged from 1.13% to 7.08%, with an average claims rate of 2.53%. Specifically, the claims rates for the *In re: Facebook Inc. Consumer Privacy User Profile Litigation*, No. 3:18-md-02843 (N.D. Cal.) and the *In re: Google Plus Profile Litigation*, No. 5:18-cv-06164 (N.D. Cal.) for meaningful perspective based on estimated class sizes in the hundreds of millions. In the *Facebook* matter, Angeion received over 17.7 million claims (after fraud review and deduplication), which resulted in an approximate claims rate of 7.08%; however, in the *Google* matter, approximately 1.8 million claims were received, resulting in an approximate claims rate of 1.13%. The notice plan in *Facebook* was able to utilize in-app notifications to reach class members with whom Meta had a pre-existing relationship with and were accustomed to receiving in-app notifications from Meta. The notice plan in *Google* included sending email notice directly to individuals who had a pre-existing relationship with Google.

49. Angeion also considered the similarities between this settlement and the *In re: Plaid*

*Inc. Privacy Litigation*, No. 4:20-cv-03056 (N.D. Cal.), in which the defendant Plaid had an indirect relationship with the settlement class. The notice plan in the *Plaid* matter also consisted of direct notice and a comprehensive media plan. The approximate claims rate in *Plaid* was 1.28%.

50. Angeion estimates that the claims rate in this settlement will be between 1.5% - 2.5%, which is consistent with the claims rates in the *Plaid* (1.28%) and *Google* (1.13%) matters as well as the average claims rate (2.53%) of the seven (7) past privacy and consumer settlements Angeion analyzed.

**FRAUD DETECTION**

51. Angeion has developed and deployed a real-time fraud detection system, AngeionAffirm, which is the first and only comprehensive solution to identify fraud in real time based on both state-of-the-art technology and analysis of over a decade of historical claims data.[8] AngeionAffirm was developed to combat the rising tide of fraudulent claims in class action settlements and the increasingly sophisticated technologies and techniques used by fraudulent actors in their attempt to perpetuate fraud, and will be implemented to detect fraudulent claim submissions in this Settlement.

52. In addition to AngeionAffirm, Angeion's strategic partner, ClaimScore, will be utilized as part of the comprehensive anti-fraud efforts that will be deployed in this Settlement. ClaimScore is the only independent software solution dedicated to resolving the fraudulent claim problem in class action settlements.[9] ClaimScore reviews each claim individually using its proprietary artificial intelligence, machine learning, & cloud architecture in real-time. Each result is then reported instantaneously in an interactive dashboard. Together, AngeionAffirm and ClaimScore will provide industry-leading fraud detection services for this Settlement.

**CLAIMS ADMINISTRATION & DISTRIBUTION OF SETTLEMENT PAYMENTS**

53. Angeion shall receive and process Claim Form submissions. Angeion will review all Claim Forms to determine their validity and each Claimant's eligibility and shall employ reasonable

---

[8] *See* https://www.angeiongroup.com/angeion-group-announces-angeionaffirm-2-0/ for information about the launch of AngeionAffirm 2.0.
[9] https://www.claimscore.ai/

procedures to screen claims for abuse or fraud. Claim Forms that do not comply with the instructions on the Claim Form, are not submitted by a member of the Settlement Class (*i.e.*, third-party filers) or are deemed to be duplicative or fraudulent shall be rejected.

54. Angeion shall establish a separate, interest-bearing escrow account subject to the terms of the Settlement Agreement.

55. Settlement Class Members can select from a variety of digital payment options, such as Venmo, Zelle, ACH transfers, and virtual pre-paid cards.

56. The digital payment options are reliable, secure, and meet evolving claimant preferences and contemporary payment methodologies. This includes banking solutions (Zelle/ACH), digital-first (Venmo), as well as a pre-paid card option for the "unbanked" and "underbanked".

57. According to a 2019 report by the Federal Reserve, millions of Americans are either unbanked or underbanked.[10] Six percent of adults did not have a checking, savings, or money market account (often referred to as the "unbanked"). Two-fifths of unbanked adults used some form of alternative financial service during 2018—such as a money order, check cashing service, pawn shop loan, auto title loan, payday loan, paycheck advance, or tax refund advance. In addition, 16 percent of adults were "underbanked": they have a bank account but also used an alternative financial service product associated with unbanked adults.[11] The unbanked and underbanked are more likely to have family income less than $40,000 (35%) or be in a racial or ethnic minority group (Black 49% or Hispanic 34%). The pre-paid card product being used is designed specifically for class action usage and includes the ability to transfer a remaining balance at any time for no fee.

58. Angeion will also accommodate Settlement Class Members who elect to have a traditional check mailed to them in lieu of one of the digital payment options.

**<u>ESTIMATED NOTICE AND ADMINISTRATION COSTS</u>**

59. Angeion has agreed to provide the notice and administration services for a total amount

[10] Board of Governors of the Federal Reserve System, *Report on the Economic Well-Being of U.S. Households in 2018* (May 2019), https://www.federalreserve.gov/publications/2019-economic-well-being-of-us-households-in-2018-banking-and-credit.htm (last visited July 9, 2024).

[11] Federal Deposit Insurance Corporation, *2012 FDIC National Survey of Unbanked and Underbanked Households*, https://www.fdic.gov/analysis/household-survey/index.html (last visited July 9, 2024).

not to exceed $4,800,000.[12] The pricing details comprising the administration cost estimate are competitively sensitive. Upon request, Angeion will provide its itemized estimate to the Court.

**REACH AND FREQUENCY**

60. This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The Notice Plan's designed reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of class members.

61. Specifically, the comprehensive media plan is designed to deliver an approximate 80.10% reach with an average frequency of 3.02 times each by serving approximately 619 million impressions. The 80.10% designed reach is separate and apart from the direct notice efforts described above, and does not include the press releases, social media active listening or media monitoring efforts, nor does it include the Settlement Website, chatbot, or toll-free telephone support line.

62. The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges," at 27 (3d Ed. 2010).

**CONCLUSION**

63. The Notice Plan outlined above includes direct notice via email to reasonably identifiable Settlement Class members, a comprehensive, state-of-the-art media campaign that is designed to independently deliver an approximate 80.10% reach, and two national press releases. The Notice Plan also provides for the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class members of their rights and options in the Settlement.

64. In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class members and is the best practicable notice under the circumstances,

---

[12] The not-to-exceed estimate was premised on certain specifications provided to Angeion, such as the approximate size of the potential Settlement Class and issuing payments in a single distribution. Deviations from these underlying specifications may result in additional costs, as the costs of administration are based on the underlying assumptions. Out-of-scope services not called for in the Settlement Agreement are not included in the not-to-exceed amount.

fulfilling all due process requirements, fully comporting with Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements. After the Notice Plan has concluded, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2024

STEVEN WEISBROT

# Exhibit A




# INNOVATION
## IT'S PART OF OUR DNA

Class Action Administration | Mass Arbitration Administration
Mass Tort Services | Regulatory Remediation




© Angeion Group, LLC



## IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION

**Case No. 3:18-md-02843 (N.D. Cal.)**

The Honorable Vincent Chhabria (March 29, 2023): The Court approves the Settlement Administration Protocol & Notice Plan, amended Summary Notice (Dkt. No. 1114-8), second amended Class Notice (Dkt. No. 1114-6), In-App Notice, amended Claim Form (Dkt. No. 1114-2), Opt-Out Form (Dkt. No. 1122-1), and Objection Form (Dkt. No. 1122-2) and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement and the subsequent filings referenced above meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

## IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

**Case No. 8:22-ml-03052 (C.D. Cal.)**

The Honorable James V. Selna (October 31, 2023): The Court has considered the form and content of the Class notice program and finds that the Class notice program and methodology as described in the Settlement Agreement (a) meet the requirements of due process and Federal Rules of Civil Procedure 23(c) and (e); (b) constitute the best notice practicable under the circumstances to all persons entitled to notice; and (c) satisfies the constitutional requirements regarding notice.

## IN RE: PHILLIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION

**Case No. 2:21-mc-01230 (MDL No. 3014) (W.D. Pa.)**

The Honorable Joy Flowers Conti (October 10, 2023): The Court finds that the method of giving notice to the Settlement Class ("Notice Plan")…(a) constitute the best notice practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms and benefits of the proposed Settlement…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and any other persons entitled to receive notice, (d) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Rule 23(c), the Due Process Clause(s) of the United States Constitution, and any other applicable laws…

## IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION

**Case No. 2:18-mn-02873 (D.S.C.)**

The Honorable Richard Mark Gergel (August 29, 2023): The Court also approves the proposed Notice Plan set forth in Exhibit C to the Settlement Agreement. The Court finds that the proposal for (i) direct mailing of the Notice, as well as emailing of the Summary Notice, to each known Class Member, (ii) personalized outreach to national and local water organizations, (iii) national publication of the Summary Notice and a media campaign targeting all Active Public Water Systems that may potentially meet the qualifications to become Class Members, and (iv) a website that potential Class Members will be directed to displaying a long-form Notice that sets forth the details of the proposed Settlement and provides a toll-free hotline, meets the requirements of Rule 23 and due process and shall constitute due and sufficient notice to all Persons potentially entitled to




participate in the proposed Settlement. The proposed Notice Plan is the best practicable notice under the circumstances of this case; is reasonably calculated under the circumstances to apprise potential Class Members of the Settlement Agreement and of their right to object to or exclude themselves from the proposed Settlement Class; is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive it; and meets all applicable requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and other applicable laws and rules.

### KUKORINIS v. WALMART, INC.

**Case No. 8:22-cv-02402 (M.D. Fla.)**

The Honorable Virginia M. Hernandez Covington (January 19, 2024): The Notice Plan, including the form of the notices and methods for notifying the Settlement Class of the Settlement and its terms and conditions…a. meet the requirements of the Federal Rules of Civil Procedure (including Rule 23 (c)-(e)), the United States Constitution (including the Due Process Clause), and the Rules of this Court; b. constitute the best notice to Settlement Class Members practicable under the circumstances…

### LE ET AL. v. ZUFFA, LLC

**Case No. 2:15-cv-01045 (D. Nev.)**

The Honorable Richard F. Boulware, II (November 17, 2023): The proposed Notice Plan, including the proposed forms and manner of notice, constitutes the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure.

### AMANS v. TESLA, INC.

**Case No. 3:21-cv-03577 (N.D. Cal.)**

The Honorable Vince Chhabria (October 20, 2023): The Court further finds that the Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this case, the terms of the Settlement Agreement, the right to object to the Settlement, and the right to exclude themselves from the Settlement Class.

### LUNDY v. META PLATFORMS, INC.

**Case No. 3:18-cv-06793 (N.D. Cal.)**

The Honorable James Donato (April 26, 2023): For purposes of Rule 23(e), the Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto are approved…The form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval are accepted at this time as practicable and reasonable in light of the rather unique circumstances of this case.




## IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION

**Case No. 5:18-md-02827 (N.D. Cal.)**

The Honorable Edward J. Davila (March 17, 2021): Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

## IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION

**Case No. 1:20-cv-04699 (N.D. Ill.)**

The Honorable John Z. Lee (August 22, 2022): The Class Notice was disseminated in accordance with the procedures required by the Court's Order Granting Preliminary Approval…in accordance with applicable law, satisfied the requirements of Rule 23(e) and due process, and constituted the best notice practicable…

## IN RE: GOOGLE PLUS PROFILE LITIGATION

**Case No. 5:18-cv-06164 (N.D. Cal.)**

The Honorable Edward J. Davila (January 25, 2021): The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

## MEHTA v. ROBINHOOD FINANCIAL LLC

**Case No. 5:21-cv-01013 (N.D. Cal.)**

The Honorable Susan van Keulen (August 29, 2022): The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

## ADTRADER, INC. v. GOOGLE LLC

**Case No. 5:17-cv-07082 (N.D. Cal.)**

The Honorable Beth L. Freeman (May 13, 2022): The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under




all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION

**Case No. 5:12-md-02314 (N.D. Cal.)**

The Honorable Edward J. Davila (November 10, 2022): The Court finds that Plaintiffs' notice meets all applicable requirements of due process and is particularly impressed with Plaintiffs' methodology and use of technology to reach as many Class Members as possible. Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### CITY OF LONG BEACH v. MONSANTO COMPANY

**Case No. 2:16-cv-03493 (C.D. Cal.)**

The Honorable Fernando M. Olguin (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC

**Case No. 3:20-cv-00903 (E.D. Va.)**

The Honorable John A. Gibney Jr. (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.

**Case No. 3:19-cv-04700 (N.D. Cal.)**

The Honorable Laurel Beeler (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION

**Case No. 0:20-cv-01906 (D. Minn.)**

The Honorable Wilhelmina M. Wright (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with

due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.

**Case No. 5:19-cv-04596 (N.D. Cal.)**

The Honorable Beth Labson Freeman (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.

**Case No. 4:19-cv-03074 (N.D. Cal.)**

The Honorable Yvonne Gonzalez Rogers (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ET AL.

**Case No. 2:18-cv-07241 (C.D. Cal.)**

The Honorable Christina A. Snyder (November 12, 2021): The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.

**Case No. 2:15-cv-01219 (E.D.N.Y.)**

The Honorable Joanna Seybert (November 8, 2021): Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members



sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

## NELLIS v. VIVID SEATS, LLC

**Case No. 1:20-cv-02486 (N.D. Ill.)**

The Honorable Robert M. Dow, Jr. (November 1, 2021): The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

## PELLETIER v. ENDO INTERNATIONAL PLC

**Case No. 2:17-cv-05114 (E.D. Pa.)**

The Honorable Michael M. Baylson (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

## BIEGEL v. BLUE DIAMOND GROWERS

**Case No. 7:20-cv-03032 (S.D.N.Y.)**

The Honorable Cathy Seibel (October 25, 2021): The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

## QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS

**Case No. 37-2019-00017834-CU-NP-CTL (Cal. Super. Ct.)**

The Honorable Eddie C. Sturgeon (September 27, 2021): The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement




and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### HOLVE v. MCCORMICK & COMPANY, INC.

**Case No. 6:16-cv-06702 (W.D.N.Y.)**

The Honorable Mark W. Pedersen (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### CULBERTSON ET AL. v. DELOITTE CONSULTING LLP

**Case No. 1:20-cv-03962 (S.D.N.Y.)**

The Honorable Lewis J. Liman (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC

**Case No. 3:19-cv-00167 (N.D. Ga.)**

The Honorable Timothy C. Batten, Sr. (August 24, 2021): Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)

**Case No. 6:20-md-02977 (E.D. Okla.)**

The Honorable Robert J. Shelby (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.




## ROBERTS ET AL. V. AT&T MOBILITY, LLC

**Case No. 3:15-cv-03418 (N.D. Cal.)**

The Honorable Edward M. Chen (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

## PYGIN V. BOMBAS, LLC

**Case No. 4:20-cv-04412 (N.D. Cal.)**

The Honorable Jeffrey S. White (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

## WILLIAMS ET AL. V. RECKITT BENCKISER LLC ET AL.

**Case No. 1:20-cv-23564 (S.D. Fla.)**

The Honorable Jonathan Goodman (April 23, 2021): The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

## NELSON ET AL. V. IDAHO CENTRAL CREDIT UNION

**Case No. CV03-20-00831, CV03-20-03221 (Idaho Jud. Dist.)**

The Honorable Robert C. Naftz (January 19, 2021): The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it…The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

## IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION

**Case No. 3:20-cv-00812 (N.D. Cal.)**

The Honorable Edward M. Chen (December 29, 2020): The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.




## IN RE: PEANUT FARMERS ANTITRUST LITIGATION

**Case No. 2:19-cv-00463 (E.D. Va.)**

The Honorable Raymond A. Jackson (December 23, 2020): The Court finds that the Notice Program…constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

## BENTLEY ET AL. V. LG ELECTRONICS U.S.A., INC.

**Case No. 2:19-cv-13554 (D.N.J.)**

The Honorable Madeline Cox Arleo (December 18, 2020): The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

## IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION

**Case No. 2:19-mn-02886 (D.S.C.)**

The Honorable David C. Norton (December 18, 2020): The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

## ADKINS ET AL. V. FACEBOOK, INC.

**Case No. 3:18-cv-05982 (N.D. Cal.)**

The Honorable William Alsup (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

## IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION

**Case No. 8:16-md-02737 (M.D. Fla.)**

The Honorable Mary S. Scriven (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.



## MARINO ET AL. v. COACH INC.

**Case No. 1:16-cv-01122 (S.D.N.Y.)**

The Honorable Valerie Caproni (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## BROWN v. DIRECTV, LLC

**Case No. 2:13-cv-01170 (C.D. Cal.)**

The Honorable Dolly M. Gee (July 23, 2020): Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

## IN RE: SSA BONDS ANTITRUST LITIGATION

**Case No. 1:16-cv-03711 (S.D.N.Y.)**

The Honorable Edgardo Ramos (July 15, 2020): The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

## KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.

**Case No. 4:18-cv-00430 (S.D. Tex.)**

The Honorable Nancy F. Atlas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

## HESTER ET AL. v. WALMART, INC.

**Case No. 5:18-cv-05225 (W.D. Ark.)**

The Honorable Timothy L. Brooks (July 9, 2020): The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.




### CLAY ET AL. V. CYTOSPORT INC.

**Case No. 3:15-cv-00165 (S.D. Cal.)**

The Honorable M. James Lorenz (June 17, 2020): The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### GROGAN V. AARON'S INC.

**Case No. 1:18-cv-02821 (N.D. Ga.)**

The Honorable J.P. Boulee (May 1, 2020): The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### CUMMINGS V. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO ET AL.

**Case No. D-202-CV-2001-00579 (N.M. Jud. Dist.)**

The Honorable Carl Butkus (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### SCHNEIDER ET AL. V. CHIPOTLE MEXICAN GRILL, INC.

**Case No. 4:16-cv-02200 (N.D. Cal.)**

The Honorable Haywood S. Gilliam, Jr. (January 31, 2020): Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And




through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

## HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC

**Case No. 8:19-cv-00550 (M.D. Fla.)**

The Honorable Charlene Edwards Honeywell (January 7, 2020): The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

## CORCORAN ET AL. v. CVS HEALTH ET AL.

**Case No. 4:15-cv-03504 (N.D. Cal.)**

The Honorable Yvonne Gonzalez Rogers (November 22, 2019): Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.




## PATORA v. TARTE, INC.

**Case No. 7:18-cv-11760 (S.D.N.Y.)**

The Honorable Kenneth M. Karas (October 2, 2019): The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

## CARTER ET AL. v. GENERAL NUTRITION CENTERS, INC., AND GNC HOLDINGS, INC.

**Case No. 2:16-cv-00633 (W.D. Pa.)**

The Honorable Mark R. Hornak (September 9, 2019): The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

## CORZINE v. MAYTAG CORPORATION ET AL.

**Case No. 5:15-cv-05764 (N.D. Cal.)**

The Honorable Beth L. Freeman (August 21, 2019): The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## MEDNICK v. PRECOR, INC.

**Case No. 1:14-cv-03624 (N.D. Ill.)**

The Honorable Harry D. Leinenweber (June 12, 2019): Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.




### GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP ET AL.

**Case No. 1:18-cv-20048 (S.D. Fla.)**

The Honorable Darrin P. Gayles (May 24, 2019): The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### ANDREWS ET AL. v. THE GAP, INC. ET AL.

**Case No. CGC-18-567237 (Cal. Super. Ct.)**

The Honorable Richard B. Ulmer Jr. (May 10, 2019): The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### COLE ET AL. v. NIBCO, INC.

**Case No. 3:13-cv-07871 (D.N.J.)**

The Honorable Freda L. Wolfson (April 11, 2019): The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### DIFRANCESCO ET AL. v. UTZ QUALITY FOODS, INC.

**Case No. 1:14-cv-14744 (D. Mass.)**

The Honorable Douglas P. Woodlock (March 15, 2019): The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION

**Case No. 3:17-md-02777 (N.D. Cal.)**

The Honorable Edward M. Chen (February 11, 2019): Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.




In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

## RYSEWYK ET AL. V. SEARS HOLDINGS CORPORATION ET AL.

**Case No. 1:15-cv-04519 (N.D. Ill.)**

The Honorable Manish S. Shah (January 29, 2019): The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

## MAYHEW ET AL. V. KAS DIRECT, LLC, AND S.C. JOHNSON & SON, INC.

**Case No. 7:16-cv-06981 (S.D.N.Y.)**

The Honorable Vincent J. Briccetti (June 26, 2018): In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.



## IN RE: OUTER BANKS POWER OUTAGE LITIGATION

**Case No. 4:17-cv-00141 (E.D.N.C.)**

The Honorable James C. Dever III (May 2, 2018): The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

## GOLDEMBERG ET AL. V. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.

**Case No. 7:13-cv-03073 (S.D.N.Y.)**

The Honorable Nelson S. Roman (November 1, 2017): Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

## HALVORSON V. TALENTBIN, INC.

**Case No. 3:15-cv-05166 (N.D. Cal.)**

The Honorable Joseph C. Spero (July 25, 2017): The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

## IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION

**MDL No. 2669/Case No. 4:15-md-02669 (E.D. Mo.)**

The Honorable John A. Ross (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is




the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### TRAXLER ET AL. V. PPG INDUSTRIES INC. ET AL.

**Case No. 1:15-cv-00912 (N.D. Ohio)**

The Honorable Dan Aaron Polster (April 27, 2017): The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

### IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

**Case No. 1:14-md-02583 (N.D. Ga.)**

The Honorable Thomas W. Thrash Jr. (March 10, 2017): The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

### ROY V. TITEFLEX CORPORATION T/A GASTITE AND WARD MANUFACTURING, LLC

**Case No. 384003V (Md. Cir. Ct.)**

The Honorable Ronald B. Rubin (February 24, 2017): What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite*** [emphasis added].




## IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION

**Case No. 2:08-cv-00051 (D.N.J.)**

The Honorable Madeline Cox Arleo (June 17, 2016): This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

## FENLEY v. APPLIED CONSULTANTS, INC.

**Case No. 2:15-cv-00259 (W.D. Pa.)**

The Honorable Mark R. Hornak (June 16, 2016): The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

## FUENTES ET AL. v. UNIRUSH, LLC D/B/A UNIRUSH FINANCIAL SERVICES ET AL.

**Case No. 1:15-cv-08372 (S.D.N.Y.)**

The Honorable J. Paul Oetken (May 16, 2016): The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.




## IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION

**MDL No. 2001/Case No. 1:08-wp-65000 (N.D. Ohio)**

The Honorable Christopher A. Boyko (May 12, 2016): The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

## SATERIALE ET AL. V. R.J. REYNOLDS TOBACCO CO.

**Case No. 2:09-cv-08394 (C.D. Cal.)**

The Honorable Christina A. Snyder (May 3, 2016): The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

## FERRERA ET AL. V. SNYDER'S-LANCE, INC.

**Case No. 0:13-cv-62496 (S.D. Fla.)**

The Honorable Joan A. Lenard (February 12, 2016): The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

## IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION

**MDL No. 2328/Case No. 2:12-md-02328 (E.D. La.)**

The Honorable Sarah S. Vance (December 31, 2014): To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion




that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO ET AL. V. THE GALLUP ORGANIZATION, INC.

**Case No. 0:13-cv-61747 (S.D. Fla.)**

The Honorable Marcia G. Cooke (June 16, 2015): The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### OTT V. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.

**Case No. 3:14-cv-00645 (D. Or.)**

The Honorable Janice M. Stewart (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.