1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KATZ-LACABE, et al., | Case No. 3:22-cv-04792-RS |
| Plaintiffs, | |
| vs. | Honorable Richard Seeborg |
| ORACLE AMERICA, INC., | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendant. | |

WHEREAS, Plaintiffs Michael Katz-Lacabe and Dr. Jennifer Golbeck ("Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Oracle America, Inc. ("Oracle") (collectively, the "Parties") entered into a Settlement Agreement (ECF No. 132-2) on July 8, 2024, which sets forth the terms and conditions for a proposed settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein;[1]

WHEREAS Plaintiffs have moved pursuant to Rule 23(e), for an order preliminarily approving the settlement of this Action; and

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit 1 to the Plaintiffs' Motion for Preliminary Approval.

Settlement, the Memorandum of Points and Authorities in support thereof, and the supporting Declarations;

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

1.      <u>Jurisdiction.</u> The Court preliminarily finds that the Court has personal jurisdiction over all Settlement Class Members, that the Court has subject-matter jurisdiction over the claims asserted in the Action, and that the venue is proper;

2.      <u>Preliminary Approval of Proposed Settlement Agreement.</u> The Court preliminarily finds that the Parties have shown the Court it will likely be able to approve the proposed Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, subject to further consideration at the Final Approval Hearing to be conducted as described in Paragraph 28 below.

3.      The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of informed, arm's-length negotiations between experienced class action attorneys and made with the assistance of the mediation services of Professor Eric D. Green, Esq. and Fouad Kurdi, Esq.; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; and (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

4.      <u>Direction of Class Notice.</u> The Court further finds that the Settlement is within the range of reasonableness such that Class Notice shall be provided.

**II.      <u>PRELIMINARY CERTIFICATION OF THE SETTLEMENT CLASS</u>**

5.      <u>Settlement Class.</u> The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-04792

1    paragraph R of the Settlement Agreement and defined as follows, is preliminarily certified for the

2    purpose of settlement only:

3
>    All natural persons residing in the United States whose personal information, or
4    data derived from their personal information, was acquired, captured, or otherwise
>    collected by Oracle Advertising technologies or made available for use or sale by
5    or through ID Graph, Data Marketplace, or any other Oracle Advertising product
>    or service from August 19, 2018 to the date of final judgment in the Action.
6

7    Excluded from the Settlement Class are (i) Oracle; (ii) Oracle's parents, subsidiaries, affiliates,

8    officers, directors, investors, and employees; (iii) any entity in which Oracle has a controlling

9    interest; (iv) any individual who would otherwise be included in the Settlement Class, but has

10   agreed, in another proceeding, to release claims covered by this Settlement prior to the Claim Form

11   deadline identified in Section 3.6 of the Settlement Agreement; and (v) any judge presiding over

12   this Action, their staff, and the members of the judge's immediate family.

13        6.    The Court finds, subject to the Final Approval Hearing, that within the context of

14   and for the purposes of settlement only, the Settlement Class satisfies the prerequisites of Rule 23

15   of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality,

16   predominance of common issues, superiority, and that the Plaintiffs are adequate representatives

17   of the Settlement Class.

18        7.    Class Representatives and Class Counsel. For purposes of settlement only (a)

19   Michael W. Sobol and David T. Rudolph of Lieff Cabraser Heimann & Bernstein, LLP are

20   appointed as Class Counsel for the Settlement Class; (b) Plaintiffs Michael Katz-Lacabe and

21   Jennifer Golbeck are appointed Settlement Class Representatives for the Settlement Class; and (c)

22   the Court finds that these attorneys are competent and capable of exercising the responsibilities of

23   Class Counsel and that Settlement Class Representatives will adequately protect the interests of

24   the Settlement Class.

25                     **III.    NOTICE AND SETTLEMENT ADMINISTRATION**

26        8.    Settlement Administrator. The Court appoints Angeion Group, LLC ("Settlement

27   Administrator") to serve as the Settlement Administrator. The Settlement Administrator is

28

1   directed to carry out the Notice Plan in conformance with the Settlement Agreement and the

2   below stated schedule, and to perform all other tasks that the Settlement Agreement requires of it.

3           9.      <u>Qualified Settlement Fund.</u> The Settlement Administrator is authorized to establish

4   the Settlement Fund under 26 C.F.R. §§ 1.468B-1(d)(1) for federal tax purposes. The Settlement

5   Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes

6   pursuant to Treas. Reg. § 1.468B-1. Oracle shall be the "transferor" to the QSF within the

7   meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement

8   Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning

9   of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax

10   returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed

11   by or with respect to the QSF, and complying with any applicable information reporting or tax

12   withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any

13   other applicable law on or with respect to the QSF. Oracle shall provide to the Settlement

14   Administrator any documentation reasonably requested by the Settlement Administrator that is

15   required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l. All

16   taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the

17   Settlement Fund.

18           10.    <u>Class Notice.</u> The Court finds that the content, format, and method of

19   disseminating notice as set forth in the Settlement Agreement and documents in support of

20   Plaintiffs' Motion satisfy the requirements of Federal Rule of Civil Procedure 23 and are

21   approved. As set forth in ¶ 7.2.3 of the Settlement Agreement, the Settlement Administrator shall

22   disseminate direct notice to each potential Settlement Class member whom Oracle has an

23   available email address.[2] The Settlement Administrator shall also establish a digital media

24   campaign as set forth in ¶ 7.2.4 of the Settlement Agreement. The Court approves, as to form and

25   content, the Notice Plan, the Settlement Website, Toll-Free Number, and the forms of notice

26   (attached as Exhibits B (Email Notice) and C (Detailed Notice) to the Settlement Agreement).

27   
28   

---

[2] Oracle shall provide to the Settlement Administrator any names, addresses, and email addresses for all potential members of the Settlement Class for whom it has reasonably available records within fourteen (14) days of the date of entry of this Order.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-04792

Nonmaterial modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order.

11.     The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement under Rule 23.

12.     The Settlement Administrator shall provide notice consistent with the Notice Plan and notice shall begin to be disseminated to Settlement Class Members within twenty-one (21) days of this Order ("Notice Date"). All costs associated with providing all forms of notice, responding to inquiries from the Settlement Class, and performing all other Settlement Administrator's duties shall be paid out of the Settlement Fund, as set forth in ¶¶ 3.2.5, 3.2.15.1, and 7.4 of the Settlement Agreement.

13.     CAFA Notice. The Court finds that the CAFA notice sent by the Settlement Administrator on behalf of Oracle complies with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other provisions of the Class Action Fairness Act of 2005.

14.     Submission of Claims. To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement, Notice, and submit an Approved Claim with the Claims Administrator by the Claims Deadline of October 17, 2024, which is forty-nine (49) days after the settlement Notice Date. Class Members who do not submit a claim and those who

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT CASE NO. 3:22-CV-04792

do not submit Valid Claims will not receive a cash award, but they will be bound by the Settlement.

15.  Processing Claims. The Settlement Administrator shall review all Claim Forms to determine their validity and each Claimant's eligibility, and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is a Valid Claim and shall reject any claim that does not materially comply with the instructions on the Claim Form, is not submitted by a Settlement Class Member, or is deemed to be duplicative or fraudulent.

16.  Class Member Data. The Settlement Administrator shall act in compliance with the Joint Stipulated Protective Order (ECF No. 28), including but not limited to keeping identities and contact information of all potential members of the Settlement Class confidential, using them only for purposes of administrating this Settlement.

17.  Settlement Distribution. As provided in paragraph H of the Settlement Agreement, the Net Settlement Fund shall be defined as the Settlement Fund less (a) the cost of settlement notice and administration, (b) the Attorneys' Fees and Expenses Award, (c) Service Awards, and (d) any Taxes.

18.  Allocation. Subject to further consideration at the Final Approval Hearing, the Net Settlement Fund shall be distributed to Valid Claimants, who will receive payment of their *pro rata* share, as determined by dividing the Net Settlement Fund by the number of Valid Claims.

19.  If the Settlement Administrator determines that any residual funds remaining in the Net Settlement Fund after the initial distribution of payments cannot be feasibly distributed in a secondary distribution on a *pro rata* basis to Settlement Class Members who submitted a Valid Claim, the remaining funds shall be distributed *cy pres* to 26 U.S.C. § 501(c)(3) non-profit Eligible Organization(s), subject to further court-approval.

## IV.   OPT-OUT AND OBJECTION PROCEDURES

20.  Exclusion from the Settlement Class. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any person who desires to opt out must submit written notice of such intent via United States Mail to

the designated address established by the Settlement Administrator by the Request for Exclusion (Opt-Out) Deadline, set forth in Paragraph 21, below. The written request to opt out must include: (i) the name of the Action; (ii) the person's full name, mailing address, email address, and telephone number; (iii) a specific statement of the person's intention to be excluded from the Settlement; (iv) the identity of the person's counsel, if represented; and (v) be personally signed by the individual Settlement Class Member under penalty of perjury.

21.    Requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice shall be postmarked to the Settlement Administrator forty-nine (49) days after the Notice Date, in accordance with ¶ 6.3 of the Settlement Agreement ("Request for Exclusion (Opt-Out) Deadline"). The date of the postmark on the envelope containing the written Request for Exclusion shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three days prior to the date that the Settlement Administrator received a copy of the request for exclusion from the Settlement.

22.    Any individual in the Settlement Class who does not submit a valid and timely Request for Exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Request for Exclusion (Opt-Out) Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class (including the Final Approval Order and Final Judgment dismissing the Action).

23.    Objections to the Settlement. Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to Class Counsel's requested Attorneys' Fees and Expenses Award or any requested Service Awards for the Settlement Class Representatives must follow the procedures set forth below.

24.    No Settlement Class Member will be heard on such matters unless they have filed an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member wishes the Court to consider, by the Objection Deadline, set forth in Paragraph 25 below. Any objection must include: (i) a caption or title that identifies it as an objection to the Settlement in this Action; (ii) the Settlement Class Member's full name, mailing address, email

address, and telephone number; (iii) the objector's basis for believing they are a Settlement Class Member; (iv) a statement whether the objector intends to appear at the Final Approval Hearing and, if so, whether personally or through counsel; (v) a clear and concise statement of the grounds for the objection; and (vi) a statement identifying their counsel, if they are represented by counsel.

25.     Objections must be in writing and must be signed by the objector. Objections must (a) be submitted only to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them electronically or in person at any location of the United States District Court for the Northern District of California, and (b) be filed or postmarked within forty-nine (49) days after the Notice Date ("Objection Deadline").

26.     No Settlement Class Member may contest the approval of the terms and conditions of the Settlement, the Final Judgment, the request for an Attorneys' Fees and Expenses Award, or the request for Service Awards, except by filing and serving a written objection in accordance with the provisions set forth above. Any Settlement Class Member who fails to object to the Settlement in the manner prescribed above, or who fails to do so by the Objection Deadline, shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or any other means.

27.     Settlement Class Members cannot both object to and exclude themselves from the Settlement Agreement. Any Settlement Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to the Agreement or any of its terms. In other words, Settlement Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Settlement and their objection will be void and invalid.

## V.     **FAIRNESS HEARING**

28.     A hearing will be held by this Court in the Courtroom of The Honorable Richard Seeborg, United States District Court for the Northern District of California, United States

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 3:22-CV-04792

Courthouse, Courtroom 3 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, at 1:30 p.m. on November 14, 2024 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate; (b) whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice except as to such Settlement Class Members who timely submit valid Requests for Exclusion in accordance with the Settlement Agreement and the Class Notice; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Settlement Class Representatives and an Attorneys' Fees and Expenses Award to Class Counsel; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Final Approval Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

29.     Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or Service Awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel the Settlement Agreement.

30.     <u>Reasonable Procedures.</u> Class Counsel and defense counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

31.     <u>Extensions of Time.</u> The time periods and dates provided in this Order may be altered by the Court or through written consent of the Parties' counsel, without notice to the

Settlement Class; provided, however, that any such changes in the schedule of Settlement

proceedings will be posted on the Settlement Website (www.KatzPrivacySettlement.com).

32.    <u>Termination of the Settlement and Use of this Order.</u> If the Judgment does not

become final, the Parties shall be restored to their respective positions in the Action as of the date

of the signing of the Settlement Agreement and this Order shall be null, void, and vacated, and

shall not be used or cited thereafter by any person or entity.

33.    The following chart summarizes the dates and deadlines set by this Order.

| Event | Date | Relevant Provisions of Settlement Agreement and Parties' Proposal |
|---|---|---|
| Deadline for Class Counsel's Motions for Attorneys' Fees, Expenses, and Service Awards | August 28, 2024 | Per ¶ 5.5 of the Settlement Agreement, at least 50 days *prior to* <u>Exclusion and Objection Deadline</u> |
| Notice Date | August 29, 2024 | Per Definitions, § 1, ¶ J of the Settlement Agreement, no later than 21 days after <u>issuance of Preliminary Approval Order</u> |
| Request for Exclusion (Opt-Out) or Objection Deadline | October 17, 2024 | Per ¶¶ 5.2, 6.3 of the Settlement Agreement, 49 days after <u>Notice Date</u> |
| Responses to Objections | October 31, 2024 | Per ¶ 5.6 of the Settlement Agreement, 14 days after <u>Objection Deadline</u> |
| Deadline to Submit Claim Form | October 17, 2024 | Per ¶ 3.6 of the Settlement Agreement, 49 days after <u>Notice Date</u> |
| Deadline for Motion for Final Approval | October 31, 2024 | (14 days after <u>Claim Form Deadline</u>) |
| Fairness Hearing | November 14, 2024 | |

**IT IS SO ORDERED.**

Dated: August 9, 2024

_____
Hon. Richard Seeborg
United States District Judge