```
Michael W. Sobol (SBN 194857)
msobol@lchb.com
David T. Rudolph (SBN 233457)
drudolph@lchb.com
Jallé H. Dafa (SBN 290637)
jdafa@lchb.com
John D. Maher (SBN 316157)
jmaher@lchb.com
Amelia A. Haselkorn (SBN 339633)
ahaselkorn@lchb.com
Nabila Abdallah (SBN 347764)
nabdallah@lchb.com
LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  415.956.1000
Facsimile:  415.956.1008
```

*Attorney for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Michael Katz-Lacabe, and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>**DECLARATION OF JENNIFER GOLBECK** |

I, Jennifer Golbeck, declare:

1. I am one of the settlement class representatives appointed in this case.

2. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Service Awards. I have personal knowledge of the facts stated herein. If called upon as a witness, I could and would competently testify as follows.

- 1 -

DECLARATION OF JENNIFER GOLBECK
CASE NO. 3:22-CV-04792-RS

3.  I voluntarily undertook the burdens and risks associated with this lawsuit in an effort to stop Oracle's unauthorized collection and use of my personal data, as well as that of other class members.

4.  I retained attorneys experienced in data privacy class action litigation to represent me in this matter. At the outset of the case, I was informed of and understood my duties as a class representative, and believe that I have fulfilled these duties.

5.  I have participated actively in this lawsuit. I have kept in close contact with counsel—including via video conferences, phone calls, and emails—to monitor the progress of the litigation, mediation, and settlement negotiations. I have continued to do so during the settlement approval process, as needed. In addition, I also:

- Obtained my Offline Access Request Response Report ("OARRR") containing some of the information Oracle compiled on me directly from Oracle;
- Helped counsel draft the complaints by discussing the facts surrounding Oracle's collection of my personal data, Oracle's creation of a detailed profile based on my personal data, and Oracle's representations about its collection and use of personal data;
- Participated in numerous meetings with counsel to discuss the extensive discovery served by Oracle in this case and prepare written responses;
- Searched for, provided to counsel, and preserved any hard copies or digital copies of documents that were pertinent to the case, understanding that Oracle would receive copies of documents, including sensitive documents, to which Oracle may have been entitled;
- Reviewed and discussed with counsel numerous other documents related to this case, including this Court's motion to dismiss orders, discovery request responses, preliminary approval briefing, and the Settlement Agreement;
- Provided counsel with personal devices containing sensitive information, including my smartphone and laptop computer, agreed to have the devices forensically imaged, and agreed for certain data from the forensic images to be provided to Oracle. I did so

1   despite my deep privacy concerns, which were accentuated by my work as a privacy
2   advocate, in order to support my claims and this litigation generally. I spent a
3   substantial amount of time interacting with my attorneys and the forensic vendor in
4   this case as part of the forensic imaging process; and

5   • Submitted a declaration in support of keeping the OARRRs under seal describing my
6   concerns about the potential harms that might result from the contents of the OARRRs
7   being made public (Dkt Nos. 71-7, 71-8).

8   6.   I did not contemporaneously record the time I spent on this case over the past
9   approximately twenty-six months. However, my attention to this case has been frequent over that
10  period, at points taking time out of my schedule at points several times a week.

11  7.   My attorneys and I reviewed and discussed the Settlement Agreement terms, and
12  they answered all of my questions. I conducted a final review of the Settlement Agreement,
13  understood and agreed to the terms of the proposed Settlement Agreement, and later signed it. I
14  believe that the monetary and injunctive relief provided by the Settlement Agreement is fair,
15  reasonable, and in the best interests of the class, and that obtaining this relief now is preferable to
16  continuing this litigation with an uncertain outcome.

17  8.   While I did not undertake any direct financial risks in pursuing this action, I
18  understood that, by stepping forward as a named plaintiff, I risked that information about personal
19  life might become public, particularly in light of the publicity the case may generate. My OARRR
20  contains substantial personal information, including demographic information, locations to which I
21  have traveled, businesses I frequent, my shopping activities, and even the banking institutions I
22  use. As described in my prior declaration, had the OARRRs been filed publicly in their entirety, I
23  could have been subjected to harassment or had my financial accounts compromised. *See* Dkt. No
24  71-7 ¶¶ 8–17. As it is, some of Oracle's profile on me will be publicly available in perpetuity
25  because my OARRR—with much of its contents unredacted—was an exhibit to the First Amended
26  Complaint and Second Amended Complaint. Despite these possible negative impacts, I chose to
27  pursue this case because I felt it was important to vindicate the rights of millions of consumers
28  affected by Oracle's surveillance.

1  9. I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Sugarloaf Key, Florida, this 27th day of August, 2024.

*/s/*
Dr. Jennifer Golbeck