UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Katz-Lacabe and Dr. Jennifer Golbeck, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,<br><br>Defendant. | Case No. 3:22-cv-04792-RS<br><br>Honorable Richard Seeborg<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS** |

  This matter is before the Court on Plaintiffs' motion for attorneys' fees, reimbursement of expenses, and plaintiff service awards. Class Counsel was appointed for settlement purposes, having litigated this case from inception to resolution. *See* Dkt. 135. Having considered the motion, all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, **IT IS HEREBY ORDERED** as follows:

**ATTORNEYS' FEES**

  1. The Court finds that Class Counsel are entitled to reasonable attorneys' fees. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

  2. The Court finds that the percentage-of-recovery method for determining reasonable attorneys' fees is appropriate here, where the Settlement creates a common fund. *See*

1  *In re Hyundai & Kia Fuel Exon. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Class Counsel's fee request of $28.75 million is equal to the Ninth Circuit's benchmark of 25% of the $115 million common fund. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

3. The Court has analyzed the reasonableness of Class Counsel's fee request, including by applying the non-exhaustive factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

4. *First*, the overall result and benefit to the Class from the Settlement support the requested fee because the amount of $115 million in monetary relief provided to the Class is significant, particularly given that Class Members had no out-of-pocket damages, and the Settlement provides meaningful non-monetary relief addressing the alleged privacy violations. *See* Dkt. 132-2 (Settlement Agreement). Additionally, Oracle made other business changes contemporaneously with the changes made pursuant to the Settlement that also address Plaintiffs' privacy allegations. Class Counsel asserts that the Settlement was likely a contributing factor to this development as well. Oracle announced, just over thirty days after it signed the Parties' term sheet, that it is exiting the ad tech business altogether. Oracle's ad tech closure will dispose of the business units responsible for virtually all of the conduct at issue in this case. While Class Counsel did not attempt to quantify the value of the non-monetary relief that it obtained or contributed to, these meaningful non-monetary achievements factor into the Court's fee analysis calculus and underscore the reasonableness of the fee request. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *11 (N.D. Cal. Aug. 17, 2018).

5. *Second*, the novelty and scope of Plaintiffs' privacy allegations made this a particularly ambitious and risky case to litigate. Unlike many class actions, this case did not evolve from revelations in the press about mishandling of data, investigations and fines by regulators, or a groundswell of public opinion against clearly offensive and illegal practices. Rather, Class Counsel independently investigated, documented, and innovatively challenged the underlying business model of one of the largest corporations in the world.

6. *Third*, this case required a high level of skill, experience, commitment, and ingenuity, which Class Counsel demonstrated throughout its prosecution of this complex case. Class Counsel's work on behalf of the Class involved, among other things: (a) discovering the alleged misconduct and investigating Oracle's collection and aggregation of data for two-years prior to filing; (b) developing novel legal theories and identifying viable claims to support them; (c) conducting legal research in opposition to Oracle's three motions to dismiss and successfully preserving numerous important causes of action; (d) successfully sealing portions of Plaintiffs' "Offline Access Request Response Reports" ("OARRRs") (the report Oracle provides concerning aspects of the personal data it stores) after three rounds of motions; (e) persistently pressing and obtaining valuable discovery from Oracle; (f) securing a favorable settlement following months of arm's length negotiations; and (g) fulfilling Class Counsel's responsibilities under the Settlement Agreement, including seeking preliminary approval of the Settlement and overseeing Notice administration. Class Counsel brought decades of experience in complex class action litigation and extensive subject matter knowledge to identify the privacy invasions at issue, litigate novel and untested legal theories, and negotiate a settlement that provides appropriate redress and protects the Settlement Class's privacy rights moving forward.

7. *Fourth*, Class Counsel assumed substantial risk by prosecuting this case on a purely contingent basis and advancing all necessary expenses, to the exclusion of other fee-generating work, knowing that it would receive a fee and be reimbursed for expenses only if it obtained meaningful relief on a class-wide basis. Here, the risk of nonpayment was magnified because Class Counsel assumed the unusual risk of litigating without co-counsel. The fact that no "copycat" suits were filed indicates that other firms viewed this case as too risky to prosecute.

8. *Fifth*, the requested 25% fee award is in line with the range of awards in this Circuit. *See In re Anthem, Inc. Data Breach* Litigation, 2018 WL 3960068, at *2, *5, *11 (awarding 27% of $115 million settlement, which included non-monetary relief "aimed at combatting the precise harm" at issue, after three years of litigation); *In re Apple Device*, 2023 WL 2090981, at *13–14 (awarding 26% of $310 million settlement after three years of litigation at the pleading stages, resulting in estimated payments to claimants of roughly $25 per device); *In*

1  *re Zoom Video Commc'ns, Inc. Priv. Litig.*, No. 20-cv-02155-LB, 2022 WL 1593389, at *11

2  (N.D. Cal. Apr. 21, 2022), *appeal dismissed sub nom. Brice v. Rodgers*, No. 22-15764, 2023 WL

3  3568176 (9th Cir. Jan. 5, 2023) and *Brice v. Gonzalez*, No. 23-15103, 2023 WL 3090669 (9th

4  Cir. Mar. 31, 2023) (awarding 25% of $85 million settlement, resulting in a 3.28 multiplier,

5  where, after two years of litigation, counsel obtained "excellent benefits for the class, both

6  monetary and injunctive (in an area of law in which purely injunctive relief is common), and there

7  were significant risks involved with the litigation"); *In re Lidoderm*, 2018 WL 4620695, at *1

8  (awarding 33% of $105 million after four years of risky litigation); *In re TikTok*, 617 F. Supp. 3d

9  at 942 (awarding 33% of $92 million settlement after three years of litigation, recognizing that

10 "[t]he need to provide financial incentives for zealous and effective representation of consumers

11 in legally and technologically complex data privacy cases such as this—especially in the age of

12 pervasive social media—weighs in favor of granting the request").

13       9.   "[A] [lodestar] cross-check is not required so long as the court achieves a

14 reasonable result using the method it selects." *Senne v. Kansas City Royals Baseball Corp.*, No.

15 14-cv-00608 JCS, 2023 WL 2699972, at *18 (N.D. Cal. Mar. 29, 2023), *aff'd sub nom. Senne v.

16 Concepcion*, No. 23-15632, 2023 WL 4824938 (9th Cir. June 28, 2023) (citations omitted).

17 Nonetheless, a lodestar crosscheck here further supports Class Counsel's fee request. Class

18 Counsel's billing summary complies with this District's guidelines for class action attorneys' fee

19 requests and contains sufficient detail for the Court to conduct a lodestar-based assessment. The

20 summary shows that Class Counsel's lodestar for work on this case through August 8, 2024 (the

21 day before the Court preliminarily approved the Settlement) is $9,866,699.50, representing

22 13,100.30 hours of attorney and law firm staff time. By staffing this case entirely in-house, Class

23 Counsel was incentivized to expend its resources as efficiently as possible. The Court finds that

24 the time Class Counsel dedicated to prosecuting this action is reasonable. The Court also finds

25 Class Counsel's hourly rates are reasonable, in line with those prevailing in this District for

26 similar services by lawyers of reasonably comparable skill, experience, and reputation.

27       10.  The Court finds that Class Counsel's fee request results is an acceptable multiplier

28 of Class Counsel's lodestar. The benchmark 25% fee requested by Class Counsel reflects a

1  multiplier of 2.91 of Class Counsel's lodestar, which "falls within the Ninth Circuit's

2  presumptively acceptable range" of multipliers routinely approved in the Ninth Circuit and

3  elsewhere, and will only decrease as Class Counsel continues to fulfill its responsibilities to the

4  Class. *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) (citing *Vizcaino*,

5  290 F.3d at 1051 & n.6). Thus, application of the lodestar multiplier cross-check confirms the

6  reasonableness of Class Counsel's requested fee.

7      11.    Accordingly, the Court finds that the requested fee award is reasonable and

8  GRANTS Class Counsel $28,750,000 in attorneys' fees.

## LITIGATION EXPENSES

10      12.    Class Counsel are entitled to reimbursement of reasonable out-of-pocket costs

11  advanced for the Class. *See* Fed. R. Civ. P. 23(h); 18 U.S.C. § 2520(b)(3); *Paul, Johnson*, 886

12  F.2d at 271. The Court finds that the expenses Class Counsel incurred in this litigation were

13  reasonable and necessary to competently represent the Class.

14      13.    Accordingly, the Court GRANTS Plaintiffs' request for reimbursement of

15  $211,350.52 in litigation expenses.

## SERVICE AWARDS

17      14.    Service awards are "intended to compensate class representatives for work

18  undertaken on behalf of a class" and "are fairly typical in class action cases." *In re Online DVD-*

19  *Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (cleaned up). Courts have discretion to

20  approve service awards based on the amount of time and effort spent, the duration of the

21  litigation, and the personal benefit (or lack thereof) as a result of the litigation. *See Van Vranken*

22  *v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

23      15.    The Court finds that the requested service awards for the two Settlement Class

24  Representatives are reasonable and appropriate. Both Class Representatives expended

25  considerable time and effort to assist in the investigation and litigation of this case. They each (a)

26  obtained their OARRRs from Oracle and, despite privacy concerns, agreed to attach them to the

27  complaint; (b) met with Class Counsel to discuss the facts surrounding Oracle's collection and

28  aggregation of their personal data; (c) reviewed and approved the allegations in complaints and

1 participated in extensive discovery; (d) turned over the contents of their personal devices to a
2 neutral forensic expert to be searched, imaged, and produced to Oracle; (e) submitted highly
3 personal declarations in support of sealing portions of their OARRRs; (f) kept in close contact
4 with counsel to actively monitor the progress of the litigation; and (g) reviewed and approved the
5 Settlement Agreement. Absent the Class Representatives' willingness to undertake the burdens
6 and risks associated with filing and prosecuting this lawsuit, no recovery would have been
7 possible. Because of their efforts, Oracle has committed to pay a total of $115,000,000 and agreed
8 to implement meaningful non-monetary relief. The Court finds that the amount requested for
9 service awards compares favorably to the size of the settlement fund.

10    16.    Therefore, the Court concludes that the requested service awards are reasonable
11 and GRANTS $10,000 for each of the two Class Representatives, for a total of $20,000.

**IT IS SO ORDERED.**

Dated: _____, 2024

Hon. Richard Seeborg
United States District Judge