1  TIFFANY CHEUNG (CA SBN 211497)
   TCheung@mofo.com
2  CHRISTIN HILL (CA SBN 247522)
   CHill@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone:    415.268.7000
5  Facsimile:    415.268.7522

6  PURVI G. PATEL (CA SBN 270702)
   PPatel@mofo.com
7  WHITNEY O'BYRNE (CA SBN 325698)
   WOByrne@mofo.com
8  ERIK MANUKYAN (CA SBN 340307)
   EManukyan@mofo.com
9  EMMA BURGOON (CA SBN 348097)
   EBurgoon@mofo.com
10 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
11 Los Angeles, California 90017-3543
   Telephone:    213.892.5200
12 Facsimile:    213.892.5454

13 Attorneys for Defendant
   ORACLE AMERICA, INC.
14
   *Additional counsel on next page*
15
                    **UNITED STATES DISTRICT COURT**
16
                   **NORTHERN DISTRICT OF CALIFORNIA**
17
                        **SAN FRANCISCO DIVISION**
18

| | |
|---|---|
| MICHAEL KATZ-LACABE, ET AL., | Case No. 3-22-cv-04792-RS |
| Plaintiffs, | **DEFENDANT ORACLE AMERICA INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS** |
| v. | |
| ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, | Judge: Hon. Richard Seeborg |
| Defendant. | Date: November 14, 2024<br>Time: 1:30 p.m.<br>Courtroom: 3 |
| | Date Action Filed: August 19, 2022<br>Trial Date: Not set |

ORACLE'S RESPONSE TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES
sf-6131145

CASE NO. 3-22-cv-04792-RS

1  ZACHARY S. NEWMAN (NY SBN 5651518)
   (Admitted *pro hac vice*)
2  ZNewman@mofo.com
   MORRISON & FOERSTER LLP
3  250 West 55th Street
   New York, New York 10019-9601
4  Telephone:  212.468.8000
   Facsimile:  212.468.7900
5
   KYLE ZIPES (CA SBN 251814)
6  Kyle.Zipes@oracle.com
   NARGUES M. EDER (CA SBN 260289)
7  Nargues.M.Eder@oracle.com
   ORACLE AMERICA, INC.
8  500 Oracle Parkway
   Redwood Shores, California 94065
9  Telephone:  650.506.7000

10 Attorneys for Defendant
   ORACLE AMERICA, INC.

Oracle files this response to Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Service Awards ("Mot." or "Motion") (ECF No. 136) to correct two factual assertions in the Motion.  Oracle otherwise takes no position on Plaintiffs' Motion.

***First,*** Plaintiffs mischaracterize the Court's holding on the motion to seal portions of Plaintiffs' OARRRs.  They state that the Court held the OARRRs to be "detailed dossier[s] of information about an individual that, by virtue of [their] comprehensiveness, implicate[] privacy concerns."  (Mot. at 5.)  The quoted language is a summary of *Plaintiffs'* argument for sealing, not the Court's holding.  (*See* ECF No. 77 at 17 ("Plaintiffs' larger point that the release of a detailed dossier of information about an individual that, by virtue of its comprehensiveness, implicates privacy concerns is compelling.").)  While the Court noted that the argument was "compelling," it went on to state that "reasonable minds might disagree on distinguishing between which [redacted information within the OARRR] merit[s] sealing and which do[es] not."  (*Id.*)  Oracle thus objects to the implication that the Court "held" that the OARRRs constitute "detailed dossiers" on an individual that violates privacy interests.  To the contrary, Oracle creates OARRRs only upon consumer request pursuant to its obligations under the California Privacy Rights Act ("CPRA").

***Second***, Plaintiffs repeatedly and incorrectly argue that this litigation caused Oracle to shut down its ad tech business, Oracle Advertising.  (Mot. at 1 ("[T]his settlement contributed instrumentally to Oracle's cessation of its ad tech business[.]"); 7 ("Plaintiffs believe the filing of this lawsuit contributed to [Oracle's decision to shut down its adtech business]"); 12 ("In part due to this lawsuit, Oracle apparently recognized that its ad tech business was premised on allegedly unlawful activity and therefore not worthwhile to continue.").)  As widely reported, Oracle's decision to exit the adtech industry was driven by falling revenues.[1]  In support of their argument that this lawsuit materially contributed to shuttering Oracle Advertising, Plaintiffs' counsel highlight that the announcement to close the business was made "just over thirty days after committing to the business practice changes in the Parties' binding term sheet." (Mot. at 7.)  But

---

[1] *See, e.g.*, James Hercher, *Inside the Fall of Oracle's Advertising Business*, AdExchanger, July 1, 2024, https://www.adexchanger.com/marketers/inside-the-fall-of-oracles-advertising-business/.

the announcement was made during a regularly scheduled quarterly earnings call and contemplated well in advance.[2]  Moreover, Oracle vigorously disputes Plaintiff's suggestion that Oracle wound down its ad tech business because of any "recogni[tion] that its ad tech business was premised on allegedly unlawful activity." (Mot. at 12.)  As set forth in the Parties' Settlement Agreement, Oracle "denies all of the allegations made in the Action and denies that it did anything unlawful or improper." (ECF No. 132-2 at 4.)

Oracle respectfully requests that the Court not consider the unfounded claims discussed above in considering Plaintiffs' Motion.

Dated: September 11, 2024                    MORRISON & FOERSTER LLP

By:  */s/ Tiffany Cheung*
Tiffany Cheung

**Attorneys for Defendant
Oracle America, Inc.**

---

[2] *See Oracle Announces Fiscal 2024 Fourth Quarter and Fiscal Full Year Financial Results*, June 11, 2024, https://investor.oracle.com/investor-news/news-details/2024/Oracle-Announces-Fiscal-2024-Fourth-Quarter-and-Fiscal-Full-Year-Financial-Results/default.aspx; Hercher, *supra*.