# Roger M. Loeb

October 7, 2024

Class Action Clerk
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 941023489

FILED
OCT 10 2024
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

In RE: *Katz-Lacabe et al v. Oracle America, Inc.*, Case No. 3:22-cv-04792-RS

I object to the proposed settlement of the class action *Katz-Lacabe et al v. Oracle America, Inc.*, 3:22-cv-04792-RS.

I am Roger Martin Loeb, and I reside at 4673 Moonshine Ridge Trl., Parker, CO 80134. My cell phone number is (720) 244-8233. I am not represented in this matter by an attorney.

I've been engaged in the information technology industry my entire adult life, owned and operated a technology consulting company for the past 38 years, and am now mostly retired except for some corporate board responsibilities. I have extensive experience with restricted-use personal information and extremely large data collections, including ten years in the top-secret government community.

I believe that I am a member of the class because I received a notice from the Settlement Administrator advising that records indicate that my personal data may have been collected by Oracle America, Inc. (Notice ID: KATL0675478832, Confirmation Code: 37hx3yJgMMDk) According to the Settlement Agreement, those records were provided by Oracle.

I object to the proposed settlement for the following reasons:

1. Oracle has earned billions of dollars from the sale of the private, personal information of the members of the Class and will continue to earn more. The proposed $115 million settlement is a trivial expense for Oracle. If, indeed, the class contains 220 million U.S. persons, as suggested in the complaint, then, after expenses and attorney's fees are subtracted from the proposed settlement, what remains is less than $.35 per class member. That's insulting!

2. The class deserves a jury trial because that would make public the sordid details of Oracle's extensive and intrusive surveillance activities, possibly identifying which organizations have acquired or made use of our personal information, which company websites are delivering Oracle's Javascript code that, without authorization, collects and exports that information, and Oracle's strategic plan to become the foundation for an extensive surveillance regime in the U.S. and many other countries.

   Larry Ellison, the chairman of Oracle, has a lifelong relationship with the Central Intelligence Agency. The CIA paid for the initial development of the database

# Roger M. Loeb

management engine that is the core of Oracle's software and service offerings. Oracle probably has a contract with the CIA to provide access to the entire data collection for whatever purposes they choose, allowing an end-run around the 4th Amendment's warrant requirement for such an intrusive search.

Mr. Ellison has been quite vocal about his plans for Oracle to operate a total surveillance state. See, for example, https://www.businessinsider.com/larry-ellison-ai-surveillance-keep-citizens-on-their-best-behavior-2024-9 (behind a paywall).

3. Accepting the proposed settlement excuses Oracle's *criminal* activity underlying this complaint.  The sideloading of Javascript code, which executes on and exfiltrates information, without authorization, from the machines owned by the members of the class, constitutes a violation of the Computer Fraud and Abuse Act of 1986 by Oracle and the owners of those websites that sideload the executable Javascript code.  The proposed settlement neither punishes nor stops this unauthorized and illegal activity.   Worse, it relieves Oracle of any liability for their past actions, effectively permitting them to continue the surveillance of every class member and the continued sale of our private data to anyone willing to pay for it, possibly including government agencies of foreign countries.

   Almost every website requires the use of Javascript to function properly.  Because the Oracle Javascript consists of many separate routines, each of which is sideloaded when needed, it is extremely difficult to detect and interfere with its intrusive collection of very personal information.  Browser add-ins that attempt to prevent that sideloading would also make most sites inoperable, depriving the user of much of the utility of the Internet or forcing them to make their interaction data available to Oracle and its partners.  This harm is untenable and must be enjoined, although prosecution of the criminal activity is beyond the scope of this civil suit.

I realize that the lead plaintiffs and their numerous attorneys would like to resolve this dispute and be appropriately compensated for their efforts.  I also acknowledge that a jury trial could add years to the resolution of this issue and that the technical details may be too complex for jurors to adequately understand.  However, in my opinion, the proposed settlement is unfair and insufficient for the myriad class members, leaves them open to continued collection of their private information, and should not be accepted.

Thank you.

Most sincerely,

*Roger M Loeb*

Roger M. Loeb



Roger Loeb
4673 Moonshine Ridge Trl
Parker, CO 80134-5145

Class Action Clerk
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 941023489