Kendrick Jan, CA SBN 105149
Kendrick Jan, APC
225 Broadway, Suite 2220
San Diego, CA  92101
Telephone:  (619) 231-7702
kj@jan-law.com

John J. Pentz, Esq., MA Bar No. 561907
13133 N. Vistoso Ranch Pl.
Oro Valley, AZ  85755
Telephone: (978) 983-4668
jjpentz3@gmail.com
(*pro hac vice* forthcoming)

Counsel for Objectors Sarah Feldman and Cameron Jan

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL KATZ-LACABE and DR. JENNIFER GOLDBECK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> ORACLE AMERICA, INC., <br><br> Defendant | Case No. 3:22-cv-04792-RS <br><br> <u>CLASS ACTION</u> <br><br> OBJECTION OF CLASS MEMBER SARAH FELDMAN TO PROPOSED SETTLMENT AND MOTION FOR PLAINTIFF SERVICE AWARDS <br><br> Judge:  Hon. Richard Seeborg <br> Courtroom: 3 <br> Hearing date:  November 14, 2024 <br> Hearing time: 1:30 p.m. |

Class member Sarah Feldman hereby objects to final approval of the proposed settlement and Plaintiffs' Motion for Plaintiff Service Awards as follows:

## I. INTRODUCTION AND OBJECTOR INFORMATION

### A. Introduction

The Settlement is unfair and inadequate because it drastically discounts potential statutory damages without adequate justification, and because it sacrifices the valuable claims of the California Class[1] ("California Sub-Class") and the CIPA Sub-Class[2] for the benefit of a nationwide class, with the resulting tradeoff of the interests of California Sub-Class members and CIPA Sub-Class members for the interests of Class Counsel and Oracle.

The proposed Settlement represents a recovery of less than 50 cents per nationwide Settlement Class member, when CIPA Sub-Class members have statutory damage claims of a minimum of $5,000 under the California Invasion of Privacy Act ("CIPA"). If there are 20 million CIPA Sub-Class members, the potential aggregate value of the CIPA claims is at least $100 billion. Class Counsel have not complied with this Court's Guidance for Class Action Settlements by setting forth the total potential damages for each claim and then justifying any discount applied to each claim by an analysis of the likelihood of recovery. No justification is provided for the drastic discount of the CIPA claim by 99.9%.

More troubling and serious, it appears that Class Counsel made no effort to obtain a reasonable recovery on behalf of CIPA Sub-Class members for their CIPA claims. Instead, they propose to sacrifice those claims and the distinct sub-class standing of the CIPA Sub-Class and agreed to seek certification of a nationwide class, only, and deliver to Oracle a nationwide release of all claims against it. There is a serious intra-class conflict

---

[1] See SAC, Document 87, p. 61, l. 12-14.

[2] See SAC, Document 87, p. 61, l. 15-17.

here that Class Counsel glosses over by stating "Plaintiffs do not seek certification for settlement purposes of the four California and Florida subclasses remaining in the SAC, because the Settlement encompasses them in a single, nationwide class." Class Counsel fail to mention that by extending the class from two states to fifty states they diluted the value created by the California (and Florida) claims by spreading that value to residents of 48 other states, whose claims were not advanced by the SAC's remaining viable causes of action and did not lend to settlement value.[3,4]

### B.     Objector Sarah Feldman

Objector Sarah Feldman is a member of the Class in the captioned matter, and has filed a claim. *See* Exhibits A and B attached hereto. She has submitted a claim in the proposed settlement and has been assigned Submitted Claim ID: KATL0697752671. As a Class Member, Sarah has standing to object to the proposed settlement and sought service awards. Ms. Feldman's objections apply to the interests of the California Sub-Class, the CIPA Sub-Class, and entire nationwide Class per FRCP Rule 23(e).

Ms. Feldman's address is 812 Haight Avenue, Alameda, CA 94501; email address: sarahlfeldman@yahoo.com; and telephone number (513) 256-5230.

---

[3] The only cause of action seeking monetary recovery stated in favor of any nationwide class was the Sixth Cause of Action for Violation of the Federal Wiretap Act, 18 U.S.C. § 2510, et seq., (see SAC, p. 85, l. 15-16a), which cause was dismissed by this Court in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss. Document 49, p. 24, l. 21a-23a.

[4] Following the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, the only lingering interest of any "nationwide" class was that aspect of the Ninth Cause of Action seeking "equitable relief" in the form of "declaratory relief" and "injunctive relief." Document 87, p. 96, l. 27-28.

### C. Objector's counsel

Objectors are represented by attorneys Kendrick Jan and John Pentz. Attorney Jan is licensed to practice law in the State of California and is a member of the bar of the United States District Court, Northern District of California; his contact information is: Kendrick Jan, Attorney, Kendrick Jan, APC, 225 Broadway, Suite 2220, San Diego, California 92101; telephone: 619.231.7702. Attorney Pentz is licensed to practice law in the State of Massachusetts and the Ninth Circuit, and will seek admission to the United States District Court, Northern District of California, *pro hac vice* in the captioned matter; his contact information is: John Pentz, Attorney, 13133 N. Vistoso Ranch Pl., Oro Valley, AZ 85755; telephone: 978.985.4668.

### D. Notice of intent to appear at Fairness Hearing

Objector Feldman intends to appear through counsel at the November 14, 2024 final approval hearing ("Fairness Hearing") to provide perspective and argument in support of this objection.

### E. Objector does not intend to call witnesses

Objector Feldman does not intend to call witnesses at the Fairness Hearing.

## II. OBJECTIONS AND ARGUMENT

### A. The proposed $115 million settlement represents an unjustifiable 99.9% discount of available statutory damages, and is neither fair, reasonable nor adequate

The CIPA provides mandatory minimum statutory damages of $5,000 per violation, which in this case – assuming there at least 20 million members of the CIPA Sub-Class – establishes calculable minimum damages of $100 billion. A $115 million settlement or less than 50 cents per nationwide Class member – in a case which has a potential value of

$100 billion is woefully inadequate to satisfy the requirements of Rule 23(e)(2).  Plaintiffs cite to *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022), for the argument that a judgment could face challenges reducing recovery.  Merely citing to *Wakefield*, however, does not justify any discount of statutory claims, no matter how radical, without further analysis.  For instance, a 10% recovery of potential statutory damages, based on a 10% likelihood of success on that claim, would equate to a $10 billion settlement value.  Given Oracle's serious and knowing privacy violations, a $10 billion settlement would be unlikely to trigger *Wakefield's* standards of severity, oppressiveness and punishment or *Williams'*[5] standards of disproportionality to the offense and overall unreasonableness.

A district court must balance the value of the claims being surrendered against what is being offered in exchange; otherwise, the court's approval is uninformed and arbitrary, and meaningful findings of fairness, reasonableness and adequacy cannot be made.  The Northern District's *Procedural Guidance for Class Action Settlements* requires that Class Counsel provide the court with "the class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount."  This requirement is a prescribed means of addressing the first, second, and fourth factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1997) – strength of case,

---

[5] "An aggregated award could … be wholly disproportioned to the prohibited conduct (and its public importance) and greatly exceed any reasonable deterrence value.  Thus, where aggregation has resulted in extraordinarily large awards wholly disproportionate to the goals of the statute, *Williams* implies a constitutional limit may require reduction." *Wakefield*, *supra*, 51 F.4th at 1122 *citing St. Louis, I.M. & S. Ry. Co. v. Williams* (1919) 251 U.S. 63, 66-67.

risk, and the amount of settlement – in a way that permits meaningful application of those factors.

The due process limitation described in *Wakefield*, *supra*, is a check for oppressiveness to the defendant that is applied *after* a judgment or verdict is rendered. When analyzing a proposed settlement, a court should apply the oppressiveness standard *only after* it has calculated recoverable damages in view of litigation risk. In this case, the court's three-part analysis should begin with a calculation of aggregated statutory damages, followed by a discount according to risk of continued litigation, and then proceed to a cross-check and possible adjustment for *Wakefield* oppressiveness. This is what this Court's own rules specify.

*Acosta v. Trans Union, LLC*, 240 F.R.D. 564 (CD CA 2007) is particularly instructive and relevant to the facts of this case. *Acosta* was a class action for violation of the Fair Credit Reporting Act ("FCRA"), with potential statutory damages of $2 billion. After finding that the settlement represented "not even one-fifth of one percent of the litigation value of these claims" the court denied approval to the settlement.[6] 240 F.R.D. at 578. "Were Plaintiffs' claims against Trans Union and Equifax grounded in such a tenuous basis that they were hopelessly doomed to fail in court, such a colossal discrepancy between their apparent litigation value and the value of the Settlement may be acceptable That is not true here." *Id*. The same could be said of this case, where the settlement is just 0.1% of the litigation value of the claims being settled. Class Counsel has failed to make

---

[6] By way of comparison, one-fifth of one percent of the value of statutory claims in this case would be at least $200 million, nearly twice what is proposed by Class Counsel.

the case that Class claims are "hopelessly doomed to fail in court."  Barring such a showing, approval of the proposed settlement is not permissible.

For example, assuming a 10% chance of success at trial and an adequate settlement value of $10 billion, this Court might subject that figure to the *Wakefield* test for constitutional excessiveness.  If the Court determines the amount of $10 billion is constitutionally excessive, it should then determine the *maximum amount* that would not violate due process, i.e., set the adequacy threshold at that number, and compare that number (or range of numbers) to the amount of the proposed settlement in its evaluation of reasonableness.

Objectors contend the CIPA Sub-Class would be far better off taking this case to trial – even if the jury award were ultimately reduced per *Wakefield* – than they are with the $115 million settlement spread per capita across a nationwide Class.  It may be reasonable for Plaintiffs to elect to settle all claims of the nationwide Class for some amount, but a settlement for $115 million is by no means justified by the description of the settlement provided by Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.  See Document 132.  A settlement of $115 million – spread across a nationwide Class – cannot justify the compromise of CIPA Sub-Class member statutory damage claims, let alone the calculable damages attributable to the claims of the California Sub-Class.

In a recent statutory damages class action against Facebook in this Circuit, the district court rejected a proposed settlement that represented 5.7% of total aggregated statutory damages, after that case had survived an appeal of class certification.  *See In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617, 621 (N.D. Cal. 2021).  The

court ultimately approved a settlement representing 6.8% of aggregate statutory damages. *Id.* at 622.

The Court should consider the percentage settlement in *Facebook Biometric* as setting a practical standard for resolution of statutory damage class actions, and should reject the proposed $115 million settlement as grossly inadequate.

**B.     The Settlement sacrifices the valuable claims of the California Sub-Class and the CIPA Sub-Class in order to deliver a nationwide settlement and release to Oracle, thereby failing to adequately represent the California Sub-Class and CIPA Sub-Class**

The uniquely valuable CIPA claims possessed by the CIPA Sub-Class created the leverage for the negotiation of the Settlement. Therefore, the CIPA Sub-Class should receive the vast majority of the settlement benefits. Even if the entire $115 million were paid to the CIPA Sub-Class, however, the amount of recovery is far too small to be adequate.

Class Counsel owes a duty to members of the California Sub-Class and CIPA Sub-Class to maximize their recovery in this case. Class members from the other 48 states had no surviving financial claims stated by the SAC. By trading the valuable claims of the California Sub-Class and the CIPA Sub-Class for a 50 cents per class member recovery on behalf of a nationwide class, Class Counsel violated their fiduciary duty to their California Sub-Class and CIPA Sub-Class clients, and improperly shared the recovery that these sub-classes, and particularly the CIPA Sub-Class, had created with persons who have no cognizable interest in California or CIPA claims. The expansion of the settlement class thus worked to the detriment of the California Sub-Class and – most especially – the CIPA Sub-Class and should not be approved.

**C.     The Settlement fails to treat Class members equitably relative to each other because it fails to account for the far more valuable claims possessed by the California Sub-Class and the CIPA Sub-Class.**

It is improper to treat all class members equally in the allocation of benefits, because the California class members possess significantly more valuable claims, which represents 99 percent – or more – of the value of the proposed settlement. "Significant differences in contested claims or defenses have the potential to cause significant differences in claim value, which should be reflected in any fair settlement. … 'An agreement that gives the same monetary remedy to all members of the class, despite significant differences in the nature of their claims … may not be fair and reasonable.'" *Murray v. Grocery Delivery E-Services USA Inc.,* 55 F.4th 340,346 (1st Cir. 2022). The settlement's equal apportionment of compensation across all members and years violates Rule 23(e)(2)(D).

**D.     The Lead Plaintiffs should not be awarded $10,000 Incentive Awards.**

While so-called service awards are not inherently illegal in this Circuit, in the circumstances of this case, Lead Plaintiffs should not be awarded the amount of $10,000, when the amount that they recovered for the Class is less than 50 cents per class member. The Lead Plaintiffs are each seeking two times the CIPA statutory damages, for obtaining a settlement that represents less than one-tenth of one-percent of potential CIPA damages for the rest of the Class, on top of selling out the California Sub-Class and the CIPA Sub-Class by agreeing to a nationwide distribution of settlement funds. In the circumstances of this case, the requested service awards serve to create a conflict of interest between the Lead Plaintiffs and the rest of the Class that causes the Lead Plaintiffs to be indifferent to the recovery by non-named Class members, because they are being made more than whole

through the service awards. There should be some correspondence between the quality of the settlement obtained on behalf of the Class and the amount of the service awards, which in this case calls for a service award on the nominal side of no more than $1000.

## CONCLUSION

For the foregoing reasons, this Court should: (1) deny approval to the proposed settlement; and/or (2) award Lead Plaintiffs service awards of no more than $1,000 each.

_____
Sarah Feldman

Respectfully submitted,

*/s/ Kendrick Jan*
Kendrick Jan
Kendrick Jan, APC
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: (619) 231-7702
kj@jan-law.com

*/s/ John J. Pentz*
John J. Pentz, *pro hac vice* forthcoming
13133 N. Vistoso Ranch Pl.
Oro Valley, AZ 85755
Phone: (978) 985-4668
jjpentz3@gmail.com

Attorneys for Class member/Objector
Sarah Feldman

through the service awards. There should be some correspondence between the quality of the settlement obtained on behalf of the Class and the amount of the service awards, which in this case calls for a service award on the nominal side of no more than $1000.

## CONCLUSION

For the foregoing reasons, this Court should: (1) deny approval to the proposed settlement; and/or (2) award Lead Plaintiffs service awards of no more than $1,000 each.

*Sarah Feldman*
Sarah Feldman

Respectfully submitted,

*/s/ Kendrick Jan*
Kendrick Jan
Kendrick Jan, APC
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: (619) 231-7702
kj@jan-law.com

*/s/ John J. Pentz*
John J. Pentz, *pro hac vice* forthcoming
13133 N. Vistoso Ranch Pl.
Oro Valley, AZ 85755
Phone: (978) 985-4668
jjpentz3@gmail.com

Attorneys for Class member/Objector
Sarah Feldman

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF or ACMS on October 17, 2024, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or ACMS.

      By: *s/ Kendrick Jan*

# EXHIBIT A



John Pentz <jjpentz3@gmail.com>

# Fw: Legal Notice of Class Action Settlement: You May Be Entitled To Compensation
1 message

**Sarah Feldman** <sarahlfeldman@yahoo.com>   Wed, Sep 18, 2024 at 9:24 AM
To: John Pentz <jjpentz3@gmail.com>

FYI

----- Forwarded Message -----
**From:** Katz-Lacabe v. Oracle Settlement Administrator <donotreply@katzprivacysettlement.com>
**To:** "sarahlfeldman@yahoo.com" <sarahlfeldman@yahoo.com>
**Sent:** Monday, September 9, 2024 at 02:49:32 PM PDT
**Subject:** Legal Notice of Class Action Settlement: You May Be Entitled To Compensation

Notice ID: KATL0697752671
Confirmation Code: QEXW49qmt4mk

United States District Court for the Northern District of California
*Katz-Lacabe et al v. Oracle America, Inc., Case No. 3:22-cv-04792-RS*

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**Our Records Indicate You May Be Entitled to a Payment from a Class Action Settlement Because Your Personal Data May Have Been Collected by Oracle America, Inc.**

*A federal court authorized this notice. You are not being sued. This is not an advertisement.*
**(Para la notificación en español, visite el sitio web.)**

A Settlement has been proposed in class action litigation against Oracle America, Inc. ("Oracle"). This class action alleges that Oracle improperly captured, compiled, and sold individuals' online and offline data to third parties without obtaining their consent. Oracle denies all the allegations made in the lawsuit and any wrongdoing and maintains that its practices were lawful and disclosed to individuals.

**Who is included in the Settlement?** You are included if you are a Settlement Class Member, which is defined as "all natural persons residing in the United States whose personal information, or data derived from their personal information, was acquired, captured, or otherwise collected by Oracle Advertising technologies or made available for use or sale by or through ID Graph, Data Marketplace, or any other Oracle Advertising product or service from August 19, 2018 to the date of final judgment in the Action."

**What does the Settlement provide?** Under the Settlement, Oracle will pay $115 million to establish a Settlement Fund.

To submit your claim, go to: **www.KatzPrivacySettlement.com/submit-claim**.

Class Counsel will ask the Court to award up to 25% of the Settlement Fund (i.e. up to $28.75 million) for attorneys' fees. In addition, Class Counsel will ask the Court to reimburse them out of the Settlement Fund for the expenses they reasonably incurred and will incur in litigating this case on behalf of Settlement Class Members in an amount not to exceed $225,000. Oracle has reserved the right to object or comment on Class Counsel's request for attorneys' fees and expenses in the District Court and has also agreed not to appeal any order of the District Court awarding attorneys' fees and expenses. Class Counsel will also ask the Court to approve Service Awards of up to $10,000 each for the two Class Representatives named in the complaint as an award for their service to the Settlement Class as Plaintiffs and Class Representatives ($20,000 in total) out of the Settlement Fund. Class Counsel's application for attorneys' fees, expenses, and Service Awards will be made available on the Settlement Website at **www.KatzPrivacySettlement.com** before the deadline for you to comment on or object to the Settlement.

**EXHIBIT A**

10/16/24, 2:05 PM                         Gmail - FW: Legal Notice of Class Action Settlement. You May Be Entitled To Compensation

Case 3:22-cv-04792-RS   Document 150   Filed 10/17/24   Page 15 of 17

After deducting any Court-approved attorneys' fees and expenses and Service Awards for the Class Representatives, and the costs of the Settlement administration, the Settlement Fund will be distributed to Class Members on a *pro rata* basis.

Oracle will also certify that, for as long as it continues to offer the products and services described in the complaint, it will: (i) not capture (a) user-generated information within referrer URLs (*i.e.*, the URL of the previously-visited page) associated with a website user or (b) except for Oracle's own websites, any text entered by a user in an online web form,; and (ii) implement an audit program to reasonably review customer compliance with contractual consumer privacy obligations.

**How do I get a payment?** You must submit a valid Claim Form by **October 17, 2024**. Claim forms may be submitted online at **www.KatzPrivacySettlement.com** or printed from the website and mailed to the address on the Claim Form. Claim Forms are also available by calling 1-888-255-4036 or emailing **Questions@ KatzPrivacySettlement.com**. You are not required to submit a claim, but if you are in the Settlement Class and do not submit a claim, you will lose your right to claim compensation in connection with the Settlement.

**Your other options.** If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **October 17, 2024**. Unless you exclude yourself, you won't be able to sue or continue to sue Oracle for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may file an objection or other comment no later than **October 17, 2024**. More information about these options is available at **www.KatzPrivacySettlement.com**.

**Do I have a lawyer in the case?** If you are a Settlement Class Member, you have a lawyer in this case. The Court appointed as "Class Counsel" the law firm of Lieff Cabraser Heimann & Bernstein, LLP to represent Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's hearing.** The Court will hold the Final Approval Hearing at **1:30 p.m. on November 14, 2024** in Courtroom 3 (17th Floor) of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. There is no requirement that you attend the hearing—you may submit a claim, object, comment or exclude yourself from the Settlement without attending the hearing. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, including Class Counsel's application for attorneys' fees, expenses, and for Service Awards.

**How Do I Get More Information?** For more information, including the full notice, claim form and Settlement Agreement visit **www.KatzPrivacySettlement.com**, or contact the Settlement Administrator by email at **Questions@KatzPrivacySettlement.com**, by phone at 1-888-255-4036, or by mail at:

*Katz-Lacabe et al v. Oracle America, Inc.*
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

**If you are member of the Settlement Class, you may go to the Settlement website (www.KatzPrivacySettlement.com) now and make a claim.**

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S
OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**This notice is only a summary.**

Unsubscribe

EXHIBIT A

# EXHIBIT B

 **Gmail**      John Pentz &lt;jjpentz3@gmail.com&gt;

## Fw: Confirmation for the Oracle Data Privacy Settlement
1 message

**Sarah Feldman** &lt;sarahlfeldman@yahoo.com&gt;      Wed, Oct 16, 2024 at 11:24 AM
To: John Pentz &lt;jjpentz3@gmail.com&gt;

----- Forwarded Message -----
**From:** Confirmation Email &lt;confirmation@katzprivacysettlement.com&gt;
**To:** "sarahlfeldman@yahoo.com" &lt;sarahlfeldman@yahoo.com&gt;
**Sent:** Wednesday, October 16, 2024 at 11:23:42 AM PDT
**Subject:** Confirmation for the Oracle Data Privacy Settlement

**This email address is not monitored, therefore please do not reply to it. If you need to contact us, please email us at questions@katzprivacysettlement.com.**

Dear **SARAH FELDMAN**,

You have successfully submitted a Claim Form on October 16, 2024 at 11:23:36 A.M..

YOUR CLAIM DETAILS
Submitted Claim ID: **KATL0697752671**
Confirmation Code: **QEXW49qmt4mk**

You will need the above Submitted Claim ID and Confirmation Code if you would like to edit your Claim at a later time.

NAME AND CONTACT INFORMATION
First Name: **SARAH**
Last Name: **FELDMAN**
Street Address 1: **812 HAIGHT AVE**
City: **ALAMEDA**
State: **CA**
Zip Code: **94501-3420**
Province: **CA**
Postal Code: **94501-3420**
Country: **USA**
Email Address: sarahlfeldman@yahoo.com
Phone 1: **5103256523**
Phone 2: **5103256523**

ADDITIONAL FIELDS
Did you reside in the United States at any point between August 19, 2018, and the present day?: **YES**

Signature: **Sarah L Feldman**
Date: **10/16/2024 11:23:36**

If you have any questions regarding your Claim, please provide the Submitted Claim ID listed above and email us at: questions@katzprivacysettlement.com.

Thank You,
Settlement Administrator
Oracle Data Privacy Settlement
www.katzprivacysettlement.com

**EXHIBIT B**