Kimberley Cane
969G Edgewater Blvd # 791
Foster City, CA 94404
Telephone: (650) 435-2456
info@kimberleycane.com

Class Member In Pro Per

**FILED**

OCT 16 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL KATZ-LACABE, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, <br><br> Defendant. | Case No. 3-22-CV-04792-RS <br><br> **CLASS MEMBER'S OBJECTION TO SETTLEMENT** <br><br> Judge: Hon. Richard Seebord <br><br> Date: November 14, 2024 <br> Time: 1:30 p.m. <br> Courtroom: 3 <br><br> Date Action Filed: August 19, 2022 <br> Trial Date: Not set |

**OBJECTION**

1.  I received an email titled "Legal Notice of Class Action Settlement: You May Be Entitled To Compensation" (hereinafter "Notice") in my email spam folder on September 7, 2024.

2.  I am not represented by counsel in this action. My Notice ID is KATL0441562003 and my Confirmation Code is xvy█████K94. I reserve my right to attend the hearing on November 14.

1.

CLASS MEMBER'S OBJECTION TO SETTLEMENT

3. I commend the Plaintiffs for bringing this problem to our attention. The Plaintiffs and their attorneys, Lieff Cabraser Heimann & Bernstein, LLP (LCHB), have done a considerable amount of work advocating for this issue. However, Class Members are "drawing the short stick" with this Proposed Settlement: LCHB is seeking a great financial benefit for themselves at the expense of the Class Members.

4. I have not read every document filed, but I have read enough to have an understanding of the nature and consequences of this case. I object to the Proposed Settlement for two primary reasons.

**First Objection: Insufficient Information to Make a Decision**

5. My first objection is that the Class Members do not have sufficient information to decide whether to participate or "opt out." The exhibits filed in this case fail to provide Class Members with a comprehensive understanding of what type of data Oracle has captured because these exhibits are largely redacted.

6. The redacted exhibits prevent Class Members from having a clear understanding of exactly how granular the captured data is or how our data is being used. Class Members are asked to waive our rights for an undefined amount of compensation (likely negligible) without being privy to any of the discovery in this case.

7. Specifically, in the Second Amended Class Action Complaint, Exhibits A and B (Dkt. Nos. 87-1 and 87-2), the Oracle "Offline Access Request Response Reports" ("OARRR") are arguably over 70% redacted — too redacted for Class Members to fully understand the types of personal data that Oracle has captured in the "Segment Categories" (Oracle's term used in these reports).

 a. The OARRR filed as Exhibit A (Dkt. No. 87-1) is 49 pages long with 22 pages completely redacted (including 13 sequential pages that are 100% redacted (pages 19-31)), and 16 pages partially redacted.

b. The OARRR filed as Exhibit B (Dkt. No. 87-2) is 32 pages long with 21 pages completely redacted (including 16 sequential pages that are 100% redacted (pages 10 – 25)), and 7 pages partially redacted.

8. These redactions of almost all of the "Segment Categories" prevent Class Members from fully understanding how egregious this privacy intrusion is. While I believe it is appropriate to redact the personal information of the Plaintiffs, I do not think it is appropriate for the "Segment Categories" to be redacted: this sensitive information is exactly what Class Members need to know to make an informed decision.

9. As it turns out, this exact issue was already litigated (Dkt. Nos. 75 - 77). LCHB recognized that the "Segment Categories" are sensitive personal information and moved to have these categories redacted: "The Segment Category title alone reveals sensitive financial information, whether or not one considers the corresponding Segment Detail entry," (Dkt. 75-1, Declaration, ¶ 20(b)).

10. This Court allowed a near-complete redaction of the OARRRs in its order (Dkt. 77, page 17): "…even with redactions, still communicate to the public the types of information that are at issue in this action. Of course, reasonable minds might disagree on distinguishing between which entries in the 'Segment Category' column merit sealing and which do not, but Plaintiffs have, at this stage, met their burden to propose a narrowly tailored set of redactions."

11. The Plaintiffs' attorneys may have met their burden to the Court but not to the Class Members they purport to represent. Here, the interests of the Class Representatives and the Class Members diverge: the "reasonable minds" of the Class Members never had any say in the redactions. Therefore, Class Members lack a reasonable understanding of the scope and nature of this captured data and cannot make an informed decision about participating in this action.

12. The Notice sent to Class Members did not include any description of the "Segment Categories" or other types of information contained in this OARRR. In fact, this was the only information provided

3.

in the Notice to Class Members:

> "This class action alleges that Oracle improperly captured, compiled, and sold individuals' online and offline data to third parties without obtaining their consent."

13. This statement is vague, non-specific, and inadequate. It does not provide any context to Class Members of the nature or scope of the privacy intrusions. Unless a Class Member requested their OARRR from Oracle (and the Notice did not provide instructions on how to), Class Members are unaware of the intrusive "Segment Categories" that Oracle has kept on us. This is critical because <u>Class Members are being asked to relinquish any rights we may have in this matter without a disclosure about our data that has been captured, shared, and sold without our knowledge and consent.</u>

14. After receiving this Notice, I researched and requested my OARRR from Oracle. My report is 226 pages long, divided into three columns, and looks different from the Plaintiffs' exhibits: it is seven times longer than Exhibit B (Dkt. No. 87-2), and four times longer than Exhibit A (Dkt. No. 87-1). I have no understanding why my report looks different or why it is so much longer than the Plaintiffs'.

15. Class Members likely do not know that <u>these OARRR reports show **every item** they've ever purchased at Safeway or Target (except, of course, fruits and vegetables)</u>, including the <u>specific brands</u> of crackers, deodorant, soap, toilet paper, and video game consoles, among other things, and Oracle has compiled, bought and sold this information in their "data marketplace[1]."

16. The OARRR includes every banking institution where Class Members have had an account, and specifically calls out the bank Class Members have used most within the past 12 months.

17. The OARRR shows our specific "Employee Benefits," including our health insurance provider(s) and what institution(s) holds our 401(k) account(s).

---

[1] PlaceIQ Data Now Available Through Oracle Data Clouds BlueKai Marketplace ht ps://w w w.prnew swire.com/new s-releases/placeiq-data- now -available-h rough- oracle-data-c louds- bluekai-m arke tplace-300297954 .html
Archive : ht ps://archive .ph/02X8S

4.

CLASS MEMBER'S OBJECTION TO SETTLEMENT

18. The OARRR lists specific alcoholic beverages Class Members have purchased (and have not purchased), and includes a classification of how much alcohol Oracle believes Class Members drink.

19. Further, Class Members do not know that the apps we are using on our phones are included in the OARRR. Mobile phone app transactions are being captured and sold, including geolocation data provided by "PlaceIQ"[2] a company that lists this "feature" on its website: "Time-stamped visitation for full PlaceIQ Movement taxonomy."

20. It is improbable that any Class Members "consented" or "opted in" through a hidden "iframe" on a webpage to sharing with a "data marketplace" where we bank, who our insurers are, where our 401(k) accounts are, and how much alcohol we may drink, and our exact location served up with a "time-stamped visitation" record.

**Second Objection: Inequitable compensation to lawyers at the expense of Class Members**

21. My second objection is LCHB receiving 25% of the settlement, or approximately $28.75 million, while the Class Members receive maybe $20 and waive all rights, known and unknown, after having our daily lives' data captured, shared, and sold without our consent, and without receiving answers from the appointed Settlement Administrator. This is inequitable.

22. I had questions about this lawsuit after receiving the Notice. On September 9, 2024, I called the Settlement Administrator's phone number shown in the Notice. This phone number is only a series of recordings with <u>information that is identical to the content already on their website www.KatzPrivacySettlement.com</u>. At no time was there an option to talk with someone.

---

[2] Place IQ: https://www.wprecisely.com/product/precisely-placeiq/placeiq-movement
Archive: ht_ps://archive.ph/jac4u

23. Also on September 9, 2024, I sent an email to the Settlement Administrator at questions@katzprivacysettlement.com asking to talk with someone about my questions. On September 26, 2024, Katz Privacy Administrator sent me a boilerplate reply without responsive information. I followed up on October 1 and 10, 2024. On October 11, 2024, questions@katzprivacysettlement.com replied with more unresponsive information that is <u>identical to answers that are already available on</u> www.KatzPrivacySettlement.com. Despite my trying for five weeks, the appointed Settlement Administrator failed to answer any of my questions.

24. After talking with friends and family, I learned that not one of them had received Notice of being a Class Member despite Oracle having an OARRR (or "download data") on them. Accordingly, it's probable that other eligible Class Members also did not receive the Notice or it was delivered to their spam folder too, and they never saw it.

## CONCLUSION

25. I ask the Court to deny the proposed settlement. These privacy violations should see daylight instead of being veiled in a cloud of secrecy. A settlement will "sweep it under the rug."

26. Class Members do not have enough information to make an informed decision. How can Class Members be asked to participate or opt out without knowing the specific facts of this case and its relevancy to our lives?

27. There is no value to Class Members in settling this case as it stands today: a law firm should not make tens of millions of dollars while the exact scope of the privacy violations into the Class Members' lives remains shrouded in secrecy. The proposed settlement benefits only LCHB and Oracle, while Class Members remain ignorant and waive their rights in exchange for a token settlement.

6.

CLASS MEMBER'S OBJECTION TO SETTLEMENT

28. LCHB should better inform Class Members of exactly what has happened here. LCHB should provide a limited set of discovery to Class Members so Class Members have transparency about this intrusion. Thus far, the Notice is insufficient and inadequate, and their vehicles for Class Member follow-up have proven meaningless.

29. Oracle should defend itself to a jury and show how Class Members allegedly "opted in" to having our personal information bought and sold on their market place, and how Class Members allegedly agreed to be tracked throughout our daily lives.

30. A jury should hear this case and decide what the damages should be.

Date:   October 15, 2024                         Respectfully Submitted,

*Kimberley Cane*

Kimberley Cane
Class Member

# Click-N-Ship®

USPS POSTAGE PAID
Mailed from 94002   4546617419432 78
$9.00 US POSTAGE
10/15/2024

10/16/2024
Flat Rate Envelope
RDC 03   C004

## PRIORITY MAIL®

KIMBERLEY CANE
969G EDGEWATER BLVD PMB 791
FOSTER CITY CA 94404-3824

US DISTRICT COURT FOR NORTHERN CALIF
CLASS ACTION CLERK
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94102-3661

USPS TRACKING #
9405 5301 0935 5048 4231 10

KATZ-LACABE VS ORA



FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

TRACKED ■ INSURED


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2