*Dan Kelley*
*PO Box 21*
*Liberty Corner, N.J. 07938*
*dankelley@duck.com*

14 October 2024

Class Action Clerk - United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102-3489

RE:   Objection to Katz-Lacabe et al v. Oracle America, Inc.
      Case No. 3:22-cv-04792-RS
      United States District Court for the Northern District of California

Dear Clerk of Court:

I, Dan Kelley, have been identified as a class member by the Claims Administrator (Angeion Group, LLC) and notified of same. I have not opted out of Case No. 3:22-cv-04792-RS. As a class member, I object to the proposed settlement award(s), fees and expenses requested by class counsel.

This class member received notice on 8 October 2024 with a claim, as well as objection, deadline of 17 October 2024. Nine days is not enough notice by any stretch of imagination. As I was not provided enough advance notice of the case status, I have not had the time to discuss these matters with anyone. Hence, at this time, I am objecting on behalf of myself. I object to the settlement terms in the above entitled case for the following reasons:

First, as stated above, the Claims process did not provide enough advance notice (essentially one week) for many of the members and is confusing as well as unreasonable to same. Part of the reason for this assertion is the website does not inform claim filers as to accepted browsers, pop-up rules, add blockers etc... Thus when members attempt to file via the website, one may not receive any confirmation of submission once an attempt is made. As such, a claimant may unknowingly submit one's claim more than once due to a website error rather than through any intentional act. This error could lead to multiple claims being submitted for one class member which would permit the Settlement Administrator to reject such claims entirely. In addition, the website does not even permit a claimant to select the "Submit" button rendering any attempt to file a claim inoperable. Hence, the Settlement notice and website does not provide adequate instruction or information for the class members.

Second, the proposed settlement does not address the problem in the case which is that Oracle knowingly and willfully violated consumers rights without any regard for same. The reasons Oracle would do so are plentiful, however, the problem is that companies such as Oracle have done so and continue to violate consumer's rights because the penalties, if caught, amount to a mere slap on the wrist and the lawyers make out like bandits. This inherently does not solve the problem but rather perpetuates it.

Third, Class members are not receiving enough relief for the injury they've suffered as compared to the exorbitant fees and expense reimbursement the lawyers are demanding.

Fourth, as is always the case, class counsel are requesting the Court to approve an award that is entirely too much by any common sense measure. Based on the proposed settlement, we do not believe the lawyers who negotiated same represented the best interests of the suit members, but rather their own. Class counsel would have had to have worked far more hours at their regular billing rate to receive the amount in fees that is requested. The proposed Class action settlement may provide a great deal of benefit for Michael W. Sobol and David T. Rudolph of the law firm of Lieff Cabraser Heimann & Bernstein, LLP., but will provide very little or no benefit for class members as a whole. The request for $28.75 million in fees plus approximately another quarter million in alleged expenses is neither fair or reasonable. In fact it should be considered unconscionable.

Although class council would like one to believe a percentage recovery of 25% may very well be "fairly standard", however that does not make such "reasonable". Class counsel also pointed to awards in other cases that purported to show that their 25% contingency fees were not out-of-line. The question is out-of-line with what? The consumer who's rights were violated would beg to differ. This is completely out-of-line with the principles of ethics, honor and integrity. Not to mention reality. Whether or not other courts have ruled to uphold exorbitant, extravagant & unreasonable awards, this still does not make it fair, reasonable or right. All those courts have done is provide yet another justification for that which was unreasonable to begin with. One could make the case that arguments like this are flawed because they start out with a fraudulent premise and merely expound upon it thereby perpetuating the original error in perpetuity. Furthermore, they do not accurately represent the market for attorney services. Instead, they perpetuate the myth that awards to counsel in contingency cases are fair and reasonable.

Last, the United States District Court for the Northern District of California (just like the United States Court of Appeals for the Eleventh Circuit), if nothing else, has a chance to rebuke these unreasonable requested awards by counsel and look to representing the very individuals rights that were violated. By awarding the fees and expenses counsel has requested, the claim members merely would be violated once again. The United States Congress should have fixed this problem in 2005 with the Class Action Fairness Act (CAFA), but they failed to do so as is so often the case. The United States District Court for the Northern District of California has a chance to represent the people rather than special interests and deny the requested awards as unreasonable given the settlement which in itself seems far too small and negotiated in haste to benefit counsel rather than the class members. We can only ask and hope that the court will carry out it's responsibility to scrutinize proposed class action settlements as well as awards that appear excessive and are unreasonable.

I have not retained counsel to date. I do not intend to appear in person at the Final Approval Hearing. If an appearance is, for some reason, deemed to be legally required, it is requested to be via Zoom or such other video conferencing capability the court chooses that is readily and freely available. It would be patently unreasonable to force a class member to incur the expense of traveling over 6,000 miles to appear at the Final Approval Hearing in person.

Thank you for your attention to this matter.

Sincerely,

*Dan Kelley* (signature)
Dan Kelley

Kelley
Po Box 21
Liberty Corner, NJ
07938

DV DANIELS NJ  070
17 OCT 2024  PM 2  L

Class Action Clerk
United States District Court
for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA.
         94102-3489

94142-348989