# Roger M. Loeb



October 23, 2024

Class Action Clerk
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 941023489

In RE: *Katz-Lacabe et al v. Oracle America, Inc., Case No. 3:22-cv-04792.RS*

I am Roger Martin Loeb, residing at 4673 Moonshine Ridge Trail, Parker, CO 80134. My mobile phone number is (720) 244-8233. I am not represented in this matter by an attorney. I believe I am a member of this class based on receipt of a notice from the Settlement Administrator (Notice ID: KATL0675478832, Confirmation Code: 37hx3yJgMMDk).

I have previously submitted an objection to the proposed settlement of the class action *Katz-Lacabe et al v. Oracle America, Inc., Case No. 3:22-cv-04792.RS*, which was filed October 10, 2024. (Docket number 146.) I wish to amend and extend that objection based on what I have learned about this case since that filing.

In my original letter, I objected on three grounds:

1. Given the potential size of the class, the proposed settlement amount is trivial. It does not come near compensating the victims of the privacy intrusions inflicted by Oracle and its business partners. It also excuses Oracle's continued use and abuse of secretly collected highly personal data.
2. The class deserves a jury trial to expose the extent of Oracle's intrusive surveillance. The original complaint demanded a jury trial. There's no reason for a premature settlement.
3. The proposed settlement excuses what I believe to be a criminal violation of the Computer Fraud and Abuse Act of 1986 (as amended) by Oracle and its business partners. (I will explain this assertion below.)

I wish to expand my objections to include:

1. Potential class members may not have received notice of this action or may have missed the notice because it ended up in their email "spam" folder.   I have asked several friends and acquaintances whether they received the legal notice email. Only one "thought" they did.  Since mine appeared in my "spam" folder, I have reasonable suspicion that a significant number of possible members of this class are not aware of the proposed settlement.  Using email for such a legal notice is questionable.  Such notices should be delivered by U.S. Mail.
2. Oracle has removed the capability to access and inspect the information collected about me, my spouse, and my children.  Without the opportunity to review that data, I cannot accurately understand how Oracle and its partners may have abused the highly detailed and personal data collected.   The class members must be able to examine the collected data, submit corrections for any errors, and delete any

# Roger M. Loeb

information they consider inappropriate or highly personal.  Without access to this detail, it is impossible to appreciate the extent of the invasion of privacy.

3. One person to whom I have spoken, who did have an opportunity to review their Oracle dossier, expressed concern that Oracle has data elements that are or should have been protected under the Fair Credit Reporting Act (FCRA) or the Health Insurance Portability and Accountability Act (HIPAA).  I have no way to verify that claim, but it raises concerns about the methods of collecting data items that contribute to individual dossiers.  A deep forensic evaluation of the entire process by which data is collected should be performed by appropriate experts before any settlement arrangement is approved.

4. Until class members know what data was collected and with whom it was shared, including any government agencies, we cannot appreciate the extent of the damage to our privacy or U.S. national security.

5. The settlement should be declined because this lawsuit does not include the many parties who contributed to capturing my personally identifiable private information, i.e., all merchants who contributed data to the Oracle database or used information from that database to manipulate my purchasing.  Each of those is complicit in compromising my privacy and must be held accountable.

I previously alleged that Oracle and its business partners have committed criminal acts in collecting user interaction data.  That claim is made based on my experience consulting with various clients within the information technology industry.  However, I acknowledge that I am not a lawyer.

The Computer Fraud and Abuse Act of 1986, as amended (18 U.S.C. § 1030(e)(2)), applies to "protected computers."   One such definition is computers "used in or affecting interstate or foreign commerce or communications," which now effectively means almost every computer, including cell phones, due to the interstate nature of most Internet communication.  The Act defines as a criminal offense "whoever…intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains…information from any protected computer."

When the Act was initially written, access meant a direct electronic connection to the subject computer.  However, since the rise of the Internet and the development of website scripting code, it has become possible to access a protected computer and exfiltrate data from it indirectly. This is what the technology developed and deployed by Oracle does: tracking and recording the user's interaction with websites and exporting that information, which is unknown to and unauthorized by the computer user and, consequently, a violation of the amended CFAA.

Please decline this settlement.

Most sincerely,

Roger M. Loeb

4673 Moonshine Ridge Trail, Parker, CO  80134 ● (720) 244-8233 ● roger@martech.com

Roger Loeb
4673 Moonshine Ridge Trl
Parker, CO 80134-5145

RECEIVED

OCT 2 8 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DENVER CO 802

23 OCT 2024 PM 5 L



As in past elections,
USPS is ready.

If you choose to vote by mail,
please mail early.

USA
FOREVER

Class Action Clerk
United States District Court for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA 941023489

94102-348999

RECEIVED

OCT 2 8 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA