## Katz-Lacabe et al v. Oracle America, Inc., 3:22-cv-04792-RS

The undersigned Class Member, Christopher L. Williams, hereby submits this Response to Plaintiffs' Notice of Motion and Motion for Final Approval of Class Action Settlement. (*See also* my previous objections filed at Doc. # 137, 148 and 153).

## PRELIMINARY MATTERS

- I believe I am a class member because I received notification of the settlement via email, Notice ID # KATL0148046439.

- I have requested to appear at the Final Approval Hearing via Zoom or other audiovisual means. Given the paltry amount of money provided to class members (estimated at $15-25 even with a meager 1.5%-2.5% claim submission rate as estimated by Leif), it is cost prohibitive for me to fly to San Francisco and appear in person. For the same reason, it is cost prohibitive to retain a private attorney to appear in person to represent my interests. I have not received any ECF notices or other notifications advising that I will be permitted to appear at the Final Approval Hearing via Zoom or other audiovisual means so I presume that I will <u>not</u> be allowed to appear. I object to being excluded from the Final Approval Hearing.

- My home address is 1006 West Confederate Avenue, Columbia, SC, 29201. My email is chris@williamslitigation.com

## ARGUMENT

**A. Predictably, Class Counsel resorts to personal attacks on the objectors to justify its inadequate representation of the Class and ignores the valid objections asserted by myriad class members.**

At the outset, the undersigned wishes to address Class Counsel's misrepresentation to the Court on how I initially reached out to Class Counsel. (*Cf.*

1

Doc. # 175, p. 23 fn 16). Contrary to the representations of Class Counsel that I first contacted them on September 11, I reached out specifically to Mr. David Rudolph on September 6, 2024. Indeed, I contacted Mr. Rudolph directly via email to ask questions about the settlement – that email is attached to this Response and is quoted directly below:

> **From:** Christopher Williams
> **Sent:** Friday, September 6, 2024 8:28 PM
> **To:** drudolph@lchb.com
> **Subject:** Katz privacy settlement
>
> Dear Mr. Rudolph:
>
> I found your contact information after scouring through numerous documents on the settlement website for the above matter. I have serious concerns about the proposed settlement, including the small monetary relief (even assuming a meager 1.5%-2.5% claim submission rate), the amount of attorneys fees sought (including the hourly rates - particularly when including the multiplier, (3) the express admission that 20% of the settlement class will not receive notice of the settlement but will be bound by it, and (4) other concerns. Please advise if you are able to discuss these issues with me. To be clear, I likely will submit an objection so I want to be candor about that if it presents a conflict, but this is a complex issue and the settlement administrator is not capable of answering all of the legal questions. Please advise at your first opportunity.
>
> Chris Williams
> 843.324.5017

(*See* Exhibit 1, September 6 email correspondence to Class Counsel David Rudolph.)

Neither Mr. Rudolph nor any other Class Counsel <u>ever</u> responded to my email or otherwise reached out to me – likely because there are not good answers to my questions and they hoped I would go away (they were wrong). And it is notable that Class Counsel specifically omitted this email from the undersigned to Mr. Rudolph when filing its Motion for Final Approval of Class Action Settlement (though Class

Counsel selectively attached another email from me to the Settlement Administrator when disparaging me).[1] Of course, the conspicuous omission of my September 6 email to Mr. Rudolph is clearly intended to disparage the undersigned and to discourage the Court from undertaking a meaningful analysis into the valid objections I have made. The undersigned respectfully submits that the Court should reject Class Counsel's attempt to distract from the true issues at hand by disparaging those, including myself, who took time out of their own personal and professional lives to offer their objections to the clearly unreasonable settlement.

**B. Class members did not receive adequate notice.**

After the deadline for filing objections had passed, the Settlement Administrator submitted a declaration purporting to explain how successful it had been in distributing notice to class members. The Settlement Administrator's declaration is nothing but rank speculation and is supported by no competent evidence – it consists entirely of Mr. Weisbrot's unsupported and conclusory assertions.[2]

---

[1]   I do regret the verbiage I used in the email that Leif attached to its Motion for Final Approval, though I still maintain that Class Counsel is acting in its own financial interests instead of advocating for the interests of the Class.

[2]   The absence of any documentary evidence supporting Mr. Weisbrot's statements is particularly concerning because he is essentially offering an expert opinion on the effectiveness of the distribution of notice to the Class. (*See, e.g.,* Doc. # 175-6 at ¶ 69 ("It remains my professional opinion that the comprehensive and multifaceted Notice Plan implemented herein provided full and proper due process notice to Settlement Class Members…..Moreover, it is my professional opinion that the Notice Plan was the best notice that is practicable under the circumstances….") It does not take a legal genius to realize that Mr. Weisbrot's professed expert opinions do not come remotely close to satisfying the requirements of *Daubert*, *Kumho Tire*, and their progeny. Yet Class Counsel asks the Court to accept Mr. Weisbrot's speculation regarding the effectiveness of the Notice Plan as gospel.

3

For the few factual assertions made by M4. Weisbrot that can (arguably) be somewhat verified, the following is undisputed:

- The Settlement Administrator has confirmed that only 24 million emails were "either clicked or opened" despite that 319,889,462 emails were "deemed[3] successfully delivered." (Doc. # 175-6). Thus, only about 7.5% of the recipients of the nearly 320 million emails the Settlement Administrator claims were successfully delivered actually received notice of the settlement.[4]

- The Settlement Administrator concedes that the vast majority of the Notice Plan consisted of press releases and social media marketing campaigns. (Doc. # 175-6, ¶¶ 25-29 and 45). To the extent that some courts have held that notice via press release and social media marketing somehow satisfies the due process rights of class members, those cases are wrongly decided and are incompatible with the requirements of Rule 23 (even Rule 23 classes certified for Settlement Purposes only).

**C. My purpose in filing objections to the settlement and responding to the filings of Oracle and Class Counsel.**

As I noted in my initial objection, I am not asserting objections to the settlement to enrich myself or obtain money. (Doc. # 137, fn 16). I have filed objections to the settlement because it is unfair and Class Counsel has abdicated its duty to the Class by allowing hundreds of millions of people to release claims against Oracle while only 1.47% of these people will receive any money consideration – and

---

[3] It is unclear what criteria the Settlement Administrator employed when making the determination that an email had been "deemed successfully delivered."

[4] As Mr. Weisbrot candidly admits, the Settlement Administrator believes that "it is not possible to affirmatively state the exact number of Settlement Class Members that received notice." (Doc. # 175-6, ¶ 47).

4

even then, the monetary consideration is only a mere $25. (Doc. # 175 at p.5). Yet Class Counsel seeks exorbitant attorney's fees for themselves at hourly rates charged by the nation's most prominent attorneys. (*Cf.* Doc. # 137 at fn 12)(noting that Class Counsel's requested hourly rates well exceed those of the most expensive attorneys in the United States).

## CONCLUSION

Although apparently I will not be permitted to appear at the Final Hearing for Settlement Approval, I believe I have preserved the record for purposes of appeal should the Court approve the settlement notwithstanding its inadequacy and the numerous intra-class conflicts between the various subclasses Class Counsel purports to represent. I am going to see this case through the appeal process if necessary because I already have spent much time learning about it and there are a host of infirmities rendering the settlement unfair and unenforceable.

*DocuSigned by: Christopher Williams*
8027BDFB21334FD...

Christopher L. Williams
1006 West Confederate Avenue,
Columbia, SC, 29201
chris@williamslitigation.com

Dated: November 14, 2024
11/14/2024