**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL KATZ-LACABE; Dr. JENNIFER GOLBECK, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs - Appellees, <br><br> SARAH FELDMAN, <br><br> Objector - Appellant, <br><br> v. <br><br> ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware, <br><br> Defendant - Appellee. | No. 24-7648 <br><br> D.C. No. 3:22-cv-04792-RS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted February 10, 2026**
San Francisco, California

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Objector Sarah Feldman appeals the district court's final approval of a settlement in a class action against Oracle America, Inc., alleging that Oracle violated federal, California, and Florida privacy laws in its collection of consumer data. Feldman argues that the district court did not adequately evaluate the risks of continued litigation and abused its discretion in approving an allocation plan that compensated all class members equally. We review the district court's order approving a settlement for clear abuse of discretion. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in determining that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Before approving a settlement, "[t]he district court must show it has explored comprehensively all [Rule 23(e)(2)] factors, and must give a reasoned response to all non-frivolous objections." *Allen v. Bedolla*, 787 F.3d 1218, 1223–24 (9th Cir. 2015) (quoting *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012)). The district court's approval order addressed each of the required factors and concluded that they favored approval of the settlement. The district court specifically responded to and rejected Feldman's objections.

Feldman argues that the district court did not adequately assess whether the "relief provided for the class is adequate," considering "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). That is so, she says, because "it is reasonable to assume" that the district court's approval of the settlement must have been based in part on the risk that aggregated statutory damages awarded at trial would be reduced on a post-trial motion, yet the court did not specifically evaluate that risk. The district court was not required to do so. A settlement inherently requires "a yielding of absolutes and an abandoning of highest hopes," and judging whether that compromise is a fair one requires "an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Just. v. Civil Serv. Comm'n*, 688 F.2d 615, 624–25 (9th Cir. 1982) (first quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); and then quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 468 (2d Cir. 1974)). We have accordingly "never prescribed a particular formula" by which a settlement's fairness must be tested. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). And district courts must "evaluate the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012).

The district court comprehensively analyzed the litigation risks that justified discounting the settlement amount. Although plaintiffs' claims, if successful, could

result in a large award of statutory damages, the district court recognized that "further litigation would likely be complex, expensive, lengthy, and risky." As the court explained, the novelty of plaintiffs' claim—and the court's previous finding that the claims just "'barely' survived dismissal"—justified the litigation discount. The transcripts of the preliminary and final approval hearings make it apparent that the district court was primarily concerned with those risks, not with a potential post-trial reduction in statutory damages under *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109 (9th Cir. 2022). Although Feldman speculates that the possibility of a post-trial reduction in aggregated statutory damages surely "played into the district court's approval," the simpler explanation is that the district court was concerned with the more immediate and more significant risks it discussed in its order. The district court did not abuse its discretion by declining to address possible due-process damages limits that were not central to its assessment of the fairness of the settlement.

  2. The district court did not abuse its discretion in approving an allocation plan that would distribute settlement funds equally to all claimants. Feldman argues that "California Class members and Florida Class members possess significantly more valuable claims" and should therefore receive "all or most of the settlement proceeds." But there is no California Class or Florida Class (or subclass) here—the district court certified only one nationwide class, and Feldman has not

challenged the certification of that class. The fact that some class members may have more valuable claims "does not cast doubt on the district court's conclusion as to the fairness and adequacy of the overall settlement amount to the class as a whole." *Lane*, 696 F.3d at 824 (emphasis omitted). Class members with more valuable claims could have chosen to opt out of the settlement class, *see* Fed. R. Civ. P. 23(c)(2)(B)(v), but "[t]heir presence does not in itself render the settlement unfair," *Lane*, 696 F.3d at 824.

**AFFIRMED.**