TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
WHITNEY O'BYRNE (CA SBN 325698)
WOByrne@mofo.com
EMMA BURGOON (CA SBN 348097)
EBurgoon@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendant
ORACLE AMERICA, INC.

*Additional counsel on next page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MICHAEL KATZ-LACABE, ET AL.,

Plaintiffs,

v.

ORACLE AMERICA, INC., a corporation organized under the laws of the State of Delaware,

Defendant.

Case No. 3-22-cv-04792-RS

**DEFENDANT ORACLE AMERICA, INC.'S RESPONSE TO DAVID R. PETE'S MOTION FOR LATE EXCLUSION**

Judge: Hon. Richard Seeborg

Date Action Filed: August 19, 2022

ZACHARY S. NEWMAN (NY SBN 5651518)
(Admitted *pro hac vice*)
ZNewman@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

KYLE ZIPES (CA SBN 251814)
Kyle.Zipes@oracle.com
NARGUES M. EDER (CA SBN 260289)
Nargues.M.Eder@oracle.com
ORACLE AMERICA, INC.
500 Oracle Parkway
Redwood Shores, California 94065
Telephone: 650.506.7000

Attorneys for Defendant
ORACLE AMERICA, INC.

Oracle files this response to Settlement Class Member David R. Pete's Motion for Late Exclusion from Class Action Settlement ("Motion"). Oracle opposes the Motion. Pete seeks exclusion *twenty-two months* after entry of final judgment and asserts that he "was never provided with direct notice" and lacked "actual or constructive knowledge of this litigation or the opt-out deadlines." (Ex. A (Mot.) at 1.) Records maintained by settlement administrator Angeion Group LLC ("Angeion") contradict Pete's contentions.

"[A] court may relieve a party or a party's legal representative from a final judgment on the basis of mistake[,] inadvertence, surprise, or excusable neglect." *Flores v. Medifit Corp. Servs., Inc.*, No. 15-cv-03423-WHO, 2017 WL 550212, at *1 (N.D. Cal. Feb. 10, 2017) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)). In relation to untimely class exclusions, relevant factors include:

> [T]he degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). "Courts may also consider the likely prejudice to the opposing party and whether the movant acted in good faith." *Flores*, 2017 WL 550212, at *1 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

None of those factors supports relief here. On final approval of the Settlement, this Court found that the Settlement's notice plan provided sufficient notice and was successfully implemented. (ECF No. 180, ¶¶ 3–6.) As part of that plan, Pete received *two* direct notices—to the same email address identified in his Motion—on September 7 and October 10, 2024. (Ex. B (Decl. of Jonathan P. Shaffer of Angeion Grp.), ¶¶ 3–4.) Pete then submitted a claim form and provided the same name, address, email address, and telephone number listed in the Motion. (*Id.* ¶ 5.) Pete offers no explanation why he waited nearly two years after submitting his claim to seek exclusion; nor does he indicate how his purported dispute with Angeion has any bearing on the

release of any claims against Oracle.[1] Since Pete filed his claim, the Court entered judgment and the judgment became final after an appeal to the Ninth Circuit. (ECF No. 195 at 2.) Allowing his exclusion now would undermine that finality.

Further, "[t]here is no reasonable dispute that the opt-out request is prejudicial to [Oracle], which is entitled to rely on the finality of its settlement judgment." *Flores,* 2017 WL 550212, at *2; *see also Bowman v. UBS Fin. Servs., Inc.*, No. 04-cv-3525-MMC, 2007 WL 1456037, at *3 (N.D. Cal. May 17, 2007) (denying exclusion request as prejudicial where "[defendant] will have to expend resources defending against claims that it reasonably understood were foreclosed by . . . final approval to the settlement"). Even assuming Pete's Motion is brought in good faith, relief is unwarranted where Pete received timely notice, failed to act promptly, and seeks exclusion long after final judgment. *See Flores*, 2017 WL 550212, at *2 (finding no evidence of bad faith but nevertheless denying belated exclusion on prejudice and notice grounds). Oracle respectfully requests that the Court deny Pete's Motion.

Dated: September 22, 2026

MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
Tiffany Cheung

***Attorneys for Defendant Oracle America, Inc.***

---

[1] To the extent Pete's exclusion request is motivated by his desire to avoid receiving a benefit administered by Angeion while his separate litigation against Angeion remains pending, he may simply decline that benefit. Indeed, Pete has confirmed that he wishes to withdraw and forfeit his claim. Shaffer Decl. ¶ 8. Declining that benefit at this late stage should have no effect on his status as a Settlement Class Member or the release of claims against Oracle covered by the Settlement.

# PROOF OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on September 22, 2026, I served a copy of:

- **DEFENDANT ORACLE AMERICA, INC.'S RESPONSE TO DAVID R. PETE'S MOTION FOR LATE EXCLUSION WITH EXHIBITS A AND B**

☒ **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

David R. Pete
6355 Chinn Ln
Beaumont, TX 77708

*Pro Se Movant*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Benicia, California, this 22nd day of September, 2026.

| Regina Archuleta-Rodriguez | */s/ Regina Archuleta-Rodriguez* |
|---|---|
| (typed) | (signature) |