UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL KATZ-LACABE, et al.,
Plaintiffs,

v.

ORACLE AMERICA, INC.,
Defendant.

Case No. 22-cv-04792-RS

**ORDER DENYING ABSENT CLASS MEMBER'S MOTION FOR LATE EXCLUSION**

In this class action, the Plaintiff class and Defendant reached a settlement, which was given preliminary approval on August 9, 2024. Class members had until October 17, 2024, to opt out of the class; nearly 500 did so. Dkt 175-6, at 10. The settlement was finally approved on November 15, 2024. The Ninth Circuit affirmed that approval on February 18, 2026. The settlement administrator, the Angeion Group, subsequently sent emails to class members about the upcoming distribution of the settlement funds.

Absent class member David Pete received that email from Angeion on August 28, 2026. On September 8, he filed a motion for late exclusion from the settlement class. He claimed that he had not received the earlier notice of the class certification and his ability to opt out and therefore should be granted late exclusion on grounds of excusable neglect. Both Plaintiffs and Defendant opposed Mr. Pete's motion, pointing out that Angeion's records definitively refuted his claims because they show he had actual notice and personally submitted a claim in 2024. For the reasons explained more fully below, Mr. Pete's motion is denied.

United States District Court
Northern District of California

## I. LEGAL STANDARD

Courts evaluating excusable neglect apply an equitable test from *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *Silber* applies that test specifically to the context of late opt outs from class actions and directs courts to consider the following questions: "the degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment." Courts may also consider "the danger of prejudice to the opposing party" and "whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

## II. DISCUSSION

Defendant Oracle explained that Mr. Pete received actual notice in September 2024, at the same email address he listed when submitting the instant motion in September 2026. Dkt. 196-2. Mr. Pete received a reminder email on October 10, 2024, and later that day he used his unique notice credentials to access and submit his online claim form. The information on that form—his full name, address, and contact information—also matched those on his recent filings. As such, Mr. Pete had actual notice of the settlement, contrary to his claims now. These facts are nearly fatal to his claims under *Silber* for relief based on excusable neglect.

The first two factors from *Silber* deal with notice, asking courts to evaluate the (1) "[d]egree of compliance with best practicable notice procedures" and (2) "when notice was actually received and if not timely received, why not." *Silber*, 18 F.3d at 1455. Here, there is no dispute that the notice plan and execution comported with best practicable notice procedures. Moreover, the evidence noted above indicates that Mr. Pete received actual notice no later than October 2024, with at least a week before the deadline to opt out. Rather than doing so, he submitted a claim.

The next two *Silber* factors ask (3) "[w]hat caused the delay, and whose responsibility was

it," as well as (4) "how quickly the belated opt out request was made once notice was received." *Silber*, 18 F.3d at 1455. Here, Mr. Pete offers two justifications for the delay. The first is his refuted claim of lack of notice, which does not bear further discussion. The second—construing his filings liberally as a self-represented litigant—is that his delay was justified by the subsequent emergence of a dispute between him and the settlement administrator, Angeion. Mr. Pete's motion alluded to an unspecified ongoing dispute between him and Angeion, which he argued posed "a distinct conflict that imposes genuine financial, emotional, and physical harm." This presumably referred to a separate matter pending before the Ninth Circuit, on appeal from another case in this district.[1] Without deciding whether such a dispute could justify finding excusable neglect, the timeline of events warns against such an outcome here. Mr. Pete filed a complaint against Angeion in Texas in October 2025. *Pete v. Angeion Group*, 1:25-cv-00518 (E.D. Tex.). Even assuming he lacked notice of his dispute with Angeion until that time, he still waited nearly a year to file this motion for late exclusion based on that purported conflict. He provides no further explanation for the delay, nor does he provide any evidence that the dispute will actually affect his rights as a class member in this case.[2] As such, this purported conflict of interests does not provide sufficient grounds to justify the extreme delay in Mr. Pete's motion for exclusion.

Channeling the *Pioneer* factor evaluating prejudice to the opposing party, *Silber* next asks (5) "[h]ow many class members want to opt out" and (6) "whether allowing a belated opt out would affect either the settlement or finality of the judgment." *Silber*, 18 F.3d at 1455. While Mr.

---

[1] He was presumably referring to *Pete v. Angeion Group, LLC*, No. 3:26-cv-01211-VC. That case was dismissed for lack of subject matter jurisdiction, because the settlement agreement barred suits against the administrator regarding eligibility determinations. *Pete*, No. 3:26-cv-01211-VC, Dkt. 12. Moreover, Pete lacked a concrete injury to support standing because, although Pete claimed Angeion had refused to pay him, Angeion "presented evidence showing that his claim was, in fact, approved and paid out." *Id.* Mr. Pete appealed, and the case is pending before Ninth Circuit, with case number 26-3285.

[2] If Angeion refuses to pay out his claim in this case, Mr. Pete should seek timely relief based on those facts. However, there is no indication that Angeion has discretion to deny Mr. Pete's claim or refuse to pay him, nor that there is any significant risk it would do so. In fact, the evidence related to this motion suggests Angeion was preparing to pay him pursuant to the settlement.

Pete seeks exclusion only for himself, allowing an opt out in his case would set a perilous precedent that would undermine the finality of the settlement and judgment. It would render the idea of a deadline almost illusory if courts permitted class members—let alone those who had actual notice and submitted timely settlement claims—to opt out two years after the deadline to do so, and seven months after an appellate court affirmed the final approval of the settlement. This is especially true in the context of a settlement, where the parties have bargained for finality. Permitting this late opt-out would therefore prejudice the opposing party, Oracle.

Finally, courts may consider "[w]hether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-24. Mr. Pete may have submitted his motion based on a good faith lack of memory of the claim he submitted in October 2024, but even so, such good faith alone would not warrant the relief he seeks. *A.B. v. Regents of Univ. of Cal.*, No. 2:20-cv-09555-RGK, 2021 WL 5194639, at *3 (C.D. Cal. October 3, 2021) ("While each Movant may have acted in good faith, their good faith alone does not make their neglect excusable.").

In sum, all the *Silber* factors weigh against finding excusable neglect.

## III. CONCLUSION

For the foregoing reasons, Mr. Pete's motion for late exclusion from the class is denied.

**IT IS SO ORDERED**.

Dated: November 4, 2026

RICHARD SEEBORG
United States District Judge