United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL KATZ-LACABE, et al.,
Plaintiffs,
v.
ORACLE AMERICA, INC.,
Defendant.

Case No. 22-cv-04792-RS

**ORDER DENYING MOTION FOR RECONSIDERATION**

Absent class member David Pete sought late exclusion from this class action settlement on September 8, 2026. In that motion, he claimed that he had not received timely notice of the settlement and should therefore be granted late exclusion on grounds of excusable neglect. He claimed he "never received direct notice" and lacked even constructive notice of the settlement for more than two years. Both parties opposed this motion on September 22. Defendant Oracle submitted a declaration by the settlement administrator, Angeion, specifically refuting Pete's assertions. Contrary to his claims, Angeion explained that Pete received timely notice and used his personal, unique identifier information to submit a timely claim form in October 2024, just before the opt-out deadline. That claim form included his "full name, mailing address, and telephone number," matching the contact information he supplied with his recent motions. Dkt. 196-2 at 3.

Upon request from the court, Pete filed a reply brief on October 30. There, he did not answer the opposition briefs, but instead focused on a single, new argument. He explained that, on September 15, a "representative for the Katz-Lacabe class" had emailed him and "clarified

United States District Court
Northern District of California

[Pete's] programmatic exclusion options." He responded to that email the same day, saying "YES I WISH TO BE ECCLUDED FROM CLASS ACTION." In his telling, that was a "clear, unequivocal, and timely manifestation of intent to opt out," so he should no longer be bound by the settlement. Dkt. 203 at 2. He said he was submitting the reply brief "to ensure the record accurately reflects his non-participation in the class settlement." *Id.* Neither party withdrew their opposition to his motion, however, which remained pending before the court.

Pete's motion was denied on November 4, based on an analysis of the factors in *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994). That order explained that "all the *Silber* factors weigh against finding excusable neglect," noting also that it was "nearly fatal" to Pete's claims that he had personally submitted a claim form in 2024, refuting his central claim that he did not receive timely notice. Pete declined the opportunity to refute that claim in his reply brief. He also failed to explain his other basis for seeking late exclusion: his "direct conflict" with Angeion. Similarly, the reply brief did not explain why he waited a year or more from the start of his lawsuit against Angeion to submit his motion for late exclusion, nor did he articulate or provide evidence establishing how that dispute would affect his rights as a class member here.

Now, Pete moves for reconsideration of the November 4 order. Under the Northern District's Civil Local Rule 7-9, a party seeking reconsideration must show that (1) they learned of new facts or law only after filing their original motion, despite reasonable diligence at that time; (2) new, material facts or law emerged after the order; or (3) the court manifestly failed to consider "material facts or dispositive legal arguments." Pete's claims fall under the third category.

Pete presents three somewhat overlapping arguments. First, he claims the order omitted dispositive facts and "applied a generalized rule against late opt-outs without evaluating Movant's timely Reply Brief or distinguishing Movant's circumstances from those of class members who received timely notice in 2024 and simply neglected to act." Dkt. 206 at 4. Second, Pete reiterates his claim that he lacked notice until February 2026, based on which premise he says rejecting his late exclusion request violates constitutional due process. Third, Pete argues he "reasonably relied" on "official administrative correspondence confirming his opt-out status." *Id.* Even setting

United States District Court
Northern District of California

aside the fact that Pete's motion likely violates Civil Local Rule 7-1(c)'s prohibition against repeating arguments while seeking reconsideration, his contentions here are meritless and the motion must be denied.

Pete's first point—that the order failed to consider his reply brief or his individual circumstances—ignores the bulk of the November 4 order denying his request, which applied the *Silber v. Mabon* factors to the specific facts of his case. Pete makes much of the fact that the order did not mention his reply brief. However, that brief did not present any new material facts to consider. To start, Pete did not meaningfully respond to any argument raised in the oppositions to his motion, including the critical factual claim that he had personally submitted a claim form in October 2024, showing actual knowledge of the settlement. Even taking his reply on its own terms, it failed to present new grounds for a different outcome. Pete did not provide a copy of the correspondence from the "representative for the Katz-Lacabe class." Moreover, reading that correspondence—which he attached to this motion—only confirms that his reply brief was immaterial. An administrator sought to confirm that Pete still intended to opt out of the class, but never said he had the right to do so and never confirmed that his reply had, or even could have, that effect. Pete asserted in his reply brief that the email correspondence with the settlement administrator effectively mooted the motion before the court, claiming it constituted a timely opt out. However, a request for exclusion made after the deadline requires approval from the court or at least a stipulation by both parties; even if the administrator intended to grant Pete's late request—a hypothetical refuted by the parties' opposition briefs—it could not have done so alone. Pete's reply therefore established only that he still wanted to be excluded from the class, which was apparent from his initial motion and could not, in any case, affect the *Silber* analysis.

As to his second claim, Pete does not provide any new basis for finding that his constitutional due process rights were violated. Pete never disputed that notice here was constitutionally adequate, and he fails to refute Angeion's evidence that he had actual notice in 2024. Pete's renewed bare assertions that he did not know about the settlement until 2026 are not believable, nor can they serve as grounds for reconsideration. Pete's silence on this point is

critical. He does not provide any explanation—such as fraud or misuse of his email address by a third party—that could support a finding that his 2024 submission of a claim form did not happen or was invalid. Merely stating in his declaration that he did not submit that form, Dkt. 206 at 6, is insufficient, because Angeion states credibly that he did. Finally, even crediting Pete's claims would not support finding excusable neglect. Whether or not he had actual notice in 2024, the notice process was constitutionally adequate. Moreover, Pete now admits he knew of the settlement by February 2026 but offers no explanation for the further seven-month delay before filing his opt-out motion.

Likewise, Pete has no basis to rely, reasonably or otherwise, upon the September 15 email or his response to it for the purposes he asserts. Nowhere did the email say that Pete still had the right to opt out of the class settlement, nor that he could do so merely by confirming that was his desire. There is likewise no basis for his claim that the "official administrative correspondence confirm[ed] his opt-out status." Dkt. 206 at 5. Pete does not indicate that anyone ever replied to his email to suggest his request had been approved. On the contrary, both parties opposed his opt-out motion just a week later. More fundamentally, Pete does not explain in any way how he *relied* upon this correspondence in a legal sense, such as by undertaking expenses to hire counsel for an individual lawsuit against Oracle. Such reliance would not likely be reasonable, but here, Pete does not establish any reliance at all.

For the foregoing reasons, Pete's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: November 20, 2026

RICHARD SEEBORG
United States District Judge